**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DRESSER-RAND COMPANY,

      *Plaintiff,*

      v.

PETRÓLEOS DE VENEZUELA, S.A. *et al,*

      *Defendants.*

No. 19-cv-02689-LLS

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
<u>DEFENDANTS' MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)</u>**

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*
*Dresser-Rand Company*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ..................................................................................................3

ARGUMENT .......................................................................................................................4

I.      LEGAL STANDARD.................................................................................................4

II.     PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AND
        DEFENDANTS HAVE FAILED TO RAISE A GENUINE ISSUE OF
        MATERIAL FACT...........................................................................................7

III.    DEFENDANTS FAIL TO MAKE A SUFFICIENT SHOWING TO JUSTIFY
        RELIEF UNDER FED. R. CIV. P. 56(d) .........................................................8

        A.      Defendants' Request for Relief is an Improper Fishing Expedition to
                Delay Judgment and Defendants' Hypothetical and Speculative
                Statements that Discovery May Reveal Potential Defenses are Insufficient
                Under Rule 56(d) ...........................................................................8

        B.      Defendants Cannot Avoid Judgment by Selectively Choosing Which
                Debts Warrant Attention While Ignoring Plaintiff's Claim to Recover
                Under the Note Agreement .........................................................15

        C.      The Court Should Grant Plaintiff Summary Judgment Because the
                Guarantor Unconditionally and Absolutely Waived all Defenses
                Rendering a Stay or Deferred Judgment Unnecessary .........................18

IV.     A STAY IS UNNECESSARY BECAUSE THE COURT CAN ISSUE A
        JUDGMENT ..................................................................................................20

CONCLUSION..................................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AIP Asset Mgmt. Inc. v. Ascension Tech. Grp. Ltd.*,
  No. 16-cv-9181(LLS), 2018 WL 4360771 (S.D.N.Y. Aug. 31, 2018) (Stanton,
  J.)..........................................................................................................................................18, 20

*All Am. Tel. Co., Inc. v. AT & T Corp.*,
  328 F. Supp. 3d 342 (S.D.N.Y. 2018).............................................................................6

*Allen v. Coughlin*,
  64 F.3d 77 (2d Cir. 1995) .................................................................................................5

*American Home Assurance Co. v. Zim Jamaica*,
  418 F. Supp. 2d 537 (S.D.N.Y. 2006)........................................................................13, 14

*In re Ampal-Am. Israel Corp.*,
  No. 12-13689 (SMB), 2015 WL 5176395 (Bankr. S.D.N.Y. Sept. 2, 2015),
  *aff'd sub nom. In re Ampal-Am. Israel Corp.*, 677 F. App'x 5 (2d Cir. 2017) .........................9

*Backman v. Hibernia Holdings, Inc.*,
  No. 96-cv-9590(LAP), 1998 WL 427675 (S.D.N.Y. July 28, 1998)....................................14

*Banco Cafetero (Panama) S.A. v. Republic of Peru*,
  No. 94-cv-3569(JSM), 1995 WL 494573 (S.D.N.Y. Aug. 18, 1995)................................6, 14

*Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*,
  No. 16-cv-5176(JPO), 2017 WL 913791 (S.D.N.Y. Mar. 7, 2017) .....................................4

*Bennell Hanover Assocs. v. Neilson*,
  215 A.D.2d 710, 627 N.Y.S.2d 439 (2d Dep't 1995)............................................................15

*Burlington Coat Factory Warehouse Corp v. Esprit de Corp.*,
  769 F.2d 919 (2d Cir. 1985)................................................................................................11

*Camofi Master LDC v. Coll. P'ship, Inc.*,
  452 F. Supp. 2d 462 (S.D.N.Y. 2006)..................................................................................7

*Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*,
  117 F. Supp. 2d 394 (S.D.N.Y. 2000)..................................................................................11

*Citibank, N.A. v. Plapinger*,
  66 N.Y.2d 90, 485 N.E.2d 974 (1985)..................................................................................20

*Citicorp Leasing, Inc. v. United Am. Funding, Inc.*,
  No. 03-cv-1586(WHP), 2005 WL 1847300 (S.D.N.Y. Aug. 5, 2005)..............................18, 19

*Comparelli v. Republica Bolivariana de Venezuela,*
No. 14-cv-24414, ECF No. 168 (S.D. Fla. May 9, 2019)......................................................22

*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro,*
36 N.E.3d 80 (2015)..................................................................................................18, 19

*Delphi-Delco Elec. Sys. V. M/V Nedlloyd Europa,*
324 F. Supp. 2d 403 (S.D.N.Y. 2004)...................................................................................11

*Emigra Group, LLC v. Fragoment, Del Ret, Bernsen & Loewy, LLP,*
612 F. Supp. 2d 330 (S.D.N.Y. 2009)....................................................................................5

*Gen. Ins. Co. of Am. v. K. Capolino Const. Corp.,*
903 F. Supp. 623 (S.D.N.Y. 1995).......................................................................................11

*Gindi v. Silvershein,*
No. 93-cv-8679 (LLS), 1996 WL 194304 (S.D.N.Y. Apr. 23, 1996) (Stanton,
J.)....................................................................................................................................6

*Gurary v. Winehouse,*
270 F. Supp. 2d 425 (S.D.N.Y. 2003) (Stanton, J.) ...............................................................12

*Halebian v. Berv,*
869 F. Supp. 2d 420 (S.D.N.Y. 2012)...................................................................................13

*Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, S.A.,*
No. 11-cv-01735 (D.D.C. Feb. 15, 2019) .............................................................................22

*Howard v. Gleason Corp.,*
901 F.2d 1154 (2d Cir. 1990)...............................................................................................5

*Inter-Am. Dev. Bank v. IIG Trade Opportunities Fund N.V.,*
No. 16-cv-9782(PAE), 2017 WL 6025350 (S.D.N.Y. Dec. 4, 2017)......................................19

*Israel Discount Bank of N.Y. v. 500 Fifth Ave. Assocs.,*
167 A.D.2d 203, 561 N.Y.S.2d 584 (1st Dep't 1990) ............................................................8

*Isreal v. Chabra,*
537 F.3d 86 (2d Cir. 2008)..................................................................................................11

*JP Morgan Chase Bank, N.A. v. Reifler,*
No. 11-cv-4016(DAB), 2012 WL 12925172 (S.D.N.Y. Sept. 5, 2012) ...................................19

*Lunts v. Rochester City Sch. Dist.,*
515 Fed. App'x 11 (2d Cir. 2013)....................................................................................9, 13

*MLP U.S.A., Inc. v. Motheral*,
  No. 05-cv-10796 (LLS), 2006 WL 2389348 (S.D.N.Y. Aug. 17, 2006)
  (Stanton, J.) ................................................................................................................11

*MM Arizona Holdings LLC v. Bonanno*,
  658 F. Supp. 2d 589 (S.D.N.Y. 2009) ......................................................................12

*Money Store of New York, Inc. v. Kuprianchik*,
  240 A.D.2d 398, 658 N.Y.S.2d 1019 (2d Dep't 1997) .............................................14

