ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/3/19

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
DRESSER-RAND COMPANY,

                    Plaintiff,           19 Civ. 2689 (LLS)

        - against -                      MEMORANDUM & ORDER

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

                    Defendants.
- - - - - - - - - - - - - - - - - -X
```

The defendants move for relief pursuant to Federal Rule of Civil Procedure 56(d), denying or deferring consideration of the plaintiff's motion for summary judgment and staying all proceedings. (Dkt. No. 17). For the following reasons, deferral of consideration of the plaintiff's summary judgment motion is granted.

### BACKGROUND

#### *This Action*

The plaintiff, Dresser-Rand Company ("Dresser-Rand"), commenced this action by filing a motion for summary judgment in lieu of a complaint on February 26, 2019, in New York state court. The defendants are Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo"), both wholly-owned instrumentalities of the Bolivarian Republic of Venezuela

-1-

("Venezuela").[1]  Dresser-Rand seeks money damages against the defendants for PDVSA's alleged default under a Note Agreement, which was guaranteed by Petróleo.

On March 26, 2019, the defendants removed this action to this Court.

On May 3, 2019, this Court held a pre-motion conference regarding the defendants' contemplated motion for a stay of all proceedings while the Venezuelan government is transitioning to the newly-installed government of Juan Guaidó.  During that conference, this Court granted the defendants permission to move for relief pursuant to Rule 56(d).  That relief is the subject of the instant motion and its supporting declarations.

### *Venezuelan Government in Transition*

As stated in the May 31, 2019 Declaration of José Ignacio Hernandez Gonzalez, Special Attorney General of the Republic of Venezuela:

> 6. Although the Guaidó government is the sole authority recognized by the United States, it does not have full access to the personnel and documents of the government and its instrumentalities, including PDVSA and Petróleo. To the contrary, the illegitimate Nicolas Maduro regime has maintained substantial control of the operation of the Venezuelan government, although Venezuela is a collapsing state. Maduro has thus far refused to recognize the Constitutional authority of the National Assembly and the Interim President Guaidó, and has instead unlawfully usurped the operations of government. Among other things, the Maduro regime

---

[1] PDVSA is a wholly-owned instrumentality of Venezuela, and Petróleo is wholly-owned by PDVSA.

illegitimately controls the Central Bank, the Supreme Court (where Maduro has unlawfully installed judges loyal to the illegitimate regime), the Finance Ministry, and the Venezuelan operations and assets of the key government owned entities, including PDVSA.

7. As a result, the Guaidó government does not have full access to the Republic's operations, facilities, or personnel. Specifically, the Guaidó government cannot access the documents or electronic records of PDVSA or Petróleo; cannot interview relevant personnel; and indeed cannot even determine the identity of the government officials and personnel involved in the underlying dispute with Dresser-Rand. Nor does it have access to the bank accounts or assets of the government in Venezuela.

* * *

12. As a result of the above-described unlawful acts of the Maduro regime, Defendants are not in a position to provide counsel with sufficient information to respond to the allegations of the plaintiff in this action, access to records, or obtain the necessary documents and testimony required to defend the merits of the case, or even to evaluate the contractual rights and remedies of the parties under the referenced agreements.

(Dkt. No. 19).

**STANDARD**

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

In the Second Circuit, an affidavit submitted pursuant to Rule 56(d) (formerly Rule 56(f)) "must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994)

**DISCUSSION**

Without access to any of the foregoing information, the defendants cannot defend this action or evaluate Dresser-Rand's claims. For example, information regarding payments made by the defendants is necessary to confirm the extent to which payment has been made on the Note.

Dresser-Rand argues that the defendants' request is an "improper fishing expedition to delay judgment," and that judgment against Petróleo should not be deferred in any event, since Petróleo waived all of its defenses as a guarantor. Although PDVSA and Petróleo have not been able to offer evidence that would support any defenses (such as payment in full, a defense that Petróleo did not waive), a limited stay will allow some time to search for such evidence. The prejudice that Dresser-Rand would suffer from a stay of limited duration is slight.

## CONCLUSION

Defendants' motion for relief pursuant to Rule 56(d) (Dkt. No. 17) is granted with respect to deferral of consideration of the plaintiff's summary judgment motion. Consideration of the plaintiff's motion for summary judgment is deferred for 120 days from the date of this order.

So ordered.

Dated: New York, New York
       July 3, 2019

                                    *Louis L. Stanton*
                                    ───────────────────
                                    LOUIS L. STANTON
                                       U.S.D.J.