

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T + 1 212 918 3524
dennis.tracey@hoganlovells.com

August 26, 2019

*VIA ECF*

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Company v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
      S.D.N.Y. Docket No. 1:19-cv-002689-LLS

Dear Judge Stanton:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants") in the above-referenced action.  We write in response to the letter dated August 19, 2019 from counsel for plaintiff Dresser-Rand Company ("Dresser") requesting a briefing schedule on Dresser's motion for summary judgment, a stay of all discovery, and a pre-motion conference in connection with Dresser's contemplated motion for a preliminary injunction.  (Dkt. No. 33.)

Defendants have no objection to entry of a scheduling order for briefing the summary judgment motion, but request that the court also enter an order scheduling dates for completion of discovery in this matter.  Defendants oppose the other requested relief.

**Dresser's Request for a Briefing Schedule is Premature.**

On July 3, 2019, this Court granted Defendants' motion, pursuant to Fed. R. Civ. P. 56(d), to defer consideration of Dresser's motion for summary judgment for 120 days.  (Dkt. No. 32.)  This Court reasoned that a limited stay would provide Defendants with time to search for evidence to support their defenses, and noted that "[t]he prejudice that Dresser-Rand would suffer from a stay of limited duration is slight."  (*Id.* at p. 4.)

Since then, Defendants have continued their efforts to obtain relevant documents and information.  Among other things, Defendants have requested documents and information from the ad hoc Board of PDVSA, and have served Dresser with document requests and interrogatories.  Once Defendants receive responses to the outstanding discovery requests, they will be able to identify relevant witnesses and will subpoena and/or notice depositions of such witnesses.

Dresser argues that this Court's July 3 order prohibits Defendants from conducting discovery of Dresser.  But nothing in the order even addresses, much less prohibits, discovery requests.  To the contrary, the Court's July 3 order recognized that Defendants did not have access to the information necessary to respond to the pending summary judgment motion and gave Defendants time to do so.  Obtaining such information would include seeking it through discovery requests to Dresser.

Dresser also claims that Defendants somehow waived their right to discovery by failing to request it in their Rule 56(d) motion. That is simply not accurate. Defendants specifically stated in their Memorandum of Law in support of the motion that discovery in this case would include discovery from Dresser. (Dkt. No. 18 at p. 14.)

Indeed, Dresser is in blatant violation of its obligations under Fed. R. Civ. P. 26. On August 9, Defendants requested a Rule 26(f) conference in order to discuss a discovery plan. Dresser refused to do so, asserting that this case is somehow exempt from Rule 26 requirements. But there is no basis for Dresser's position. Rule 26(f) requires a conference to discuss a discovery plan in every case unless it is exempted from initial disclosures or the court orders otherwise. This case is no exception. Defendants request that the Court enter an order requiring the parties to comply with Rule 26(f) and to submit to the Court a discovery plan that is appropriate for this case. Once a discovery plan is put in place, a briefing schedule for the summary judgment motion would be appropriate.

### Dresser's Request to Stay Discovery Should Be Denied.

Rule 26 of the Federal Rules of Civil Procedure confers upon parties a right to obtain discovery of any matter that is relevant to a claim or defense. *See* Fed. R. Civ. P. 26(b)(1); *see also Bice v. Robb*, No. 07 Civ. 2214(PAC), 2010 WL 5373904, at *1 (S.D.N.Y. Dec. 22, 2010). A court may limit that right and stay discovery and "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," upon a showing of "good cause" by the "person from whom discovery is sought." Fed. R. Civ. P. 26(c)(1). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (internal quotation marks and citation omitted).

Dresser does not even attempt satisfy its burden of showing "good cause." Rather, Dresser claims, without any support or explanation, that the discovery served by Defendants "lacks credibility, is nothing more than another delay tactic, and is wholly unnecessary given the broad waiver of defenses in the Note Agreement." (Dkt. 33 at p. 2.) These conclusory assertions do not qualify as "good cause" sufficient to support a stay of discovery. *See Brenntag Intern. Chemicals, Inc. v. Norddeutsche Landesbank GZ*, No. 97 Civ. 2688(RWS), 1998 WL 542310, at *1-2 (S.D.N.Y. Aug. 25, 1998) (denying plaintiff's motion to stay discovery premised on plaintiff's assertion that discovery is unnecessary).

