UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DRESSER-RAND COMPANY,

Plaintiff,

-against-

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

Defendants.

Docket No.: 1:19-cv-002689-LLS

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT *(MODIFIED)***

HOGAN LOVELLS US LLP
  Dennis H. Tracey, III
  Robin L. Muir
390 Madison Avenue
New York, New York 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

*Counsel for Defendants Petróleos de
Venezuela, S.A. and PDVSA Petróleo,
S.A*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND ..................................................................................................3

    I.    THE UNDERLYING DEBT................................................................3

    II.    PROCEDURAL HISTORY ................................................................4

ARGUMENT .....................................................................................................5

    I.    RELEVANT LEGAL STANDARDS .......................................................5

    II.    DRESSER-RAND FAILED TO PROPERLY SEND THE REQUISITE NOTICE OF DEFAULT................................................................................6

    III.    DRESSER-RAND HAS FAILED TO ESTABLISH ITS PRIMA FACIE CASE. ....10

    IV.    TRIABLE ISSUES OF MATERIAL FACT EXIST THAT PRECLUDE SUMMARY JUDGMENT.............................................................13

        A.    A Triable Issue of Fact Exists With Respect to Defendants' Alleged Default....................................................................13

        B.    Triable Issues of Fact Exist with Respect to Defendants' Impossibility Defense.................................................................14

CONCLUSION..................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...................................................................................................6

*Bank of N.Y. Mellon v. Gordon*,
   171 A.D.3d 197, 97 N.Y.S.3d 286 (App. Div. 2d Dep't 2019) ............................................12

*Camofi Master LDC v. Coll. P'ship, Inc.*,
   452 F. Supp. 2d 462 (S.D.N.Y. 2006) ...................................................................................6

*Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*,
   117 F. Supp. 2d 394 (S.D.N.Y. 2000) ...............................................................................6, 7

*Countrywide Home Loans, Inc. v. Brown*,
   223 F. Appx. 13 (2d Cir. 2007) ..........................................................................................12

*Cronin v. Aetna Life Ins. Co.*,
   46 F.3d 196 (2d Cir. 1995) ...................................................................................................6

*Giannullo v. City of N.Y.*,
   322 F.3d 139 (2d Cir. 2003) ...............................................................................................12

*Goldstein v. Laurent*,
   No. 09cv2437 (PKC), 2011 WL 3586447 (S.D.N.Y. Aug. 2, 2011) ....................................10

*Howard v. City of N.Y.*,
   No. 12 Civ. 933(JMF), 2014 WL 84357 (S.D.N.Y. Jan. 6, 2014) ........................................11

*Inter-American Dev. Bank v. Nextg Telecom Ltd.*,
   503 F. Supp. 2d 687 (S.D.N.Y. 2007) ............................................................................16, 17

*JPMorgan Chase Bank, N.A. v. Grennan*,
   175 A.D.3d 1513, 109 N.Y.S.3d 436 (App. Div. 2d Dep't 2019) ........................................12

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007) .................................................................................................6

*MPD Accessories B.V. v. Urban Outfitters*,
   No. 12 Civ. 6501(LTS)(KNF), 2013 WL 7211833 (S.D.N.Y. Dec. 17, 2013) .......................8

*Prudential Ins. Co. of Am. v. Hilton Hotels Corp.*,
   No. 95 CIV. 5575 (KMW), 1996 WL 340002 (S.D.N.Y. June 19, 2006) .............................10

**TABLE OF AUTHORITIES – Continued**

**Page(s)**

*Quinones v. City of N.Y.*,
  16cv0985 (DF), 2018 WL 4658799 (S.D.N.Y. Jul. 13, 2018) ................................. 10, 11, 12

*Rondout Valley Cent. Sch. Dist. v. Coneco Corp.*,
  339 F. Supp. 2d 425 (N.D.N.Y. 2004) ................................................................ 10

*Estate of Smith v. Cash Money Records, Inc.*,
  14cv2703, 2018 WL 2224993 (S.D.N.Y. May 15, 2018) ..................................... 11

*U.S. v. East River Housing Corp.*,
  90 F. Supp. 3d 118, 161-62 (S.D.N.Y. 2015) ......................................................... 8

*Valley Nat'l Bank v. Oxygen Unlimited, LLC*,
  No. 10 Civ. 5815, 2010 WL 5422508 (S.D.N.Y. Dec. 23, 2010)............................. 5

*Vangas v. Montefiore Med. Ctr.*,
  6 F. Supp. 3d 400, 411-12 (S.D.N.Y. 2014)......................................................... 10

*Wells Fargo Bank, N.A. v. Eisler*,
  118 A.D.3d 982, 988 N.Y.S.2d 682 (App. Div. 2d Dep't 2014)........................... 10

