UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DRESSER-RAND COMPANY,

                Plaintiff,

      -against-

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

                Defendants.

Docket No.: 1:19-cv-002689-LLS

**DECLARATION OF ROBIN L. MUIR IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** *(MODIFIED)*

**Robin L. Muir** submits this declaration under penalty of perjury, which may include fine or imprisonment:

1.     I am a senior associate of Hogan Lovells US LLP, counsel for defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A. (together, "Defendants") in the above-captioned action. I respectfully submit this declaration in opposition to plaintiff Dresser-Rand Company's motion for summary judgment in lieu of complaint. This declaration modifies and replaces the declaration previously submitted in opposition to Plaintiff's motion (Dkt. 48).[1]

2.     On September 6, 2019, because of Defendants' continued "lack of access to their own records in Venezuela," the Court ordered Plaintiff to produce "copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments," and set a briefing schedule on Plaintiff's summary judgment motion. (Dkt. No. 37.)

3.     Pursuant to that order, Plaintiff initially produced a total of 9,429 documents. On September 27, 2019, Plaintiff made an initial production of 472 documents, comprised of 4,367

---

[1] As a result of Plaintiff's supplemental document production on December 4, 2019 – after Defendants served and filed opposition to Plaintiff's motion for summary judgment in lieu of complaint on November 18, 2019 (Dkt. Nos. 47-48) – the parties agreed to a modified briefing schedule (Dkt. No. 52), which permits Defendants to supplement or modify their original opposition by December 18, 2019.

pages. On October 2, 2019, Plaintiff made a second production of 2,904 documents, comprised of 17,114 pages. On October 15, 2019, Plaintiff made a third production of 6,053 documents, comprised of 40,377 pages.

4. Based on my review of the documents produced by Plaintiff as of November 18, 2019, the notice of default and notice of acceleration, attached as Exhibits C and D, respectively, to the Affidavit of Erik Scherzer in Support of Motion for Summary Judgment in Lieu of Complaint (Dkt. No. 1-1), were not among the documents produced by Plaintiff. I also was unable to locate the notices within Plaintiff's production using numerous "key word" and "date sent" searches on the document review database, Relativity.

5. Annexed hereto as **Exhibit 1** is a true and correct image of a document produced by Plaintiff, bearing Bates numbers DRESSER_0004337-0004340. Plaintiff agreed to remove the "confidential" designation of this document to avoid the need for filing under seal.

6. Annexed hereto as **Exhibit 2** are true and correct images of documents produced by Plaintiff, bearing Bates numbers DRESSER_0059592 and DRESSER_0059589-0059590. Plaintiff agreed to remove the "confidential" designation of these documents to avoid the need for filing under seal.

7. Annexed hereto as **Exhibit 3** is a true and correct image of a document produced by Plaintiff, bearing Bates numbers DRESSER_0059844-0059848, along with a certified translation of that document from Spanish to English. Plaintiff agreed to remove the "confidential" designation of this document, subject to the redaction of bank account numbers and other personal identifying information, to avoid the need for filing under seal.

8. On December 4, 2019, after Defendants served and filed opposition to Plaintiff's summary judgment motion on November 18, 2019 (Dkt. Nos. 47-48), Plaintiff made an

additional production of twenty documents in response to this Court's order, which included documents relating to the notice of default (DRESSER_0061899-0061902).

9. Other than the documents bearing Bates numbers DRESSER_0061899-0061902, no other documents have been produced by Plaintiff relating to the notice of default or Plaintiff's delivery of the notice by any means other than e-mail. The notice of acceleration was not among the documents produced by Plaintiff.

10. Annexed hereto as **Exhibit 4** are true and correct images of documents produced by Plaintiff, bearing Bates numbers DRESSER_0061897 and DRESSER_0061898.

11. Annexed hereto as **Exhibit 5** is a true and correct image of a document produced by Plaintiff, bearing Bates numbers DRESSER_0061899-0061900.

12. Annexed hereto as **Exhibit 6** are true and correct images of documents produced by Plaintiff, bearing Bates numbers DRESSER_0061901 and DRESSER_0061902.

Dated: December 18, 2019

/s/ Robin L. Muir
Robin L. Muir
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
(212) 918-3000
robin.muir@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*