**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DRESSER-RAND COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. *et al*,<br><br>*Defendants.* | No. 19-cv-02689-LLS<br><br>**REPLY DECLARATION OF**<br>**ERIK SCHERZER IN**<br>**FURTHER SUPPORT**<br>**OF PLAINTIFF'S MOTION**<br>**FOR SUMMARY JUDGMENT** |

ERIK SCHERZER, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Head of Credit and Collections in the Americas for Dresser-Rand Company ("Plaintiff"). I submit this declaration in further support of the Motion by Plaintiff, pursuant to Fed. R. Civ. P. 56, for Summary Judgment against defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A (together, "Defendants"), and in addition to my previous affidavit in Support of Plaintiff's Motion dated February 26, 2019 (the "Scherzer Affidavit").

2. I have been employed by Plaintiff since January 2004. My responsibilities as Head of Credit and Collections for Plaintiff include, among other things, overseeing the internal distribution of payments received from Plaintiff's customers, generally monitoring third-party payment obligations owed to Plaintiff, and sending initial and final demands for payments on behalf of Plaintiff.

3. This declaration is based upon my review of the books and records relating to the agreements at issue in the above-captioned matter, my familiarity with the company's practices and procedures, and my personal involvement with the transactions discussed herein. As such, I

- 2 -

hereby certify that each of the documents attached hereto comprise a full and complete copy of documents created at or near the time they are dated and have been kept by the company in the ordinary course of its business.

4. Any doubts raised by Defendants regarding my personal knowledge of the facts and issues in dispute are completely unfounded. As Defendants are certainly aware, at all relevant times, I maintained an active role in enforcing Defendants' obligations under the Note and Note Agreement.[1] Specifically, my roles included, among other things, monitoring and confirming the only two quarterly interest payments made by PDVSA on April 20, 2017 and July 20, 2017, contacting Defendants regarding the status of overdue payments, and sending correspondence to Defendants demanding amounts due under the Note Agreement.

5. My personal knowledge of the facts is borne out in numerous emails produced to Defendants by Plaintiff, a collection of which are summarized below.

6. For example, on March 31, 2017—three months after the parties executed the Note Agreement—Marvin Pinto, an employee of PDVSA, emailed me requesting information relating to PDVSA's first quarterly interest payment due on April 20, 2017. On April 5, 2017, I responded to Mr. Pinto's email by attaching a letter from Plaintiff's banking institution, Citibank, detailing the relevant payment instructions. A true and correct copy of my email to Mr. Pinto dated April 5, 2017 produced by Plaintiff, bearing Bates numbers DRESSER_0003585-0003589 is attached hereto as **Exhibit A**.

7. I was also responsible for ensuring that PDVSA paid Plaintiff on contractually-mandated repayment dates. In this regard, I regularly corresponded with Defendants regarding the status of PDVSA's payments.

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Scherzer Affidavit.

8. On April 21, 2017, for example, Patricia Lugo, an employee of PDVSA, emailed me confirming that PDVSA had paid its first quarterly interest payment due under the Note Agreement. A true and correct copy of Ms. Lugo's email dated April 21, 2017 produced by Plaintiff, bearing Bates numbers DRESSER_0020540-0020541 is attached hereto as **Exhibit B**.

9. Three months later, on July 20, 2017, I emailed Ms. Lugo requesting confirmation that PDVSA would make its second quarterly interest payment to Plaintiff as required under the Note Agreement. A true and correct copy of my email to Ms. Lugo dated July 20, 2017 produced by Plaintiff, bearing Bates number DRESSER_0020997 is attached hereto as **Exhibit C**.

10. Five days later, on July 25, 2017, I emailed PDVSA confirming that Plaintiff received PDVSA's second quarterly interest payment. A true and correct copy of my July 25, 2017 email to PDVSA produced by Plaintiff, bearing Bates numbers DRESSER_0003765-0003766, as well as a certified translation of same, are attached hereto as **Exhibit D**.

11. However, as detailed in my initial Affidavit, PDVSA made only the first two payments, on April 20, 2017 and July 20, 2017, and failed to make any additional payments as required pursuant to the Note Agreement and Note. Indeed, had PDVSA made any additional payments past the July 20, 2017 installment payment, I, in my capacity as Head of Credit and Collections in the Americas, would have known of such payment.

12. On January 31, 2018, I received an email from a PDVSA employee, Ms. Maritza Vallejo, indicating that PDVSA allegedly made a payment to Plaintiff in the amount of USD$ 1,960,212.37. A true and correct copy of Ms. Vallejo's email dated January 31, 2018 produced by Plaintiff, bearing Bates numbers DRESSER_0004249-0004250, is attached hereto as **Exhibit E**.

