ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED: 2/11/20              │
└─────────────────────────────────┘
```

**DRESSER-RAND COMPANY,**

                Plaintiff,

       - against -

**PETROLEÓS DE VENEZUELA, S.A.** and
**PDVSA PETROLEÓ, S.A.,**

             Defendants.

19 Civ. 2689 (LLS)

**OPINION & ORDER**

    Plaintiff Dresser-Rand Company moves for summary judgment in the amount of $132,295,896.82 plus interest representing the balance due under a Note Agreement made by defendants Petroleós de Venezuela, S.A. ("PDVSA") as Issuer, and guaranteed by PDVSA Petroleó, S.A. ("Petroleó") as Guarantor.

    For the following reasons, the motion is granted as against Petroleó and denied as to PDVSA.

## BACKGROUND

### *The Note Agreement*

    On January 20, 2017, the parties entered into the Note Agreement (Scherzer Aff. ¶ 3, Ex. A.), with Dresser-Rand as Noteholder and Administrative Agent, PDVSA as Issuer, and Petroleó as Guarantor. In the Note Agreement, PDVSA agreed to pay the amount reflected in a corresponding Note (Id., Ex. B) in which PDVSA promised to pay Dresser-Rand the principal sum of $119,645,069.70 in scheduled payments, with an annual interest rate of 6.5% and a default interest rate of 8.5%.

Under the Note Agreement Petroleó's responsibilities as Guarantor are:

**Section 6.01    Guarantee.**  The Guarantor, as primary obligor and not merely as surety, hereby absolutely, irrevocably and unconditionally guarantees to the Administrative Agent and the Noteholders the prompt payment when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter, of the Obligations . . . .

"This Guarantee is a guarantee of payment and not of collection."  Note Agreement § 6.02.

**Section 6.03    No Discharge or Diminishment of Note Guarantee**

(a)  Unconditional.  Except as otherwise provided herein, the obligations of the Guarantor hereunder are unconditional and absolute and not subject to any reduction, limitation, impairment or termination for any reason (other than the indefeasible payment in full in cash of the Guaranteed Obligations), including: (i) any claim of waiver, release, extension, renewal, settlement, surrender, alteration or compromise of any of the Guaranteed Obligations, by operation of law or otherwise; . . . .

**Section 6.04    Defenses Waived.**  To the fullest extent permitted by applicable law, the Guarantor hereby waives any defense based on or arising out of any defense of the Issuer or the Guarantor or the unenforceability of all or any part of the Guaranteed Obligations from any cause, or the cessation from any cause of the liability of the Issuer or the Guarantor, other than the indefeasible payment in full in cash of the Guaranteed Obligations.

### *Repayment Efforts and Litigation*

PDVSA made its first two payments without incident. Dresser-Rand's bank rejected PDVSA's next two payments due to "internal policy."  Scherzer Aff. ¶7; Muir Decl. Ex. 3 at 11.

PDVSA partly attributed its inability[1] to timely pay Dresser-Rand
to the United States government's August 25, 2017 imposition of
limitations on PDVSA.  Executive Order 13808, 82 Fed. Reg.
41155, states:

> **Section 1.** (a) All transactions related to, provision
> of financing for, and other dealings in the following
> by a United States person or within the United States
> are prohibited:
> (i)   new debt with a maturity of greater than 90 days
>        of Petroleos de Venezuela, S.A. (PdVSA);
> (ii)  new debt with a maturity of greater than 30 days,
>        or new equity, of the Government of Venezuela,
>        other than debt of PdVSA covered by subsection
>        (a)(i) of this section;  . . . .

Dresser-Rand extended PDVSA's time to make payments, and PDVSA
asked Dresser-Rand if they could pay them through a different
bank and in a different currency than those specified in the
Note Agreement.  Some steps were taken in that direction, but
Dresser-Rand never received another payment from PDVSA.  Muir

---

[1]

> Due to unforeseeable circumstances beyond the control of PDVSA,
> including but not limited to prevailing market prices of crude
> oil and the arbitrary and unilateral imposition of economic
> sanctions against PDVSA by the government of the United States of
> America, by way of Executive Order 13808 issued by President
> Donald J. Trump, PDVSA has been materially affected in its
> ability to timely satisfy the payments derived from the Note
> Agreement and the Note R-1. These sanctions are unfortunately
> impacting the timing of transfers which are legitimate and
> permissible under all applicable laws, as the correspondent
> financial institutions take longer to process routine transfers
> involving PDVSA.

November 29, 2017 Letter from PDVSA to Dresser-Rand Company Re: Note
Agreement dated January 20, 2017 for US$119,645,069.70 - Waiver request
regarding payment of interest under Note R-1, Muir Decl. Ex. 5.

Decl. Exs. 1-3; Scherzer Reply Decl. Exs. J, K; Scherzer Aff. ¶7.

On February 14, 2019, over a year after its last payment from PDVSA, Dresser-Rand sent defendants a Notice of Default. Scherzer Aff. Ex. C.  A week later Dresser-Rand's counsel sent both defendants a Notice of Acceleration, declaring all unpaid money under the Note and Note Agreement to be due and payable in full.  Scherzer Aff. Ex. D.

On February 26, 2019, Dresser-Rand filed a motion for summary judgment in lieu of complaint in the Supreme Court of the State of New York, New York County.  On March 26, 2019, defendants removed the summary judgment action to this Court.

