

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 18, 2020

**Via ECF**

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-cv-02689-LLS

Dear Judge Stanton:

This firm represents plaintiff Dresser-Rand Company ("D-R") in the above-referenced action.

Pursuant to Rule 2(A) of Your Honor's Individual Rules of Practice, we respectfully request permission to file a motion for entry of a final judgment against defendant PDVSA Petróleo, S.A. ("Petróleo") based on the Court's Opinion & Order (the "Order") dated February 11, 2020 (ECF No. 59). Petróleo's counsel have been consulted and oppose the motion.

Under Fed R. Civ. P. 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Courts consider the following three factors when deciding a Rule 54(b) motion, with no one factor controlling the analysis: (1) whether the case involves multiple claims or parties; (2) whether the court's decision finally disposes of a claim or party; and (3) whether "there is no just reason for delay" in entry of judgment. *Grand River Enters. Six Nations, Ltd. V. Pryor*, 425 F.3d 158, 164–65 (2d Cir. 2005); *Ginett v. Computer Task Grp.*, 962 F.2d 1085, 1091, 1096 (2d Cir. 1992). The decision to enter partial final judgment is left to the discretion of the court, which should exercise its discretion "in the interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1980).

Here, all three factors for Rule 54(b) certification are satisfied.

***First***, the Order granted D-R summary judgment against Petróleo, but denied summary judgment against defendant Petróleos de Venezuela, S.A. ("PDVSA") because of an issue of fact. As to Petróleo, the Court found that Petróleo, as guarantor of the Note Agreement at issue, unconditionally waived all possible defenses to D-R's claim for nonpayment of the Note Agreement, and thus "[t]here is no question about [Petróleo's] liability; it is fully liable under the guarantee for the amount which remains unpaid." Order at 8. Accordingly, the claim against Petróleo is resolved, with Petróleo liable to D-R in the amount of $132,295,896.25 plus interest representing the balance due under the Note Agreement. *See id.* at 1.

***Second***, the Order fully and finally resolved D-R's claim against Petróleo in D-R's favor. "To be certified under Rule 54(b), an order must possess the degree of finality required to meet the appealability

Hon. Louis L. Stanton
February 18, 2020
Page 2

ReedSmith

requirements of 28 U.S.C. § 1291. . . . This degree of finality is defined as a judgment which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Kahn v. Chase Manhattan Bank*, 91 F.3d 385, 388 (2d Cir. 1996) (citations and internal quotation marks omitted). Put differently, "[a] . . . party's interest must be adjudicated to finality, such that there is nothing more to do . . . for that party but await conclusion of the remaining portions of the litigation." Steven Baicker-McKee, *et al.*, FEDERAL CIVIL RULES HANDBOOK 2015, at 1084 (West 2014).

Here, there is nothing more for the parties to do with respect to D-R's claim against Petroléo. The Court found "no question" as to Petroléo's liability. Order at 8. Indeed, the Court made clear that the only claim that still needs to be adjudicated is that asserted against PDVSA. *See id.* at 9. The merits of D-R's claim against Petroléo have been resolved and the only remaining action for the Court is to issue a judgment against Petroléo.

***Finally***, there is no just reason for delaying certification. "[I]n deciding whether there is no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. As a general rule, "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for Rule 54(b) certification." *Correspondent Servs. Corp. v. J.V.W. Inv., Ltd.*, 232 F.R.D. 173, 175 (S.D.N.Y. 2005).