*Nat'l Westminster Bank USA v. Advanced Interactive Video, Inc.*,
  No. 92-cv-9281(KMW), 1994 WL 681746 (S.D.N.Y. Dec. 5, 1994) .......................20

*Naugatuck Sav. Bank v. Gross*,
  214 A.D.2d 549, 625 N.Y.S.2d 572 (2d Dep't 1995) ...............................................15

*OI European Group B.V. v. Bolivarian Republic of Venezuela*,
  No. 16-cv-1533, Doc. No. 84 (D.D.C. May 21, 2019) .............................................22

*Overseas Private Inv. Corp. v. Furman*,
  No. 10-cv-7096(RJS), 2012 WL 967458 (S.D.N.Y. Mar. 14, 2012) ........................19

*Paddington Partners v. Bouchard*,
  34 F.3d 1132 (2d Cir. 1994) ...................................................................................5, 6

*Ramanathan v. Chem. Bank*,
  No. 88-cv-8637(LLS), 1990 WL 144809 (S.D.N.Y. Sept. 24, 1990) (Stanton,
  J.) ................................................................................................................................5

*Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al*,
  No. 19-cv-2519 (S.D.N.Y. May 6, 2019) (Nathan, J.) ..............................................22

*Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*,
  No. 18-7044 (D.C. Cir. Feb. 14, 2019) ...............................................................17, 22

*SCP (Bermuda) Inc. v. Bermudatel Ltd.*,
  224 A.D.2d 214, 638 N.Y.S.2d 2 (1st Dep't 1996) ...............................................4, 19

*Shield v. Stevens*,
  55 A.D.2d 1017, 391 N.Y.S.2d 766 (4th Dep't 1977) ..............................................15

*Tabatznik v. Turner*,
  No. 14-cv-8135(JFK), 2016 WL 1267792 (S.D.N.Y. Mar. 30, 2016) ...................4, 7

*United Bank of Africa, P.L.C. N.Y. Branch v. Odimayo*,
  No. 93-cv-3998(WK), 1994 WL 185826 (S.D.N.Y. May 10, 1994) .........................19

*Valley Nat'l Bank v. Oxygen Unlimited, LLC,*
    No. 10-CV-5815 (GBD), 2010 WL 5422508 (S.D.N.Y. Dec. 23, 2010) .................................5

*Vasta v. Super Stop & Shop #0509,*
    No. 14-cv-3287(ER), 2016 WL 5720772 (S.D.N.Y. Sept. 29, 2016).....................................11

*Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.,*
    No. 16-cv-470(ADS)(AYS), 2016 WL 6238528 (E.D.N.Y. Oct. 24, 2016) ...........................8

*White Beech SNC, LLC v. Petróleos de Venezuela, S.A., et al.,*
    No. 18-cv-4148 (S.D.N.Y. 2018) (Gardephe, J.)....................................................................22

**Rules**

Fed. R. Civ. P. 56(a) ......................................................................................................................5

Fed. R. Civ. P. 56(d) ......................................................................................................................5

N.Y. C.P.L.R. § 3213 ...........................................................................................................4, 8, 19

**Other Authorities**

Alex Vasquez & Ben Bartenstein, *Venezuela Opposition Congress Approves
    PDVSA 2020 Bond Payment*, Bloomberg (May 7, 2019, 1:32 PM),
    https://www.bloomberg.com/news/articles/2019-05-07/venezuela-opposition-
    congress-approves-pdvsa-2020-bond-payment-jve2ncva (last accessed June
    18, 2019) ...........................................................................................................................16

Shayna Posses, *Venezuela Asks DC Circ. To Pause $1.2B Mining Award Appeal*,
    Law360 (May 31, 2019, 7:40 PM),
    https://www.law360.com/articles/1164606/venezuela-asks-dc-circ-to-pause-1-
    2b-mining-award-appeal (last visited June 18, 2019)................................................17

Siegel, Practice Commentaries § 3213:1 (McKinney's 1992) ...................................................8

Plaintiff respectfully submits this Memorandum of Law in further support of its Motion, pursuant to Fed. R. Civ. P. 56, for Summary Judgment against defendants PDVSA, as Issuer of the underlying Note, and Petróleo, as Guarantor of the underlying Note, and in opposition to Defendants' Motion for Relief pursuant to Fed. R. Civ. P. 56(d) and for a Stay ("Stay Motion").[1]

## PRELIMINARY STATEMENT

This case was tailor-made for resolution on summary judgment. Indeed, it originally was filed under the New York CPLR provision providing for summary judgment in lieu of complaint as the Note Agreement and Note are valid and enforceable instruments for the payment of money only. Upon removal to this Court, Fed. R. Civ. P. 56 provides the operative framework for resolution of this matter, and Defendants have failed to put forward any evidence to raise a genuine issue of material fact. As such, Plaintiff is entitled to summary judgment against Defendants.

Instead of opposing Plaintiff's Motion with facts to attempt to justify their nonpayment of the Note, Defendants have asserted speculative theories as to why they did not pay, and requested more time (over and above the nearly 2 years since they made their last payment on the Note and the 4 months since this action was filed) to ferret out whether there is any merit to their hypothetical theories. Indeed, Defendants' affiant José Ignacio Hernández González concedes – as he must – that he has "no ability to evaluate" whether Defendants have a defense in this matter. *See* ECF No. 19 (Hernández Decl.) ¶ 13. This is not due to Plaintiff's failure to provide or conduct discovery, nor due to the unavailability of a third-party witness, but rather is the result of his *own client* allegedly blocking Defendants access to Defendants' own documents to begin to identify *if* there are grounds to oppose Plaintiff's Motion. Defendants are thus

---

[1]   Capitalized terms not defined herein shall have the meaning ascribed to them in Plaintiff's Memorandum of Law in Support of their Motion for Summary Judgment in Lieu of Complaint, filed at ECF No. 1-1, starting at ECF page 98 ("Moving Brief").

improperly attempting to utilize their own purported internal discord as a means to continue to stall Plaintiff's entitlement to judgment on a Note.

Contrary to their representations, Defendants' actions – based upon their own statements and public news accounts – evince that the Guaidó regime has more than sufficient control over Defendants and access to information about Defendants' debt obligations to properly respond to Plaintiff's Motion.

For example, after Defendants were confronted at the May 3, 2019 pre-motion conference before this Court with public news accounts of various actions actively being taken by the Guaidó regime, such as making payments on other outstanding PDVSA notes, Defendants have now been forced to concede that their "ad hoc" board had "authorized the payment of interest on PDVSA bonds secured by the shares of Citgo in order to preserve PDVSA assets for the Venezuelan people."  *See* ECF No. 24 (May 3, 2019 Pre-Motion Conference Transcript), 11:14-14:9; ECF No. 18 (Defendants' Stay Motion Brief), p. 10; ECF No. 19 (Hernández Decl.) ¶¶ 10, 17.  Certainly, Defendants had access to the necessary documents and personnel to make that payment when it suited them.