Defendants' discovery requests are narrowly tailored to seeking evidence related to the parties' claims and defenses. Dresser's responses are necessary to identify relevant documents and witnesses, after which Defendants will take depositions of the relevant witnesses.

For these reasons, Defendants respectfully submit that Dresser's request for a stay should be denied, and that Dresser should be ordered to respond to Defendants' discovery requests.

### Dresser is Not Entitled to a Preliminary Injunction.

A preliminary injunction is "an extraordinary and drastic remedy . . . that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). To meet this burden, a plaintiff must establish "(1) irreparable harm, and (2) either (a) a likelihood of success on the merits, or (b) a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *Covino v. Patriss*, 967 F.2d 73, 77 (2d Cir. 1992).

The burden of proving "irreparable harm is the single most important pre-requisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d

110, 118 (2d Cir. 2009). "To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002). In addition, the harm must be "neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005).

Dresser argues that a preliminary injunction is warranted to "prevent[] Defendants from dissipating their assets" and that "there is a real danger that the value of the judgment eventually awarded to D-R in this case may be impaired." (Dkt. No. 33 at p. 3.) But Dresser does not offer a shred of evidence that Defendants are "dissipating assets." The only "evidence" it offers is the Third Circuit's recent affirmance of the District Court's decision in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 18-2797, 2019 WL 3403888 (3d Cir. July 29, 2019), permitting Crystallex to proceed with attachment of the shares of Citgo to satisfy a judgment that Crystallex had obtained against the Republic. Dresser further claims that "[o]ther creditors are also moving closer towards enforcement of judgments, to D-R's detriment," citing one case.

These allegations do not support a finding of irreparable harm. The mere fact that two other creditors who already have judgments are seeking to enforce those judgments is no basis for a finding that PDVSA is "dissipating assets" or otherwise causing potential irreparable harm to Dresser.

The circumstances in *S.E.C. v. Am. Bd. of Trade, Inc.*, 830 F.2d 431 (2d Cir. 1987) ("*ABI*") – the only legal authority cited by Dresser to support its contemplated motion for a preliminary injunction (Dkt. No. 33 at p. 3) – are plainly distinguishable from this case. After finding that the defendants violated Section 5 of the Securities Act of 1933, the District Court in *ABI* appointed a receiver over the defendants and entered a preliminary injunction freezing $500,000 of their assets. *See ABI*, 830 F.2d at 433. In affirming the District Court's entry of a preliminary injunction, the Second Circuit reasoned that "there was a clear danger that the [defendants] would have depleted their assets substantially in the absence of a freeze," based on the defendant's admission that their income was insufficient to cover their living expenses and "the fraudulent nature of [their] violations." *Id.* at 439.

Aside from the fact that the SEC is not required to show irreparable harm to obtain a preliminary injunction freezing a defendant's assets (*SEC v. Unifund SAL*, 910 F.2d 1028, 1036 (2d Cir. 1990)), the facts in *ABI* are not remotely similar to the present case, where no judgment has been entered and no danger of dissipation of assets has been shown.

Indeed, contrary to Dresser's assertion, courts in this Circuit routinely deny preliminary injunctions to private litigants when the only harm alleged is the potential depletion of assets. *See, e.g.*, *Chemical Bank v. Haseotes*, 13 F.3d 569 (2d Cir. 1994) (affirming denial of preliminary injunction when "[t]he [only] irreparable harm alleged by Chemical is its fear that Haseotes will render himself judgment-proof on the guarantee claim by selling the NEL stock"); *Kermanshah v. Kermanshah*, No. 08–CV–00409 (BSJ)(AJP), 2008 WL 4787494 (S.D.N.Y. Oct. 24, 2008) (rejecting claim that defendants were likely to dissipate assets absent "evidence of actual or imminent injury").

Here, due to the sanctions imposed by the U.S. Treasury Department's Office of Foreign Asset Control ("OFAC"), there is *no* risk that Defendants' assets will be seized if a preliminary injunction is not entered. Under those sanctions, all PDVSA property in the U.S. or in the possession or control of any U.S. persons are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in without authorization from OFAC. *See* Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018); *see also* 31 C.F.R. § 591.201.

For these reasons, Dresser's request to move for a preliminary injunction should be denied.

Respectfully submitted,

*[signature]*

Dennis H. Tracey, III