**Other Authorities**

Exec. Order No. 13808, 82 Fed. Reg. 41155 (Aug. 25, 2017)................................... 14

Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018)................................... 16

Restatement (Second) of Contracts § 261 ................................................................ 14

U.S. Dep't of Treasury, Press Releases, "Treasury Sanctions Venezuela's State-
  Owned Oil Company Petroleos de Venezuela, S.A." (Jan. 28, 2019), available
  at https://home.treasury.gov/news/press-releases/sm594 ................................. 16, 17

Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo") (together, "Defendants") respectfully submit this modified memorandum in opposition to the motion for summary judgment in lieu of complaint of plaintiff Dresser-Rand Company ("Plaintiff" or "Dresser-Rand"), pursuant to the parties' modified briefing schedule.

## PRELIMINARY STATEMENT

Plaintiff Dresser-Rand commenced this action, by motion for summary judgment in lieu of complaint, seeking a money judgment for amounts allegedly owed under a note executed by PDVSA and guaranteed by Petróleo. According to Dresser-Rand, PDVSA made the first two payments due under the note, but failed to make any payments due thereafter, despite being sent notice of the default. Dresser-Rand claims that it is entitled to a judgment for the entire outstanding note balance, plus interest, and purports to have established its claim as a matter of law, warranting summary judgment in its favor.

Since the filing of the motion for summary judgment in this matter, Dresser-Rand has attempted to rush to judgment – blocking all efforts by Defendants to obtain relevant evidence to respond to the motion. Defendants, who have no access to their own documents due to the political crisis in Venezuela, requested documents from Dresser-Rand. But, continuing its pattern of secretiveness, Dresser-Rand refused to provide documents. Even after being ordered by the Court to produce documents, Dresser-Rand still did not provide *any* documents relating to the purported notice of default, which is required by the note agreement. It was only after Defendants responded to the summary judgment motion and pointed out the absence of evidence that Dresser-Rand delivered a notice of default that Dresser-Rand finally produced documents relating to the notice of default. [1]

---

[1] As a result of Dresser-Rand's supplemental document production on December 4, 2019 (Dkt. No. 51) – after Defendants served and filed opposition to Dresser-Rand's motion for summary judgment in lieu of complaint on

We now know why Dresser-Rand has been so secretive.  The recently produced documents show that the notice of default, purportedly e-mailed to Defendants on February 14, 2019, was incorrectly addressed and returned as "undeliverable."  Rather than disclosing this crucial fact, Dresser-Rand attempted to conceal it, including by submitting a misleading affidavit by its Credit and Collections Manager, Erik Scherzer, that failed to disclose the non-delivery of the notice.  Compounding the problem, the affidavit includes a purported "notice of acceleration" that states that the notice of default was delivered on February 14, 2019, when, according to Dresser-Rand's own documents, it was not.

For this reason alone, Dresser-Rand's motion for summary judgment should be denied and, because proper notice of default is a condition precedent to Dresser-Rand's claim under the note agreement, this action should be dismissed.

Dresser-Rand's motion should be denied for the additional reason that it failed to satisfy its initial threshold burden of establishing its prima facie entitlement to a judgment as a matter of law.  Specifically, the Scherzer Affidavit – the sole evidence submitted to prove Defendants' default – is inadmissible hearsay.  Mr. Scherzer does not attest to having personal knowledge of Defendants' default, nor does he attach the business records on which he relied in making the affidavit.  Furthermore, Dresser-Rand's claim that Defendants only made the first two payments and defaulted on all payments due thereafter is contradicted by documentary evidence of a third payment, which, at the very least, gives rise to a triable issue of fact that precludes summary judgment.

Lastly, Dresser-Rand's motion should be denied because triable issues of fact exist with respect to whether circumstances outside of Defendants' control made it impracticable, or

---

November 18, 2019 (Dkt. Nos. 47-48) – the parties agreed to a modified briefing schedule (Dkt. No. 52), which permits Defendants to supplement or modify their original opposition by December 18, 2019.

impossible, for Defendants to perform their payment obligations under the note and note agreement. Documents produced by Dresser-Rand show that PDVSA attempted to make additional payments but was unable to do so in the form and manner required by the note agreement because Dresser-Rand's designated bank rejected them. Moreover, the blocking sanctions imposed by the United States in January 2019 made it *impossible* for Defendants to cure their alleged default or make any payments under the note to Dresser-Rand. This impossibility discharges Defendants' obligations, or, at the very least, is a triable issue of material fact that precludes summary judgment to Dresser-Rand.