13. Plaintiff looked into this alleged payment, and on February 2, 2018, I emailed Ms. Vallejo, informing her that the funds had not been received by Plaintiff. I attached to my email to

Ms. Vallejo a communication from Citibank, advising that the payment had not been received, and that PDVSA, as "[t]he originator of the payment will need to have this investigated from their side in order to determine why the funds have not transmitted." A true and correct copy of my email to Ms. Vallejo dated February 2, 2018 produced by Plaintiff, bearing Bates numbers DRESSER_0004256-0004257 is attached hereto as **Exhibit F**.

14. On the same day, my colleague, Mr. Latorre, emailed other employees at PDVSA, with me on copy, also informing them that the alleged January 31, 2018 payment had not been received by Plaintiff, and attaching the same Citibank communication wherein Citibank informs that the payment had not been received. Mr. Latorre explained to PDVSA that it and/or its bank should investigate the reason why the funds had not been transferred to Plaintiff. A true and correct copy of Mr. Latorre's email dated February 2, 2018 produced by Plaintiff, as well as a certified translation of same, bearing Bates numbers DRESSER_0004253-0004254 is attached hereto as **Exhibit G**.

15. On February 2, 2018, Claudia Pérez of PDVSA responded to my email of the same date (**Exhibit F**), by forwarding my email to another PDVSA employee, and asking that employee to check why the alleged January 31, 2018 payment had not been received by Plaintiff. A true and correct copy of Ms. Pérez's email dated February 2, 2018 produced by Plaintiff, as well as a certified translation of same, bearing Bates numbers DRESSER_0004259-0004260 is attached hereto as **Exhibit H**.

16. I did not receive any other response from PDVSA to my February 2, 2018 email other than that from Ms. Pérez described in Paragraph 15 above (**Exhibit H**).

17. Accordingly, on February 7, 2018, I sent an email to Ms. Vallejo, asking her whether there was any update on the scheduled payment, and informing her that Plaintiff had still

not received the funds allegedly paid. A true and correct copy of my email to Ms. Vallejo dated February 7, 2018 produced by Plaintiff, bearing Bates numbers DRESSER_0004327-0004329, is attached hereto as **Exhibit I**.

18. I did not receive a response from PDVSA to my February 7, 2018 email.

19. On February 20, 2018, PDVSA emailed me requesting certain accommodations to the Note Agreement. Specifically, Ms. Vallejo inquired if Plaintiff would be amenable to receiving payments due under the Note Agreement in Euros. A true and correct copy of Ms. Vallejo's February 20, 2018 email produced by Plaintiff, bearing Bates number DRESSER_0004331 is attached hereto as **Exhibit J**.

20. On March 2, 2018, my colleague, Jose Latorre, emailed PDVSA, with me on copy, noting that Plaintiff was amenable to receiving past-due payments in Euros. In fact, Mr. Latorre attached a draft amendment to the Note Agreement reflecting a change in acceptable currency. Plaintiff, however, never received a response to this email. A true and correct copy of Mr. Latorre's email attaching a draft amendment to the Note Agreement produced by Plaintiff, bearing Bates numbers DRESSER_0004337-0004347 is attached hereto as **Exhibit K**.

21. As of February 14, 2019, Defendants were obligated to pay—and had yet to pay—$59,822,534.84 in past due principal and $10,229,858.31 in past due interest (for a total of $70,052,393.15).

22. Accordingly, on February 14, 2019, I executed a Notice of Default informing Defendants that they were in breach of their payment obligations under the Note Agreement and were at risk of triggering an "Event of Default" ("Notice of Default"). While the Notice of Default was prepared by Plaintiff's legal department, as the sender of the document, I confirmed that the contents of the Notice of Default—including details relating to repayment dates, principal and

interest amounts due under the Note and Note Agreement, as well as the parties' course of dealing—were accurate to the best of my knowledge.

23. On February 14, 2019, at 2:15 p.m., I emailed Ana Maria España (espanaam@pdvsa.com), Renny Bolivar (bolivars@pdvsa.com), among others, attaching a copy of the Notice of Default. A true and correct copy of my cover email attaching the Notice of Default, dated February 14, 2019, bearing Bates numbers DRESSER_0061901-0061902 is attached hereto as **Exhibit L**.

24. That same day, I asked Anna Wilson, Senior Paralegal at Plaintiff, to send the Notice of Default by DHL Express Worldwide ("DHL"), an overnight courier, to Ms. España and Mr. Bolivar at La Campina Av. Libertador, Calle El Empalme, Edificio Petroleos de Venezuela, Torre Este, Piso 8, Caracas, Venezuela.

25. I never saw or received a response from Defendants to the Notice of Default.

26. I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 23, 2019

                                                        ERIK SCHERZER