In view of the turbulent political and economic situation in Venezuela, and defendants' counsels' representations that they were unable to defend against the motion because they had no access to their clients' documents or factual sources, consideration of the summary judgment motion was deferred for 120 days to allow defendants, in Venezuela, to search for evidence to support their defense and allow the upheaval in Venezuela to subside.  Two months later, with no improvement in the Venezuelan situation, the Dresser-Rand plaintiff (which had all or most its originals and copies of the documents material to the loan transaction) was ordered to "forthwith make available to defendants copies of all correspondence and

-4-

documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments," which they did.

That process (consisting of all feasible discovery), having been completed, the parties made their submissions on the motion.

## STANDARD

A *prima facie* case for recovery on a promissory note requires only "proof of a note and failure to make payment." Camofi Master LDC v. Coll. P'ship, Inc., 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006).  Once the noteholder has established its *prima facie* case, the defendant's only way to avoid summary judgment is to demonstrate the "existence of a triable issue of fact in the form of a bona fide defense against the note." Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Keenan, 93 Civ. 6784, 2005 WL 736233, at *1 (S.D.N.Y. Mar. 31, 2005).

## DISCUSSION

### *Dresser-Rand's* Prima Facie *Case*

Initially, the defendants challenged whether Mr. Scherzer had sufficient personal knowledge of the facts to render his affidavits acceptable, but a substantial showing has been made that he has personal knowledge of the default in payments. That, with the documents themselves, make a prima facie case for recovery on the Note.

### *PDVSA's Impossibility Defense*

PDVSA need only show there is a genuine issue of material fact about whether governmental sanctions make it impracticable or impossible for it to pay Dresser-Rand.

The U.S. governmental sanctions imposed on PDVSA before it defaulted on the Note block all transactions or other dealings between United States persons and PDVSA respecting new debt.  On January 28, 2019 pursuant to a further Executive Order, No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018), the United States Treasury Office of Foreign Assets Control (OFAC) blocked designated persons (including PDVSA) from transferring any property in the United States.  Executive Order 13850 states:

> **Section 1.** (a) All property and interests in property that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person of the following persons are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in: any person determined by the Secretary of the Treasury, in consultation with the Secretary of State:
>
> > (i) to operate in the gold sector of the Venezuelan economy or in any other sector of the Venezuelan economy as may be determined by the Secretary of the Treasury, in consultation with the Secretary of State; . . . .
>
> (b) The prohibitions in subsection (a) of this section apply except to the extent provided by statutes, or in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the date of this order.

-6-

The Treasury Secretary's January 28, 2019 Determination Pursuant
to Section 1(a)(i) of Executive Order 13850 applies those
restraints to the oil sector:

> To further address the extraordinary threat to the
> national security and foreign policy of the United
> States described in E.O. 13850, and in consultation
> with the Secretary of State, I hereby determine that
> section 1(a)(i) shall apply to the oil sector of the
> Venezuelan economy. Any person I or my designee
> subsequently determine, in consultation with the
> Secretary of State, operates in this sector shall be
> subject to sanctions pursuant to section 1(a)(i).

As a matter of law these sanctions make it legally
impossible here for PDVSA to pay Dresser-Rand.

While there may be ways to circumvent the prohibition
(e.g. by using other sources and currencies) at least at
present those are effectively frozen by the United States
government blocking action.

Accordingly, there are material issues of
impossibility of payment to prevent the entry of judgment
as a matter of law against PDVSA.

### *Petroleó's Unconditional Waiver of Defenses*

On the other hand Petroleó as Guarantor has waived all
defenses except for complete payment.

The Note Agreement's description of the Guarantor as
"primary obligor and not merely as surety," and the guarantee as
"a guarantee of payment and not of collection," imposes on

Petroleó the direct obligation to pay Dresser-Rand the

outstanding balance on the Note, independent of PDVSA's

payment obligation.  Note Agreement §§ 6.01, .02.  And the

Note Agreement's description of the Guarantor's payment

obligation as

> unconditional and absolute and not subject to any
> reduction, limitation, impairment or termination for
> any reason (other than the indefeasible payment in
> full in cash of the Guaranteed Obligations),
> including: (i) any claim of waiver, release,
> extension, renewal, settlement, surrender, alteration
> or compromise of any of the Guaranteed Obligations, by
> operation of law or otherwise[,]

in conjunction with its statement that

> To the fullest extent permitted by applicable law, the
> Guarantor hereby waives any defense based on or
> arising out of any defense of the Issuer or the
> Guarantor or the unenforceability of all or any part
> of the Guaranteed Obligations from any cause, or the
> cessation from any cause of the liability of the
> Issuer or the Guarantor, other than the indefeasible
> payment in full in cash of the Guaranteed
> Obligations[,]

waived all Petroleó other possible defenses.  Id. §§ 6.03,

.04.  Neither defendant alleges complete payment, nor could

they.

There is no question about the Guarantor's liability; it is

fully liable under the guarantee for the amount which remains

unpaid.  Whether it is presently possible for the guarantor to

make the payment, or the satisfaction of the judgment must be

deferred as a matter of U.S. law, are issues that are not

presented on this motion.

**CONCLUSION**

Plaintiff Dresser-Rand Company's motion for summary judgment (Dkt. No. 1-1) is granted against defendant-Guarantor PDVSA Petroleó, S.A. ("Petroleó") and denied as to defendant-Issuer Petroleós de Venezuela, S.A. ("PDVSA").

This leaves plaintiff's claim against PDVSA still to be adjudicated. See Fed. R. Civ. P. 54(b).

The parties shall appear at a status conference on Friday, February 21, 2020 at 2:30 PM to discuss those matters.

So ordered.

Dated:    February 11, 2020
          New York, New York

Louis L. Stanton

LOUIS L. STANTON
U.S.D.J.