Here, D-R's claim against Petroléo presents discrete legal and factual issues, and is not inextricably interrelated with D-R's claim against PDVSA. *See Computech Int'l, Inc. v. Compaq Computer Corp.*, No. 02 Civ. 2628 (RWS), 2004 WL 2291496 (S.D.N.Y. Oct. 12, 2004) ("the mere interrelatedness of claims does not connote their inseparability [for Rule 54(b) purposes]").[1] In fact, claims against guarantors are often treated differently from those against the primary borrower. *See ICBC (London) PLC v. Blacksands Pacific Group, Inc.*, 662 F. App'x 19 (2d Cir. 2016) (affirming certification pursuant to Rule 54(b) of summary judgment in lieu of complaint in favor of plaintiff and against guarantor, despite the existence of surviving counter-claims against plaintiff because "'[guarantor's] payment obligation under the BLA is entirely independent of its counterclaims against [plaintiff]: regardless of the merits of those counterclaims, [guarantor] has an 'absolute and unconditional' obligation to repay the bridge loan"); *Ford Motor Credit Co. LLC v. Simao*, No. 7:10-cv-859, 2011 U.S. Dist. LEXIS 10414 (N.D.N.Y. Feb. 3, 2011) (granting Rule 54(b) motion against one guarantor who was subject to a default judgment despite the existence of other defendants who also made personal guarantees on the loan).

Indeed, as Your Honor noted in the Order, the Note Agreement makes clear that Petroléo has liability as "primary obligor and not merely as surety," that it issued a "guarantee of payment and not of collection," and that is has a "direct obligation" to pay D-R the outstanding balance of the Note, "***independent*** of PDVSA's payment obligation." Order at 7–8 (emphasis supplied); *see United States v. B.C.F Oil Refining Inc.*, No. CV-05-0562 (CPS), 2007 WL 81933, at *4 (E.D.N.Y. Jan. 9, 2007 (granting Rule 54(b) motion for entry of judgment against one defendant because the claims "though based on the

---

[1] "[I]f the interrelatedness present in multi-party and multi-claim cases were sufficient to render claims inextricably interwoven, then 'every multiparty cases (and virtually every multiclaim case) would elude the entry of a rule 54(b) judgment, and rule 54(b) would be meaningless'." *Computech*, 2004 WL 2291496, at *3 (quoting *Ginnet v. Computer Task Group, Inc.*, 962 F.2d 1085, 1095–96 (2d Cir. 1992).

Hon. Louis L. Stanton
February 18, 2020
Page 3



same set of operative facts, are independent of each other" and there was a "risk of hardship for the plaintiff" if the motion was not granted). Thus, any issues still to be determined as to PDVSA's liability to D-R have no bearing on Petroléo's absolute and unconditional liability as Guarantor, and there is thus no risk of "successive appeals from successive decisions on interrelated issues." *In re Bank of Am. Corp. Secs., Derivative and ERISA Litig.*, Nos. 09 MD 2058, 10 Civ. 2284 (PKC), 2013 WL 5933649 (S.D.N.Y. Nov. 5, 2013).

      Further, with respect to the equities, this case has been pending for close to a year, despite D-R pursuing its claim through the expedited measure of summary judgment in lieu of complaint. From the outset, D-R has taken the position that Petroléo does not have any conceivable defenses to D-R's claim, given Petroléo's unconditional guaranty. Petroléo, however, had nearly ten months to identify a viable defense, including with the benefit of several months of limited discovery, but was not able to do so. Notably, Petroléo did not raise a single defense relating to the unconditional nature of its guaranty; rather, PDVSA conceded that it was in default of the Note Agreement by not being current on its payment due to D-R. *See* ECF No. 58, Exs. B–G. Thus, there is no just reason to leave D-R's claim against Petroléo in limbo while D-R's claim against PDVSA is fully adjudicated; rather, doing so would defeat the purpose of the Note Agreement and Petroléo's unconditional guaranty, which provides D-R with the option to elect how to pursue any right or remedy available to it against any Obligated Party (as that term is defined in the Note Agreement). *See* Note Agreement § 6.04 at ECF No. 1-2 at 45. Further, should D-R's claim against Petroléo continue to languish, D-R may be prejudiced because collectability on D-R's claim against Petroléo could become impaired over time. For the foregoing reasons, we respectfully request that the Court grant D-R leave to file a motion to entry of final judgment in D-R's favor, and against Petroléo, pursuant to Rule 54(b). We will be prepared to address this application at the next status conference on February 21, 2020 at 2:30 p.m. *See* ECF No. 59.

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Jordan W. Siev*

Jordan W. Siev

cc:    All Counsel of Record (*via ECF*)