Further, Defendants – through President Guaidó – have also retained a "veteran debt restructuring lawyer" to help restructure all debt dating from the Chavez/Maduro period, including the very debt of Defendants herein to Plaintiff.  ECF No. 18 (Defendants' Stay Motion Brief), p. 15; ECF No. 19 (Hernández Decl.), ¶ 15.  It is thus apparent that Defendants have access to information concerning the debt at issue here in order to include that debt in the restructuring plan.  Indeed, for Defendants to formulate a restructuring plan, they have access to much more information, including with regard to all of their outstanding debt, amounts paid, and amounts owed.  Without that information, there could be no restructuring plan.  Simply put,

Defendants cannot have their cake and eat it, too – making payments and deals only when it suits them, and hiding behind an alleged lack of information when it does not.

Representations made in Defendants' Stay Motion reveal Defendants' request for more time is nothing more than a strategic ploy to stall an eventual judgment – a judgment that this Court is empowered to issue in due course.  *See* ECF No. 18 (Defendants' Stay Motion Brief), p. 18 ("Dresser-Rand and Defendants are not prohibited from pursuing the above-captioned action before this Court and *obtaining* a judgment against PDVSA and Petróleo.") (emphasis in original); ECF No. 20 (Declaration of Aleksandar Dukic, dated June 3, 2019 ("Dukic Decl.")),[2] ¶ 13 (Hogan Lovells (Defendants' counsel) attorney agreeing that OFAC's regulations and applicable executive orders do not prevent this Court from issuing a judgment against Defendants).  Plaintiff's right to a prompt judgment should not be prejudiced due to circumstances not of Plaintiff's making, as Defendants' own purported internal difficulties change nothing about Plaintiff's claim and the plain circumstances of default.  Defendants' suggestion that subsequent *enforcement* of any judgment *may* be currently prohibited – even if true – is wholly irrelevant to whether, as an initial step, judgment can be entered.  Which Plaintiff submits that it should.

Accordingly, Defendants' Stay Motion should be denied and, due to Defendants' failure to establish any triable issue of material fact in opposition to Plaintiff's Motion, summary judgment is appropriate, and Plaintiff's Motion should be granted.

### STATEMENT OF FACTS

Plaintiff respectfully incorporates the facts as detailed in its Moving Brief and supporting affidavits and exhibits.  *See* ECF No. 1-1 (Plaintiff's Moving Papers (starting at ECF page 98)).

---

[2]  While the parties agree that this action can proceed to judgment, Plaintiff reserves its objection to the extent the declaration submitted by Alexksandar Dukic, a Hogan Lovells attorney, provides legal opinions under the guise of expert guidance.

On February 26, 2019, Plaintiff initiated this action against Defendants in New York state court by filing a motion for summary judgment in lieu of complaint pursuant to CPLR § 3213. *See* ECF Nos. 1-1 & 1-2.  On March 26, 2019, Defendants removed this action to this Court (ECF No. 1) and, on March 29, 2019, Defendants asked this Court for permission to file a motion requesting a stay (ECF No. 5).  The Court held a pre-motion conference on May 3, 2019 and granted Defendants leave to make their motion.  *See* May 3, 2019 Minute Entry.

As detailed in Plaintiff's Moving Brief, Plaintiff established *prima facie* entitlement to summary judgment.  *See* ECF Nos. 1-1 (Plaintiff's Moving Brief) (ECF page 98) & 1-2 (ECF page 98).  In opposition, Defendants raise no genuine issue of material fact, and instead seek relief pursuant to Fed. R. Civ. P. 56(d).  *See* ECF Nos. 17-19 (Defendants' Stay Motion). Nothing raised in Defendants' opposition or Stay Motion warrants relief under Rule 56(d). Therefore, the Court should grant Plaintiff's Motion for Summary Judgment.

## ARGUMENT

### I.   LEGAL STANDARD

New York's CPLR § 3213 authorizes the commencement of an action "based upon a judgment or instrument for the payment of money only."   CPLR § 3213; *see also SCP (Bermuda) Inc. v. Bermudatel Ltd.*, 224 A.D.2d 214, 216, 638 N.Y.S.2d 2, 3 (1st Dep't 1996) ("In order to qualify for CPLR 3213 treatment, plaintiff must be able to establish a prima facie case by proof of the agreement and a failure to make the payments called for thereunder."). Upon removal to federal court, a CPLR § 3213 motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *See Tabatznik v. Turner*, No. 14-cv-8135(JFK), 2016 WL 1267792, at *4 n.2 (S.D.N.Y. Mar. 30, 2016); *Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*, No. 16-cv-

5176(JPO), 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017); *Valley Nat'l Bank v. Oxygen Unlimited, LLC*, No. 10-CV-5815 (GBD), 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010).

Summary judgment is appropriate where, as here, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, a court must view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).   However, mere speculation and conjecture are insufficient to defeat motion for summary judgment. *Howard v. Gleason Corp.*, 901 F.2d 1154, 1159 (2d Cir. 1990); *accord Ramanathan v. Chem. Bank*, No. 88-cv-8637(LLS), 1990 WL 144809, at *2 (S.D.N.Y. Sept. 24, 1990) (Stanton, J.).

Pursuant to Fed. R. Civ. P. 56(d), where a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to summary judgment, a court may defer considering a summary judgment motion, deny the motion, allow the non-movant more time to obtain affidavits or take discovery, or issue any other appropriate order.  Fed. R. Civ. P. 56(d).  The Second Circuit applies a four-part test for the sufficiency of an affidavit submitted pursuant to Rule 56(d), which must include:   (1) the nature of the uncompleted discovery; (2) how the facts sought are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; (4) and why those efforts were unsuccessful.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (affirming district court's denial of request for discovery in response to summary judgment motion under predecessor to Rule 56(d)).

Importantly, Fed. R. Civ. P. 56(d) requires far more than the non-movant simply claiming that it has not had discovery or that it wants more discovery. *Emigra Group, LLC v. Fragoment,*

*Del Ret, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 363 (S.D.N.Y. 2009) (denying request for relief under predecessor to Rule 56(d); noting that where a non-moving party "elects" to withhold evidence in its possession, the Rule "does not countenance such gamesmanship"). Indeed, even where a non-movant submits an affidavit with the information required under *Paddington*, it is within the district court's discretion to reject a request for discovery if the evidence sought by the non-moving party is based only on "speculation as to what potentially could be discovered." *Paddington*, 34 F.3d at 1138 (noting that a party's attempt to use the predecessor to Rule 56(d) "to find out if it has a claim, rather than that it has a claim for which it needs additional discovery" is a "divagation [that] is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure"); *Gindi v. Silvershein*, No. 93-cv-8679 (LLS), 1996 WL 194304, at *7 (S.D.N.Y. Apr. 23, 1996) (Stanton, J.) (denying request for additional discovery to oppose summary judgment where the information sought is unspecified and the result of the proposed discovery is "wholly speculative").