For these reasons and those that follow, Defendants respectfully request that the Court deny Dresser-Rand's motion for summary judgment in lieu of complaint in its entirety, dismiss the action for Dresser-Rand's failure to send proper notice of default (a condition precedent to Dresser-Rand's claim), and grant such other and further relief to Defendants as it deems just and proper.

## BACKGROUND

### I.   THE UNDERLYING DEBT

This action concerns a note agreement dated January 21, 2017 (the "Note Agreement"), issued by PDVSA and guaranteed by Petróleo, pursuant to which PDVSA agreed to pay the amounts reflected in a corresponding note (the "Note"). (Scherzer Aff.[2] Exs. A-B.) According to Dresser-Rand, PDVSA made the first two payments due under the Note (on April 20, 2017 and July 20, 2017), but failed to make any payments due thereafter. (*Id.* ¶ 7.) Dresser-Rand alleges that on February 14, 2019, it sent Defendants a notice of default (the "Notice of Default"). (*Id.* ¶¶ 10-11, Ex. C.) Dresser-Rand further alleges that on February 21, 2019, after Defendants

---

[2] "Scherzer Aff." refers to the Affidavit of Erik Scherzer in Support of Motion for Summary Judgment in Lieu of Complaint, sworn to February 26, 2019. (Dkt. No. 1-1.)

failed to respond to the Notice of Default, Dresser-Rand sent Defendants a notice of acceleration (the "Notice of Acceleration"), which declared the entire unpaid loan balance due and owing, pursuant to Article VIII(a) of the Note Agreement.  (*Id.* ¶ 13, Ex. D.)

## II.  PROCEDURAL HISTORY

On February 26, 2019, Dresser-Rand commenced this civil action in the Supreme Court of the State of New York, New York County by motion for summary judgment in lieu of complaint.  (Dkt. No. 1-1.)  On March 26, 2019, Defendants timely removed the action to this Court.  (Dkt. No. 1.)

On June 3, 2019, with this Court's permission, Defendants moved for relief pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, asking the Court to deny or defer consideration of Dresser-Rand's summary judgment motion, in light of Defendants' inability to access the documents and information necessary to respond to the motion.  (Dkt. No. 17.)  On July 3, 2019, the Court granted Defendants' motion and entered an order deferring consideration of Dresser-Rand's motion for summary judgment for 120 days.  (Dkt. No. 32.)

On September 6, 2019, the parties appeared before this Court for a conference to discuss Dresser-Rand's request for a briefing schedule on its motion for summary judgment and the discovery requests that Defendants served on Dresser-Rand on August 13, 2019.  (Dkt. No. 33.) Defendants explained that they served discovery requests because, despite their continued efforts, they remained unable to access the documents and information relevant to Dresser-Rand's claims. (Dkt. No. 34.)  After hearing from both parties, because of Defendants' continued "lack of access to their own records in Venezuela," the Court ordered Dresser-Rand to produce "copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments," and set a briefing schedule on Dresser-Rand's summary judgment motion.  (Dkt. No. 37.)

Pursuant to that order, Dresser-Rand initially produced 9,429 documents.  (Muir Decl.[3] ¶ 3.)  That production did not include the Notice of Default or any correspondence referencing the Notice of Default.  (*Id.* ¶ 4.)

On November 18, 2019, Defendants served and filed their opposition to Dresser-Rand's summary judgment motion.  (Dkt. Nos. 47-48.)  Defendants argued, among other arguments, that Dresser-Rand's failure to produce the Notice of Default in response to the Court's order gives rise to a triable issue of material fact as to whether the Notice of Default was actually sent, which precludes summary judgment.  (*Id.*)

On December 4, 2019, after Defendants' opposition was served, Dresser-Rand made an additional production of twenty documents that should have been, but were not, produced in response to this Court's order, including the Notice of Default.  (Muir Decl. ¶ 8.)  As a result of this additional production, the parties agreed to permit Defendants to supplement or modify their original opposition by December 18, 2019.  (Dkt. No. 52.)

## ARGUMENT

## I.   RELEVANT LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).[4]  "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party

---

[3] "Muir Decl." refers to the Declaration of Robin L. Muir in Opposition to Plaintiff's Motion for Summary Judgment in Lieu of Complaint (Modified), dated December 18, 2019, submitted herewith.

[4] Upon removal, a motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *See Valley Nat'l Bank v. Oxygen Unlimited, LLC*, No. 10 Civ. 5815, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010) ("Plaintiff's motion for summary judgment in lieu of complaint will be treated as a motion for summary judgment made under Rule 56 of the Federal Rules and the papers already submitted to be a complaint and answer.").

opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted).

A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citations omitted). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citation omitted).