Further, "a party cannot weaponize Rule 56(d) to fish for evidence in hopes of finding out whether it has a claim." *All Am. Tel. Co., Inc. v. AT & T Corp.*, 328 F. Supp. 3d 342, 358 (S.D.N.Y. 2018) (denying Plaintiffs' "attempt to delay the resolution of [the moving party's] summary judgment motions on the basis of inadequate discovery" under Rule 56(d)). As discussed below, courts generally do not grant relief pursuant to Rule 56(d) where the discovery sought is within the non-moving party's possession. *See Banco Cafetero (Panama) S.A. v. Republic of Peru*, No. 94-cv-3569(JSM), 1995 WL 494573, at *6 (S.D.N.Y. Aug. 18, 1995) (denying request to conduct discovery under the predecessor to Rule 56(d) where nonmoving party sought to "locate, identify, and depose their own former employees" because the

nonmoving party failed to identify "particular witnesses or anticipated factual findings" and the information sought would not defeat summary judgment).

Here, Plaintiff is entitled to summary judgment because, among other reasons, there is no question that the Note Agreement and Note are instruments for the payment of money only, and Defendants have not made the required payments.  These facts are uncontested.  Defendants have likewise failed to demonstrate that they are entitled to relief under Rule 56(d) and fail to meet the Second Circuit's four-part test for sufficiency of an affidavit.  Accordingly, Plaintiff's Motion should be granted and Defendants' Stay Motion should be denied.

## II.      PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AND DEFENDANTS HAVE FAILED TO RAISE A GENUINE ISSUE OF MATERIAL FACT

"Under New York law, to make out a *prima facie* case for recovery on a promissory note 'a plaintiff must simply show proof of a note and failure to make payment.'"  *Tabatznik*, 2016 WL 1267792, at *5 (quoting *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006)).  Where a noteholder has made out a *prima facie* case, the burden shifts to the debtor to prove the existence of defense against the note creating a triable issue of fact.  *See id.*

Plaintiff has established a *prima facie* case for recovery on summary judgment and Defendants have not argued or otherwise presented evidence to the contrary.  Indeed, Plaintiff has established the following:

- the existence of an instrument for the payment of money, *i.e.*, Petróleo's Guarantee as well as the Note, which is signed by PDVSA's authorized signatory, and provides the amount of principal issued under the Note, and includes PDVSA's "promise" to pay Plaintiff the "principal sum . . . with interest" on specific Repayment Dates in amounts established in Exhibit A to the Note.  ECF No. 1-1, Ex. A (Note Agreement, starting at ECF page 12); *id.* Ex. B (Note, starting at ECF page 89).

- Petróleo "absolutely, irrevocably and unconditionally" guaranteed PDVSA's payment obligations under the Note to Plaintiff.  ECF No. 1-1, Ex. B (Note Agreement, Guarantee, starting at ECF page 44).

- Defendants' failure to make payments to Plaintiff to satisfy the outstanding amounts under the Note, as required as both Issuer and Guarantor.  *See* ECF No. 1-1 (Scherzer Aff., starting at ECF page 6, ¶ 15).

Thus, the evidence is overwhelming – as demonstrated by the Scherzer Aff. (ECF No. 1-1, at ECF page 6), the Note (*id.* at page 89), Note Agreement (*id.* starting at page 12), the Notice of Default (*id.* at page 94), and the Notice of Acceleration (*id.* at page 96) – that an underlying debt has not been paid without legal justification.  Such evidence satisfies Plaintiff's burden of demonstrating nonpayment.  *See Israel Discount Bank of N.Y. v. 500 Fifth Ave. Assocs.*, 167 A.D.2d 203, 203, 561 N.Y.S.2d 584, 584 (1st Dep't 1990).  In opposition, Defendants have wholly failed to come forth with *any* evidence to the contrary.  Accordingly, Plaintiff is entitled to summary judgment against Defendants in the full amount due under the Note and Note Agreement.

### III.  DEFENDANTS FAIL TO MAKE A SUFFICIENT SHOWING TO JUSTIFY RELIEF UNDER FED. R. CIV. P. 56(D)

#### A.  Defendants' Request for Relief is an Improper Fishing Expedition to Delay Judgment and Defendants' Hypothetical and Speculative Statements that Discovery May Reveal Potential Defenses are Insufficient Under Rule 56(d)

As a threshold matter, New York's CPLR § 3213 permits a party to proceed by way of a "motion for summary judgment in lieu of complaint," which, by definition, requires no discovery to establish Defendants' liability.  *See Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, No. 16-cv-470(ADS)(AYS), 2016 WL 6238528, at *7 (E.D.N.Y. Oct. 24, 2016) (noting that CPLR § 3213 "is premised on the view that genuine issues of fact for trial will generally be less likely to exist – and therefore, traditional litigation will be obviated – where the entire action is based on an instrument promising to pay a sum of money."); Siegel, PRACTICE COMMENTARIES § 3213:1, p. 497 (McKinney's 1992) ("[C]ertain categories of action carry such strong presumptive merit

that it would not be fair to subject them to the same and often cumbersome procedures that govern the conventional action.").  Thus, there is no discovery that Defendants could offer to rebut Plaintiff's entitlement to summary judgment here.

The Court should deny Defendants' Stay Motion because it seeks nothing more than a speculative search for evidence – already in Defendants' own possession – to support entirely hypothetical defenses and delay adjudication of Plaintiff's Motion.   Defendants essentially concede that they want to undertake an abstract internal fishing expedition, because they identify no factual dispute and instead posit a lack of "ability to evaluate whether such a defense may be available to Defendants in this matter."  ECF No. 19 (Hernández Decl.), ¶ 13.  Defendants also fail to adequately explain how any of the experimental discovery that they aspire to undertake would demonstrate a genuine issue of material fact, which is an essential element to relief pursuant to Rule 56(d).  *See Lunts v. Rochester City Sch. Dist.*, 515 Fed. App'x 11 (2d Cir. 2013).

The case of *In re Ampal-Am. Israel Corp.*, No. 12-13689 (SMB), 2015 WL 5176395, at *14 (Bankr. S.D.N.Y. Sept. 2, 2015), *aff'd sub nom. In re Ampal-Am. Israel Corp.*, 677 F. App'x 5 (2d Cir. 2017) is particularly instructive here.  In that case, the court granted the plaintiff's motion for summary judgment to recover under a note and guarantee and denied the defendants' competing motion under Rule 56(d), where defendants sought to take depositions and discovery related to the execution of the note and guaranty.  *Id.*  The court noted that the defendants' proposed discovery "would not elicit any evidence material to the dispute and would serve no purpose other than to delay resolution" because the proposed discovery did not "excuse" performance under the note and guaranty and "extrinsic evidence relating to the" note and guaranty were inadmissible because the documents were "unambiguous."  *Id.*  As Defendants'

Stay Motion suffers from all the same flaws, this Court should similarly reject the requested stay and grant summary judgment to Plaintiff.