Under New York law, to make out a prima facie case for recovery on a promissory note, a plaintiff must show proof of a note and failure to make payment, despite proper demand. *See Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 399 (S.D.N.Y. 2000) (citation omitted). "When a note holder has established a prima facie claim, the burden shifts to the defendant to prove the 'existence of a triable issue of fact in the form of a bona fide defense against the note.'" *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp 2d 462, 470 (S.D.N.Y. 2006) (citation omitted).

## II.   DRESSER-RAND FAILED TO PROPERLY SEND THE REQUISITE NOTICE OF DEFAULT.

Dresser-Rand's motion for summary judgment should be denied, and indeed, the action should be dismissed, because Dresser-Rand failed to send the proper notice of default, a condition precedent to Dresser-Rand's claim. Under the Note Agreement, "the failure to pay the

principal of, or interest on any of the Notes, when such principal becomes due and payable, including at any of the Repayment Dates, by acceleration or otherwise," only qualifies as an "Event of Default," entitling the Noteholder to accelerate the entire outstanding balance, when "such failure continues for a period of five (5) days after written notice thereof has been given to the Issuer." (Scherzer Aff. Ex. A at Art. VIII(a).) Any notice required under the Note Agreement "shall be in writing and delivered by hand or overnight courier service, or sent by fax or electronic mail," and "if to the Issuer or the Guarantor, to it at La Campiña, Av. Libertador, Calle El Empalme, Edificio Petróleos de Venezuela, Torre Este, Piso 8, Caracas, Venezuela, Attention of Ana María España (Director) and Renny Bolívar (Executive Director of Finance) (Fax No. +58 212 7081441, Email: espanaam@pdvsa.com and bolivarrs@pdvsa.com)." (*Id.* Ex. A at § 9.01.)

Notices are effective upon receipt. "All notices and other communications given to any party hereto in accordance with the provisions of this Agreement shall be deemed to have been given on the date of receipt if delivered by hand or overnight courier service or sent by fax or electronic mail, in each case delivered, or sent (properly addressed) to such party in this Section 9.01 . . . ." (*Id.*) Thus, Dresser-Rand must prove that it sent the requisite written notice to PDVSA, in the form and manner prescribed by the Note Agreement, and that the default was not cured within five days after that notice was given. *See Cavendish Traders, Ltd.*, 117 F. Supp. 2d at 399 ("To establish a prima facie case of default on a promissory note under New York law, a plaintiff must provide proof of the valid note and of defendant's failure, *despite proper demand*, to make payment." (emphasis added) (citation omitted)).

Mr. Scherzer attested that "Plaintiff sent Defendants the Notice of Default consistent with the notice obligations under the Note Agreement," and attached what he stated was a "true and

correct copy of the Notice of Default" to his affidavit. (Scherzer Aff. ¶ 11, Ex. C.) However, this conclusory assertion is contradicted by documentary evidence. Documents produced by Dresser-Rand show that Mr. Scherzer attached the Notice of Default to an e-mail addressed to "espanaam@pdvsa.com [espanaam@pdvsa.com]; bolivars@pdvsa.com [bolivars@pdvsa.com]; dequintalf@pdvsa.com [dequintalf@pdvsa.com]; diazwd@pdvsa.com [diazwd@pdvsa.com]." (DRESSER_0061901.) However, the Notice of Default was not addressed in accordance with the Note Agreement, which mandates that any notice sent by e-mail be addressed to bolivar*rr*s@pdvsa.com" – not bolivars@pdvsa.com. (Scherzer Aff. Ex. A at § 9.01 (emphasis added).) Because the Notice of Default was not properly addressed, it does not constitute notice given under the Note Agreement. (*See id.* ("All notices . . . shall be deemed to have been given on the date of receipt if delivered by hand or overnight courier service or sent by fax or electronic mail, in each case delivered, or sent (*properly addressed*) to such party in this Section 9.01 . . . ." (emphasis added).)

Indeed, Dresser-Rand's documents demonstrate that the improperly addressed Notice of Default was not actually delivered. The e-mail with the Notice of Default attachment "wasn't delivered due to a permission or security issue." (DRESSER_000061899.) Other than the undelivered February 14, 2019 e-mail, no other documents have been produced by Dresser-Rand showing that the Notice of Default was properly sent to PDVSA. (Muir Decl. ¶ 9.)[5]