Significantly, Defendants' actions to date confirm that there are no possible defenses or excuses for their default. After Defendants made the first two payments under the Note's payment schedule, on October 20, 2017, Defendants abruptly stopped making any further payments without explanation. In fact, for nearly 2 years thereafter, Defendants articulated no justification whatsoever for their failure to pay the amounts owed.

From October 2017 to January 2019 – when the Guaidó regime came into power – Defendants missed five required quarterly payments while remaining silent about their ongoing default. Defendants lack of payment has extended to both governmental regimes, with the Guaidó administration itself missing the quarterly payment due April 20, 2019. *See* ECF No. 1-1 (Scherzer Aff., ECF pages 7-10 and Note Payment Schedule, ECF page 92). At no point between October 2017 and Plaintiff's Motion for Summary Judgment did Defendants – through the Maduro or Guaidó regimes or otherwise – raise any concern or defense that the Note is unenforceable or that nonpayment is justified.

Notwithstanding Defendants' deafening silence for nearly 2 years, they now respond to Plaintiff's Motion with conclusory and speculative theories to the effect that if they could access their own documents and personnel, they *might* come up with reasons why they have no obligation to pay. These newfound theories fail for two notable reasons.

First, while courts may be inclined to grant relief under Rule 56(d) in instances where facts essential to oppose summary judgment are in the moving (or a third) party's possession, here, by contrast, Defendants seek relief under Rule 56(d) to allegedly conduct discovery into their *own* documents, records, and personnel. *See* ECF No. 18 (Defendants' Stay Motion Brief),

p. 12; *cf. Delphi-Delco Elec. Sys. V. M/V Nedlloyd Europa*, 324 F. Supp. 2d 403 417-18 (S.D.N.Y. 2004) (cited by Defendants) (granting relief under Rule 56(d) where the non-movant sought to depose individuals acting as agents for the moving party); *Vasta v. Super Stop & Shop #0509*, No. 14-cv-3287(ER), 2016 WL 5720772, at *3 (S.D.N.Y. Sept. 29, 2016) (cited by Defendants) (granting Rule 56(d) motion where non-moving sought discovery from the moving party's files that should have been produced in discovery); *Burlington Coat Factory Warehouse Corp v. Esprit de Corp.*, 769 F.2d 919, 925 (2d Cir. 1985) (cited by Defendants) (denying motion under predecessor to Rule 56(d) where the non-moving party failed to timely serve discovery upon its adversaries and waited until after the filing of summary judgment motion to seek additional discovery).  Thus, the allegedly unavailable information sought by Defendants could not be obtained via traditional discovery devices issued to Plaintiff or other third-parties, and it is questionable whether any of the speculative discovery that Defendants seek – from themselves – could be obtained through this action.

Second, Defendants' speculative theories on what potential defenses may be available are insufficient to warrant relief under Rule 56(d).  ECF No. 18 (Defendants' Stay Motion Brief), pp. 7-9.[3]  As noted above, for the past 2 years, Defendants have never raised any issue or asserted any theory that they made all of the required payments or they were somehow excused from

---

[3]  None of the cases cited by Defendants were decided in the context of Rule 56(d) and address scenarios not relevant to this analysis or discuss actual facts, as opposed to speculative hypotheticals, put forth by the parties.  *See* Defs.' Mem. p. 8-9; *MLP U.S.A., Inc. v. Motheral*, No. 05-cv-10796 (LLS), 2006 WL 2389348, at *1 (S.D.N.Y. Aug. 17, 2006) (Stanton, J.) (analyzing Rule 56(c) and an analysis of evidence submitted in support); *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 402 (S.D.N.Y. 2000) (denying summary judgment against guarantor where guarantor presented evidence that raised a triable issue of fact; otherwise granting summary judgment in favor of plaintiff against remaining guarantors where "no defenses to enforcement of the notes or the guaranties have been established"); *Gen. Ins. Co. of Am. v. K. Capolino Const. Corp.*, 903 F. Supp. 623, 627 (S.D.N.Y. 1995) (denying summary judgment cross-motions where the court analyzed language of performance bonds in action seeking indemnification of construction contracts for which plaintiffs issued performance bonds on defendant's behalf); *Isreal v. Chabra*, 537 F.3d 86 (2d Cir. 2008) (analyzing whether notice was a condition precedent to guaranty obligations where a guaranty agreement explicitly provided a notice requirement based on evidence presented).

making payments owed.  Only now, after Plaintiff was forced to commence this action and seek summary judgment, have Defendants asserted speculative – and unfounded – defenses to their default under the Note, conjuring up the possibility that perhaps Defendants non-payment was excused based on a subsequent agreement, lack of authority to enter into the Note, fraud in the inducement or otherwise.  Such speculation, especially after nearly 2 years of silence, should be seen for exactly what it is: wishful thinking.

Similarly, Defendants now suggest that they *might* have a fraudulent inducement defense. *See* ECF No. 18 (Defendants' Stay Motion Brief), p. 8; ECF No. 19 (Hernández Decl.), ¶ 13.  It is untenable to think that Defendants – huge, sophisticated, government-owned commercial parties who negotiated and entered into a 40+ page Note Agreement – were somehow duped into accepting $120 million from Plaintiff, on an unsecured basis (and thus on terms substantially more favorable than the secured note which Defendants recently paid interest upon to save their Citgo assets), and into making two interest payments on the Note.  To now argue, after nearly 2 years of default, that they might have been fraudulently induced into the transaction is exactly the kind of speculative theory "disfavored by the courts" in the context of Rule 56(d).  *MM Arizona Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 596–97 (S.D.N.Y. 2009).  Further, as discussed below, fraud in the inducement is not a defense to a Guarantor that unconditionally, irrevocably, and absolutely waived all defenses – as is the case here.  *See* Section III.C *infra*.

Defendants "cannot simply reassert [potential] defenses generally in an affidavit and claim that if established through further discovery, the defenses will create a genuine issue of material fact."  *MM Arizona Holdings LLC*, 658 F. Supp. 2d at 596–97.  Rather, Defendants "must provide some sort of indication of the facts they are seeking and how their proposed discovery will support those facts."  *Id.*; *see also Gurary v. Winehouse*, 270 F. Supp. 2d 425, 430

(S.D.N.Y. 2003) (Stanton, J.) (denying request for relief under predecessor to Rule 56(d) because "[a] mere desire to investigate, or to conduct an audit, is not enough."); *Lunts*, 515 Fed. App'x 11 (affirming denial of Rule 56(d) motion where non-moving party did not identify "any potentially discoverable evidence that would have raised a genuine issue of material fact as to any of their claims."); *Halebian v. Berv*, 869 F. Supp. 2d 420, 440 (S.D.N.Y. 2012) ("Plaintiff's apparent inability to identify the facts that he seeks with any particularity reveals that his motion for discovery [under Rule 56(d)] is a *de facto* application for a fishing expedition.").