---

[5] Outside of its motion, Dresser-Rand has represented to counsel that the Notice of Default, in addition to being transmitted by e-mail, was hand delivered to PDVSA via DHL, which it intends to demonstrate on reply. However, no proof of DHL transmission was submitted in support of its motion (or even referenced in the Scherzer Affidavit), and no documents evidencing DHL transmission were produced in response to this Court's order. (Muir Decl. ¶ 9.) Defendants expressly object to Dresser-Rand's submission of new evidence to support this contention on reply. *See U.S. v. East River Housing Corp.*, 90 F. Supp. 3d 118, 161-62 (S.D.N.Y. 2015) (declining to consider evidence submitted for first time on reply and denying summary judgment); *MPD Accessories B.V. v. Urban Outfitters*, No. 12 Civ. 6501(LTS)(KNF), 2013 WL 7211833, at *2 n.4 (S.D.N.Y. Dec. 17, 2013) ("Because the Defendants' reply papers improperly included new evidence in an effort to cure the evidentiary deficiencies in their original submission, Magistrate Judge Fox did not err by refusing to consider portions of these reply papers because plaintiff

As a consequence of the failure to deliver the Notice of Default, the purported Notice of Acceleration is likewise invalid.  Although the Notice of Acceleration states that "[o]n February 14, 2019, pursuant to Article VII of the Note Agreement, Dresser-Rand provided written notice of default" (Scherzer Aff. Ex. D), this is inaccurate.  The "Notice of Default" was not actually given on February 14, and thus the Notice of Acceleration was also ineffective and invalid.

For this reason alone, Dresser-Rand's motion for summary judgment should be denied.  *See Vangas v. Montefiore Med. Ctr.*, 6 F. Supp. 3d 400, 411-12 (S.D.N.Y. 2014) (denying summary judgment to MMC because triable issues of act existed with respect to whether MMC's notice was properly addressed).   And, because delivery of the properly addressed Notice of Default in accordance with the Note Agreement is a condition precedent to its claim, Dresser-Rand's motion not only should be denied, but the action should be dismissed.  *See Prudential Ins. Co. of Am. v. Hilton Hotels Corp.*, No. 95 CIV. 5575 (KMW), 1996 WL 340002, at *3 (S.D.N.Y. June 19, 2006) (dismissing breach of contract and breach of fiduciary duty claims due to plaintiff's failure to allege compliance with requisite notice of default procedures); *Rondout Valley Cent. Sch. Dist. v. Coneco Corp.*, 339 F. Supp. 2d 425, 439 (N.D.N.Y. 2004) ("In the present case, because RVCSD never received written notice that it was in default, it never had the allotted thirty days in which to cure, precluding a finding that it defaulted on the Agreement." (citations omitted)); *Wells Fargo Bank, N.A. v. Eisler*, 118 A.D.3d 982, 983, 988 N.Y.S.2d 682, 683 (App. Div. 2d Dep't 2014) (finding that lower court properly denied plaintiff's motion for summary judgment and dismissed action for plaintiff's failure to comply with condition precedent).

---

did not have an opportunity to address such evidence and because '[a]rguments may not be made for the first time in a reply brief.'" (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993))).

## III.   DRESSER-RAND HAS FAILED TO ESTABLISH ITS PRIMA FACIE CASE.

Dresser-Rand's summary judgment motion should be denied because it has not satisfied its initial, threshold, burden of showing its entitlement to a judgment as a matter of law, through the submission of admissible evidence.  "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."  *Goldstein v. Laurent*, No. 09cv2437 (PKC), 2011 WL 3586447, at *2 (S.D.N.Y. Aug. 2, 2011) (quoting *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009)).  "An affidavit (or declaration) must contain more than mere conclusory statements, and a basis for the affiant's acquisition of his or her personal knowledge of any submitted exhibits must be readily discernible from the face of the affidavit."  *Quinones v. City of N.Y.*, 16cv0985 (GBD) (DF), 2018 WL 4658799, at *3 (S.D.N.Y. Jul. 13, 2018) (citation omitted).

To prove Defendants' alleged failure to make the requisite payments due under the Note and the mailing of the Notices of Default and Acceleration, Dresser-Rand submitted the affidavit of Erik Scherzer, Credit and Collections Manager of Dresser-Rand Company, and attached as exhibits copies of the Note Agreement, the Note, the Notice of Default, and the Notice of Acceleration.  (Scherzer Aff. ¶ 1, Exs. A-D.)  Mr. Scherzer attested:

> This affidavit is based upon my review of the custodial records relating to the agreements at issue in the above-captioned matter, my familiarity with the company's practices and procedures, and my personal involvement with the transactions discussed herein.  As such, I hereby certify that each of the documents attached hereto comprise a full and complete copy of the documents created at or near the time they are dated and have been kept by the company in the ordinary course of its business.

(*Id.* ¶ 1).  He further attested that Defendants failed to make the required payments when due. (*Id.* ¶¶ 7-9, 12, 15).