None of Defendants' remaining case cites are persuasive.  Defendants cite *American Home Assurance Co. v. Zim Jamaica*, 418 F. Supp. 2d 537 (S.D.N.Y. 2006) for the proposition that the Court should deny, defer, or stay the proceedings where the parties "could [not] locate and depose a material witness."  ECF No. 18 (Defendants' Stay Motion Brief), pp. 11-12.  In *American Home*, however, the defendants sought additional time to depose *a specific witness*: plaintiff's former employee who could not be located in a foreign country.  418 F. Supp. at 546-50.  The court granted defendants' request for relief under Rule 56(d) noting that the witness, who submitted an affidavit in support of plaintiff's summary judgment motion, was "the only person" with knowledge of key facts during the relevant time period.  *Id.* at 550.  The defendants in *American Home* argued that this deposition was necessary to attack the witness's credibility concerning assertions contained in the supporting affidavit.  *Id.* at 549-50.  Notably, the court noted that this was "not an instance where a litigant is seeking to engage in a 'fishing expedition' in the hope that he could come up with some tenable cause of action."  *Id.* at 550.  Rather, "the cause of action ha[d] been established, and details [from the witness were] needed to assess his credibility and, by extension, the merits of plaintiff's claim."  *Id.* (citations omitted).

Unlike *American Home*, where a "cause of action has already been established," and the witness's untested affidavit was already at issue, Defendants argue they are entitled to relief under Rule 56(d) because discovery *may* reveal *potential* defenses.  *Id*.  Strikingly, here, Defendants do not even state what factual findings they anticipate they will uncover through additional discovery and merely assert that they "cannot interview relevant personnel" and cannot "determine the identity of the government officials and personnel" who may have information regarding the Note.  ECF No. 19 (Hernández Decl.), ¶ 7; *cf. American Home*, 418 F. Supp. 2d at 549-50 (granting relief under then Rule 56(f) where defendants specifically named a witness they sought to depose and explained why his testimony was necessary to the action). Defendants' failure to specify any facts whatsoever beyond speculation is fatal to Defendants' request for relief under Rule 56(d) because it "does not create an issue of material fact."  *Banco Cafetero (Panama) S.A.*, 1995 WL 494573, at *6.

Defendants' purported inability to obtain documents and information necessary to oppose summary judgment – even if taken at face value for the sake of argument – stems from Defendants' own alleged internal discord and not from any actions by Plaintiff or third parties. Plaintiff indisputably has established a *prima facie* case for summary judgment by demonstrating that Defendants have defaulted on their payment obligations under the Note.  Defendants do not meet their burden by merely positing that speculative facts that could potentially raise a triable issue of fact.  Therefore, Plaintiff's Motion should be granted.  *See Backman v. Hibernia Holdings, Inc.*, No. 96-cv-9590(LAP), 1998 WL 427675, at *4 (S.D.N.Y. July 28, 1998) (granting plaintiff's motion for summary judgment to collect on a demand note and denying defendant's motion under predecessor to Rule 56(d)) (citing *Money Store of New York, Inc. v. Kuprianchik*, 240 A.D.2d 398, 398, 658 N.Y.S.2d 1019, 1020 (2d Dep't 1997) (conclusory or

speculative assertions that underlying loan had been discharged or modified were insufficient to raise triable issue of fact and defeat plaintiff's motion for summary judgment in lieu of complaint); *Shield v. Stevens*, 55 A.D.2d 1017, 391 N.Y.S.2d 766, 767 (4th Dep't 1977) (granting noteholder's motion for summary judgment in lieu of complaint where defendant's allegations were irrelevant to the issue of liability on the note); *Naugatuck Sav. Bank v. Gross*, 214 A.D.2d 549, 625 N.Y.S.2d 572 (2d Dep't 1995); *Bennell Hanover Assocs. v. Neilson*, 215 A.D.2d 710, 627 N.Y.S.2d 439 (2d Dep't 1995)).

### B.   Defendants Cannot Avoid Judgment by Selectively Choosing Which Debts Warrant Attention While Ignoring Plaintiff's Claim to Recover Under the Note Agreement

Defendants concede that this Court can enter judgment on Plaintiff's claims.  *See* ECF No. 18 (Defendants' Stay Motion Brief), p. 13, ("Dresser-Rand and Defendants are not prohibited from pursuing the above-captioned action before this Court and *obtaining* a judgment against PDVSA and Petróleo.") (emphasis in original); ECF No. 20 (Dukic Decl.), ¶ 13. Accordingly, Defendants' representations to the Court reveal that their arguments in support of a stay are merely a strategic ploy to delay an inevitable judgment.

Defendants acknowledge that they, while under President Guaidó's control, made the determination to "protect the interests of the Venezuelan people" and somehow located necessary documentation and personnel to: (i) authorize the payment of interest on PDVSA bonds that are secured by shares of Citgo (ECF No. 18 (Defendants' Stay Motion Brief), pp. 9-10; ECF No. 19 (Hernández Decl.), ¶¶ 8-11); and (ii) work with a restructuring expert to put together a plan to restructure claims against the Venezuela and the public sector dating from the Chavez/Maduro Period," including Plaintiff's claims (ECF No. 18 (Defendants' Stay Motion Brief), p. 15; ECF No. 19, (Hernández Decl.), ¶¶ 15-17) *see also id.*, ¶ 17 (stating that Defendants need time "to address [] claims in a global manner that best serves the interests of the

Venezuelan people."). Plaintiff is not aware of any case supporting Defendants' "have it both ways" litigation strategy allowing it to strategically use the availability of information as both a sword and shield. The Court should not permit Defendants to escape judgment simply because they have deemed other claims and actions more worthy of a response than Plaintiff's claims here.

Specifically, Defendants argue that while the Guaidó regime has the ability to protect certain (chosen) assets of the Republic "outside of Venezuela," such as PDVSA bonds secured by Citgo shares, the Guaidó regime cannot respond to Plaintiff's claims because the Maduro regime controls the relevant records. ECF No. 18 (Defendants' Stay Motion Brief), pp. 9-10. Notably, prior to the Guaidó regime's recent authorization of payment on those PDVSA bonds, the Maduro regime made relevant payments on the same bonds.[4] This concession either belies Defendants' lack of access to bank account or assets of the government in Venezuela (ECF No. 18 (Defendants' Stay Motion Brief), p. 7; ECF No. 19 (Hernández Decl.), ¶ 7), or indicates that Defendants have access to other assets to make payments when they want.

Thus, Defendants' argument that documents and information regarding Plaintiff's Note are inaccessible as under the control of the Maduro regime cannot be reconciled with the Guaidó regime's ability to obtain documents and information necessary to pay interest on the PDVSA bonds that, just like Plaintiff's Note, were also under the Maduro regime's control prior to January 2019. Again, Defendants fail to explain the disconnect between their statements regarding lack of access to documents and information related to Plaintiff's Note and the

---

[4]  *See* Alex Vasquez & Ben Bartenstein, *Venezuela Opposition Congress Approves PDVSA 2020 Bond Payment*, BLOOMBERG (May 7, 2019, 1:32 PM), https://www.bloomberg.com/news/articles/2019-05-07/venezuela-opposition-congress-approves-pdvsa-2020-bond-payment-jve2ncva (last accessed June 18, 2019), annexed to the declaration of Jordan W. Siev, dated June 18, 2019 ("Siev Aff.") as **Exhibit A**.

documents and information that they actively choose to access "to preserve PDVSA assets for the Venezuelan people." *See* ECF No. 19 (Hernández Decl.), ¶¶ 8, 10, 17.