The Scherzer Affidavit is inadmissible to prove Defendants' alleged default.  Mr. Scherzer does not attest to having personal knowledge of Defendants' failure to make the

requisite payments through his own personal observation.  Indeed, it is unclear if his statements regarding Defendants' default were based on his review of records, his familiarity with the company's practices and procedures, or his personal involvement.

Furthermore, Mr. Scherzer provides no basis on which to assess whether or how he could have any personal knowledge of Defendants' alleged failure to make the requisite payments.  Mr. Scherzer simply states that he is the Credit and Collections Manager of Dresser-Rand.  (Scherzer Aff. ¶ 1.)  But he provides no description or explanation of his "personal involvement" with the unspecified "transactions discussed herein," or otherwise establishes a basis for personal knowledge of Defendants' alleged failure to make the requisite payments under the Note.  *See Quinones*, 2018 WL 4658799, at *3 (rejecting declaration on summary judgment motion because it "wholly omits any explanation regarding the release's origin, any basis for the declarant's belief that the person who purportedly signed the release is the same person as Plaintiff in this case, or any type of certification, on personal knowledge, that the document is what it purports to be"); *Howard v. City of N.Y.*, No. 12 Civ. 933(JMF), 2014 WL 84357, at *1 (S.D.N.Y. Jan. 6, 2014) (adopting portion of magistrate's report and recommendation that declined to rely on plaintiff's declarations when evaluating summary judgment motion because "[t]hey failed to provide any basis on which to assess how Mr. Howard had personal knowledge of the facts in question"); *with Estate of Smith v. Cash Money Records, Inc.*, 14cv2703, 2018 WL 2224993, at *5 (S.D.N.Y. May 15, 2018) (finding declaration admissible as properly based on personal knowledge when declarant specifically attested to having personal knowledge and explained basis for acquisition of that knowledge).

Although Mr. Scherzer attests to having reviewed records of Dresser-Rand, no records evidencing Defendants' alleged default were attached to his affidavit and properly introduced

into evidence.[6]  *Cf. Countrywide Home Loans, Inc. v. Brown*, 223 F. Appx. 13, 14-15 (2d Cir. 2007) (finding that district court properly admitted payment schedule into evidence under business records exception).  Mr. Scherzer cannot rely on his review of unidentified business records to confer personal knowledge of Defendants' default.  "[A] review of records maintained in the normal course of business does not vest an affiant with personal knowledge." *JPMorgan Chase Bank, N.A. v. Grennan*, 175 A.D.3d 1513, 1517, 109 N.Y.S.3d 436, 441 (App. Div. 2d Dep't 2019).  Without the introduction of the actual business records, "a witness's testimony as to the contents of the records is inadmissible hearsay."  *Bank of N.Y. Mellon v. Gordon*, 171 A.D.3d 197, 206, 97 N.Y.S.3d 286, 294 (App. Div. 2d Dep't 2019) (quoting 35 Carmody-Wait 2d § 194:94 (2019) (additional citations omitted)).

Accordingly, the portions of the Scherzer Affidavit pertaining to Defendants' alleged default and all other portions that were not based on his personal knowledge are inadmissible hearsay and should be disregarded by this Court. *See Quinones*, 2018 WL 4658799, at *3. And because Dresser-Rand offered no other evidence – aside from the inadmissible Scherzer Affidavit – to prove Defendants' alleged failure to make the requisite payments under the Note, Dresser-Rand has not established its prima facie entitlement to a judgment as a matter of law. *See Grennan*, 175 A.D.3d at 1517, 109 N.Y.S.3d 436 ("Since Panganiban's affidavit was the only evidence of default proffered in support of the motion [and was not made on personal knowledge], the plaintiff failed to establish its prima facie entitlement to summary judgment on the complaint on this additional ground.").  For this reason, alone, Dresser-Rand's motion for summary judgment should be denied, without regard to Defendants' opposition. *See Giannullo v.*

---

[6] The Note Agreement expressly requires the Noteholder to "maintain in accordance with its usual practice an account or accounts evidencing the indebtedness of the Issuer to such Noteholder resulting from each Note issued hereunder, including the amounts of principal and interest payable and paid to such Noteholder from time to time under this Agreement in respect to each such Note."  (Scherzer Aff. Ex. A at § 2.02(b).)

*City of N.Y.*, 322 F.3d 139, 140-41 (2d Cir. 2003) (when movant "fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, even if no opposing evidentiary matter is presented, for the non-movant is not required to rebut an insufficient showing").