Defendants also represent that "President Guaidó recently retained veteran debt restructuring lawyer, Mr. Lee Buchheit, . . . to help restructure claims against the Republic and the public sector dating from the Chavez/Maduro Period." ECF No. 18 (Defendants' Stay Motion Brief), p. 15; ECF No. 19 (Hernández Decl.), ¶¶ 15-17. To that extent, Defendants assert that the "Guaidó administration and the National Assembly need time to complete the plan before addressing individual claims, ***including the claims of Dresser-Rand asserted in this action***." *Id.* (emphasis added). Defendants notably fail to reconcile how they can access documents, personnel, and records relevant to Plaintiff's Note for debt restructuring purposes, but are unable to do so for responding to Plaintiff's Motion related to Defendants' nonpayment of the same debt.

Similarly, in *Rusoro Mining Ltd. v. Boliviarian Republic of Venezuela*, No. 18-7044 (D.C. Cir. Feb. 14, 2019), Venezuela appealed a district court's confirmation of an arbitral award in favor of plaintiff. *Id.* Venezuela recently requested that the D.C. Circuit hold the *Rusoro* appeal in abeyance pending a final resolution of proceedings ongoing in France. *Id.* Doc. No. 1790285.[5] Specifically, Venezuela had challenged the arbitral award to an intermediate court in France. *Id.* On January 30, 2019, France's intermediate court set aside that award and the *Rusoro* plaintiff appealed the intermediate court's decision to France's highest court. *Id.* There, too, it appears that Venezuela has the information and resources necessary to defend the decision to set aside an arbitral award which is a decision favorable to Venezuela. Again, Defendants'

---

[5] *See also* Shayna Posses, *Venezuela Asks DC Circ. To Pause $1.2B Mining Award Appeal*, LAW360 (May 31, 2019, 7:40 PM), https://www.law360.com/articles/1164606/venezuela-asks-dc-circ-to-pause-1-2b-mining-award-appeal (last visited June 18, 2019), annexed to the Siev Aff. as **Exhibit B.**

ability to strategically cherry-pick which cases and debts to defend does not equate to a basis for deferring summary judgment.

> **C.** **The Court Should Grant Plaintiff Summary Judgment Because the Guarantor Unconditionally and Absolutely Waived all Defenses Rendering a Stay or Deferred Judgment Unnecessary**

Defendants now argue that they need "information regarding the negotiation and execution of the Note [] and any subsequent modifications is necessary to determine whether the Note was entered into with proper authority, whether there was fraud or misrepresentation in connection with the execution of the Note [], and whether the Note [] has been amended revised or discharged." *See* ECF No. 18 (Defendants' Stay Motion Brief), pp. 7-8. Even assuming Defendants were entitled to discovery, which they are not, Defendants' arguments that they need discovery cannot be reconciled with the plain face of the Note itself. Because Petróleo, as Guarantor, "unconditionally" and "absolutely" waived all defenses (other than payment in full which, as noted above, is not applicable), discovery cannot possibly raise a triable issue of fact and Plaintiff is entitled to judgment. Indeed, "a defendant cannot rely on defenses that were waived by a guarantee to defeat summary judgment, even if the defendant establishes an issue of fact." *See Citicorp Leasing, Inc. v. United Am. Funding, Inc.*, No. 03-cv-1586(WHP), 2005 WL 1847300, at *5 (S.D.N.Y. Aug. 5, 2005) (a "guarantor cannot assert defenses that he expressly waived") (citing cases).

An unconditional guarantee is a particular type of guarantee "that contain[s] language obligating the guarantor to payment without recourse to any defenses or counterclaims." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 36 N.E.3d 80, 85 (2015). Courts regularly dismiss and strike guarantors' counterclaims and defenses where, such as here, a party seeks to enforce an unconditional guarantee. *See, e.g.*, *AIP Asset Mgmt. Inc. v. Ascension Tech. Grp. Ltd.*, No. 16-cv-9181(LLS), 2018 WL 4360771, at *3 (S.D.N.Y. Aug. 31, 2018)

(Stanton, J.); *Inter-Am. Dev. Bank v. IIG Trade Opportunities Fund N.V.*, No. 16-cv-9782(PAE), 2017 WL 6025350, at *6 (S.D.N.Y. Dec. 4, 2017); *JP Morgan Chase Bank, N.A. v. Reifler*, No. 11-cv-4016(DAB), 2012 WL 12925172, at *3 (S.D.N.Y. Sept. 5, 2012); *Overseas Private Inv. Corp. v. Furman*, No. 10-cv-7096(RJS), 2012 WL 967458, at *11 (S.D.N.Y. Mar. 14, 2012); *Citicorp Leasing, Inc. v. United Am. Funding, Inc.*, No. 03-cv-1586(WHP), 2005 WL 1847300, at *5 (S.D.N.Y. Aug. 5, 2005); *United Bank of Africa, P.L.C. N.Y. Branch v. Odimayo*, No. 93-cv-3998(WK), 1994 WL 185826, at *3-4 (S.D.N.Y. May 10, 1994); *Cooperatieve*, 36 N.E.3d at 85-86 (collecting cases); *SCP (Bermuda) Inc. v. Bermudatel Ltd.*, 224 A.D.2d 214, 215 (1st Dep't 1996) (in context of CPLR § 3213).

The Guarantee here provides not only that it is irrevocable, "unconditional and absolute," but that Guarantor "hereby waives any defense based on or arising out of any defense of the Issuer or the Guarantor or the unenforceability of all or any part of the Guaranteed Obligations from any cause, or the cessation from any cause of liability of the Issuer or the Guarantor, other than the indefeasible repayment in full in case of the Guaranteed Obligations." *See* ECF No. 1-1, (Note Agreement, Article VI, Guarantee, starting at ECF page 44); *see id.* Section 6.01 (titled "Guarantee"), Section 6.03 (titled "No Discharge or Diminishment of Note Guarantee"), Section 6.04 (titled "Defenses Waived").  While Defendants apparently argue that they need to ascertain "receipt of the Notice of Default and Notice of Acceleration," the Guarantor is not entitled to notice and, in fact, has waived its right to notice. *See* ECF No. 18 (Defendants' Stay Motion Brief), p. 8; *see also* ECF No. 1-1, (Note Agreement, Article VI, Guarantee, starting at ECF page 44), Section 6.04 (titled "Defenses Waived") ("[T]he Guarantor irrevocably waives acceptance hereof, presentment, demand, protest and, to the fullest extent permitted by law, any notice not provided for herein, as well as any requirement that at any time any action be taken by any

Person against any Obligated Party or any other Person."); *see also id.*, (Note Agreement, Article VII(a), Events of Default, starting at ECF page 46) (noting that notice of default must be given to Issuer).  Accordingly the express terms of the Note bar any defense, other than "indefeasible payment in full in cash of the Guaranteed Obligations."  *See Citibank, N.A. v. Plapinger*, 66 N.Y.2d 90, 92, 485 N.E.2d 974, 974 (1985); *AIP Asset Mgmt. Inc. v. Ascension Tech. Grp. Ltd.*, 2018 WL 4360771, at *3 (Stanton, J.) (granting summary judgment against guarantor where the guarantee agreement included terms specifying that the guarantor's obligations are "irrevocable, continuing absolute and unconditional" and "shall not be subject to any defense or setoff, …"); *Nat'l Westminster Bank USA v. Advanced Interactive Video, Inc.*, No. 92-cv-9281(KMW), 1994 WL 681746, at *1 (S.D.N.Y. Dec. 5, 1994) (fraud in the inducement of a guarantee agreement is "not a defense under New York law when the guarantee is the product of negotiations between sophisticated business people and contains a provision stating that it is 'absolute and unconditional.'").