## IV.   TRIABLE ISSUES OF MATERIAL FACT EXIST THAT PRECLUDE SUMMARY JUDGMENT.

Even if Dresser-Rand had satisfied its burden of showing entitlement to a judgment as a matter of law (and it did not for the reasons stated above), Dresser-Rand's motion for summary judgment should be denied.  Although Defendants are currently unable to specifically admit or deny Dresser-Rand's allegations because, to date, they remain unable to access the documents and information relevant to Dresser-Rand's claims, as further explained below, triable issues of material fact exist that preclude summary judgment to Dresser-Rand.

### A.   A Triable Issue of Fact Exists With Respect to Defendants' Alleged Default.

A triable issue of fact exists with respect to PDVSA's alleged default on its payment obligations under the Note.  According to Dresser-Rand, PDVSA made the first two payments due under the Note (on April 20, 2017 and July 20, 2017), but failed to make any payments due thereafter.  (Scherzer Aff. ¶ 7.)  Contrary to that assertion, documents produced by Dresser-Rand – in its supplemental production on December 4, 2019 – show that PDVSA made an additional payment on January 31, 2018.  (DRESSER_0061898.)  The amount of that payment ($1,960,212.37) is exactly the same amount as the payments due on October 20, 2017 and January 20, 2018.  (*Compare* DRESSER_0061898, *with* Scherzer Aff. Ex. B.)

A triable issue of material fact therefore exists with respect to Defendants' alleged default on their payment obligations, the very basis of this lawsuit.  Indeed, the manner in which Dresser-Rand's rolling production has unfolded suggests that "copies of all correspondence and

documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments" have not been produced by Dresser-Rand,[7] which may include evidence of additional payments.  For this additional reason, Dresser-Rand's motion for summary judgment should be denied.

### B.    Triable Issues of Fact Exist with Respect to Defendants' Impossibility Defense.

Triable issues of fact exist with respect to whether circumstances outside of Defendants' control made it impracticable, if not impossible, for Defendants to perform their obligations under the Note and Note Agreement.  "Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged unless the language or the circumstances indicate the contrary."   Restatement (Second) of Contracts § 261.

The Note Agreement requires PDVSA, as issuer, to make each payment under the Note, "on the date when due in immediately available [U.S.] Dollars,  solely and exclusively in [U.S.] Dollars as currency for payment . . . to the Administrative Agent . . . or to its account set forth on Schedule 2.08."  (Scherzer Aff. Ex. A at § 2.08.)

Documents produced by Dresser-Rand show that PDVSA attempted to make additional payments but was unable to do so in the form and manner required by the Note Agreement because the sanctions imposed against PDVSA in August 2017[8] caused PDVSA's wire transfers,

---

[7] Neither the Notice of Default nor any documents concerning the Notice were produced by Dresser-Rand until this omission was specifically raised by Defendants.  (Muir Decl. ¶¶ 4, 8.)  And to date, Dresser-Rand still has not produced the Notice of Acceleration or any documents referencing that Notice.  (*Id.* ¶¶ 4, 9.)

[8] Executive Order 13808, effective August 25, 2017, prohibits U.S. persons from any dealings in: certain new debt of PDVSA and the government of Venezuela; existing bonds issued by the government of Venezuela; and dividend payments or other distributions of profits to the government of Venezuela from any entity controlled by the government; among other restrictions.  *See* Exec. Order No. 13808, 82 Fed. Reg. 41155 (Aug. 25, 2017).

although lawful, to be delayed and rejected by Dresser-Rand's designated bank.   PDVSA attempted to make a payment on November 21, 2017, but that payment was rejected due to the bank's "internal policies." (DRESSER_0059847.)  PDVSA thereafter sought an extension of its time to make payment, explaining that, as a result of the sanctions imposed against PDVSA, "the correspondent financial institutions take longer to process routine transfers involving PDVSA." (DRESSER_0059589.)  On December 18, 2017, PDVSA asked Dresser-Rand to provide another bank account to which it could make payments, as Citibank, the bank designated by Dresser-Rand in the Note Agreement, was rejecting payments from PDVSA.  (DRESSER_0059846-0059847.)  On December 27, 2017, Dresser-Rand responded and provided information on its account with CommerzBank.  (DRESSER_0059844-0059845.)  Although PDVSA was able to make an additional payment to Dresser-Rand on January 31, 2018 (DRESSER_0061898), PDVSA continued to face problems with banks refusing its payments in U.S. dollars, and thus, in February 2018, in an effort to resolve these issues, PDVSA asked Dresser-Rand if it could make the required payments in euros, as opposed to U.S. dollars.  (DRESSER_0004339.)  According to documents produced by Dresser-Rand, it appears that Dresser-Rand was amenable to this request, and on March 2, 2018, by e-mail, proposed an amendment to the Note Agreement that would change the payment currency to euros.  (DRESSER_0004337-0004339.)  However, it is unclear from Dresser-Rand's production – the only documents available to Defendants concerning this action – if the amendment was ever finalized, as no correspondence responsive to Dresser-Rand's March 2, 2018 e-mail was produced.