Accordingly, the Court should deny Defendants' Stay Motion because no hypothetical evidence could raise a material issue of fact sufficient to overcome Plaintiff's *prima facie* entitlement to summary judgment.

## IV.   A STAY IS UNNECESSARY BECAUSE THE COURT CAN ISSUE A JUDGMENT

Plaintiff initiated this action nearly four months ago, on February 26, 2019.  After removal to this Court, on March 29, 2019, Defendants petitioned this Court for a stay of "120 days in order to allow" the Guaidó government to fully transition into power.  *See* ECF No. 5 (Defendants' Letter Stay Request).  Nearly four months have passed since initiation of the action, and nearly three months have passed since Defendants' initial stay request, without any substantive change to the Venezuelan political landscape.  *See, e.g.*, ECF No. 19 (Hernández

Decl.), ¶ 6 (stating that the "Maduro regime has maintained substantial control of the operation of the Venezuelan government, although Venezuela is a collapsing state."). Thus, Defendants' primary purpose for delaying this action and underlying their Stay Motion rings hollow. A stay of four months (or any other amount of time) – even if it were a validly justified, which it has not been – provides zero certainty that a transition of power will be complete.

In the face of this uncertainty, any stay will significantly prejudice Plaintiff by delaying a judgment Plaintiff is fully entitled to receive today. As noted above, this is precisely the type of case that is ripe for prompt resolution under Fed. R. Civ. P. 56 without the need for discovery – exactly as the Parties contracted for – and Plaintiff is thus, by definition, prejudiced by this unwarranted delay.[6] Moreover, Plaintiff will be prejudiced if the Court were to permit Defendants additional time to restructure their debt (*see* ECF No. 18 (Defendants' Stay Motion Brief), p. 15) which would presumably provide Defendants with additional avenues to place other debts and creditors above Plaintiff.

Moreover, there is no doubt that (i) this Court is fully authorized to issue a judgment in Plaintiff's favor, or (ii) OFAC's regulations provide no barrier to such a judgment. Defendants concede that Plaintiff "[is not prohibited from pursuing" this action and "obtaining a judgment" against Defendants. *See* ECF No. 18 (Defendants' Stay Motion Brief), pp. 12-13; ECF No. 20 (Dukic Decl.), ¶ 13. Under these circumstances, this Court should reject Defendants' attempt to delay the inevitable and promptly issue a judgment in Plaintiff's favor.

Defendants note that the issuance of stays in other cases where PDVSA (or Venezuela or another related entity) is involved is neither binding on this Court nor a valid reason for stay in

---

[6]  That Plaintiff may need to take additional steps to execute on a judgment issued by this Court (ECF No. 18 (Defendants' Stay Motion Brief), pp. 12-13; ECF No. 20 (Dukic Decl.), ¶¶ 4-5, 13) is of no moment to Plaintiff's ability to proceed expeditiously to judgment and does not lessen the prejudice it will suffer if it is not able to do so. Indeed, as conceded by Defendants, Plaintiff "has an interest in pursuing its claim without delay." ECF No. 18 (Defendants' Stay Motion Brief), p. 13.

this case.  Further, in *OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 16-cv-1533, Doc. No. 84 (D.D.C. May 21, 2019), the court denied Venezuela's request for a stay (based on the same arguments Defendants make here) and granted judgment in favor of plaintiff. That court found, as this Court should too, that "a stay in this case would not lead to a different result and would only serve to delay plaintiff's entitlement to judgment."  *Id.*, Doc. No. 85, n.6.

Although the federal district courts may have issued stays in the *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. et al*, No. 19-cv-2519 (S.D.N.Y. May 6, 2019) (Nathan, J.) and *Comparelli v. Republica Bolivariana de Venezuela*, No. 14-cv-24414, ECF No. 168 (S.D. Fla. May 9, 2019), those district courts were not apprised of Defendants' ability to (conveniently) restructure their debts and pay interest on PDVSA bonds secured by Citgo shares when they choose to do so.  *See* Section III.B, *supra*.  Moreover, it is unclear whether those courts considered whether the guarantor in those cases had waived all potential defenses and thus rendered discovery unnecessary, as here.

In the remaining cases, stays were either granted on consent of both parties or decided without input from plaintiff, which is clearly not the case here.  *See, e.g.*, *White Beech SNC, LLC v. Petróleos de Venezuela, S.A., et al.*, No. 18-cv-4148 (S.D.N.Y. 2018) (Gardephe, J.) (plaintiff consented to stay pending OFAC guidance)[7]; *Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, S.A.*, No. 11-cv-01735 (D.D.C. Feb. 15, 2019) (granting motion by *plaintiff* for stay of proceedings where cause of action was remanded to district court to conduct jurisdictional discovery); *Rusoro Mining Ltd. V. Boliviarian Republic of Venezuela*, No. 18-7044

---

[7]  Notably, in *White Beech*, plaintiff consented to a stay until, among other things, "White Beech obtains a specific license to proceed to judgment in this litigation."  See No. 18-cv-4148, ECF No. 32.  Here, as stated throughout, Defendants do not dispute that this Court can proceed to judgment and therefore a stay is unwarranted.

(D.C. Cir. Feb. 14, 2019) (granting Venezuela's motion for a stay where plaintiff never consented or opposed; the court merely reset briefing schedule).

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in Plaintiff's Motion, Plaintiff respectfully requests that the Court deny Defendants' Stay Motion and grant Plaintiff's Motion for Summary Judgment in its entirety, along with such further relief as the Court deems proper.

Dated:   June 18, 2019
         New York, New York

                          REED SMITH LLP

                          By:   */s/ Jordan W. Siev*
                                Jordan W. Siev
                                Geoffrey G. Young
                                Melissa A. Brown
                          599 Lexington Avenue
                          New York, NY  10022
                          Tel. (212) 521-5400
                          Fax. (212) 521-5450

                          *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on June 18, 2019 on counsel of record via the Court's CM/ECF system.

BY: _/s/ Jordan W. Siev_ _____
    Jordan W. Siev