Dresser-Rand's designated banks' rejection, and delay in processing, of PDVSA's wire transfers made it impracticable for PDVSA to make the required payments under the terms of the Note Agreement.  Dresser-Rand's own documents demonstrate that PDVSA was ready and

willing to make payments in November 2017 and February 2018, and that the only reason those payments were not made was that Dresser-Rand's bank rejected them.

Moreover, the blocking sanctions imposed by the United States on PDVSA in January 2019 made it *impossible* for Defendants to make the requisite payments under the Note and Note Agreement.

> In general impossibility may be equated with an inability to perform as promised due to intervening events, such as an act of state or destruction of the subject matter of the contract. A government order prohibiting performance under a contract may be grounds for claiming impossibility . . . where the fault of the party owing performance did not contribute to the order . . . .

*Inter-American Dev. Bank v. Nextg Telecom Ltd.*, 503 F. Supp. 2d 687, 696 (S.D.N.Y. 2007) (internal citations and quotation marks omitted).

On January 28, 2019, pursuant to Executive Order 13850, OFAC designated PDVSA as a Specially Designated National and Blocked Person ("SDN") for operating in the oil sector of the Venezuelan economy.[9] As a result of that designation, all PDVSA property and interests in property, including those of Petróleo, that are in the United States or that come within the United States or that are under the possession or control of any U.S. persons are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in without authorization from OFAC.[10]

Thus, even if Dresser-Rand had sent the Notice of Default to Defendants on February 14, 2019, as it claims, as a result of PDVSA's designation as an SDN, it was impossible for Defendants to cure PDVSA's alleged default within the five day period following that Notice, or make any payment to Dresser-Rand under the Note. This is material because, as previously explained, "the failure to pay the principal of, or interest on any of the Notes, when such

---

[9] U.S. Dep't of Treasury, Press Releases, "Treasury Sanctions Venezuela's State-Owned Oil Company Petroleos de Venezuela, S.A." (Jan. 28, 2019), available at https://home.treasury.gov/news/press-releases/sm594.

[10] Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018).

principal becomes due and payable," only qualifies as an "Event of Default," entitling Dresser-Rand to accelerate the entire outstanding balance, when "such failure continues for a period of five (5) days after written notice thereof has been given to the Issuer." (Scherzer Aff. Ex. A at Art. VIII(a).)

And under the circumstances here, Defendants cannot be faulted for the blocking sanctions that made their performance impossible. Indeed, in designating PDVSA as an SDN, the Secretary of Treasury explained:

> The United States is holding accountable those responsible for Venezuela's tragic decline, and will continue to use the full suite of its diplomatic and economic tools to support Interim President Juan Guaidó, the National Assembly, and the Venezuelan people's efforts to restore their democracy. Today's designation of PdVSA will help prevent further diverting of Venezuela's assets by Maduro and preserve these assets for the people of Venezuela. The path to sanctions relief for PdVSA is through the expeditious transfer of control to the Interim President or a subsequent, democratically elected government.[11]

At the very least, Defendants' inability to access assets is an issue of fact that precludes summary judgment to Dresser-Rand. "Resolution of the defense of impossibility requires an examination into the conduct of the party pleading the defense in order to determine the presence or absence of such fault. In all but the clearest cases this will involve issues of fact that preclude summary judgment." *Inter-American Dev. Bank*, 503 F. Supp. 2d at 696 (internal citations and quotation marks omitted). For this additional reason, Dresser-Rand's summary judgment motion should be denied.

---

[11] U.S. Dep't of Treasury, Press Releases, "Treasury Sanctions Venezuela's State-Owned Oil Company Petroleos de Venezuela, S.A." (Jan. 28, 2019), available at https://home.treasury.gov/news/press-releases/sm594.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Dresser-Rand's motion for summary judgment in lieu of complaint in its entirety; dismiss the action for Dresser-Rand's failure to send proper notice of default, a condition precedent to Dresser-Rand's claim; and grant such other and further relief to Defendants as it deems just and proper.

Dated: December 18, 2019

Respectfully submitted,

HOGAN LOVELLS US LLP

By:  /s/ Robin L. Muir
     Dennis H. Tracey, III
     Robin L. Muir
     390 Madison Avenue
     New York, New York 10017
     Tel: (212) 918-3000
     Fax: (212) 918-3100
     dennis.tracey@hoganlovells.com
     robin.muir@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*
