

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

February 20, 2020

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Company v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
      S.D.N.Y. Docket No. 1:19-cv-002689-LLS

Dear Judge Stanton:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") in the above-referenced action. We write in response to the letter from counsel for plaintiff Dresser-Rand Company ("Dresser-Rand") dated February 18, 2020 (Dkt. No. 60), requesting permission to move for entry of partial final judgment against Petróleo.

We respectfully submit that Dresser-Rand's request should be denied as premature when the time to move for reconsideration of this Court's February 11, 2020 order (Dkt. No. 59) has not yet expired under Local Civil Rule 6.3.  Petróleo intends to move for reconsideration of this Court's grant of summary judgment against it by the February 25, 2020 deadline.

In its forthcoming motion, Petróleo will clarify that it has been, and continues to be, subject to the same blocking sanctions that made PDVSA's performance impossible.  *See* 31 C.F.R. § 591.406 (property and interests in property of entities in which a designated entity, such as PDVSA, owns, directly or indirectly, a 50 percent or greater interest are subject to the same blocking restrictions applicable to the designated entity).  In addition, Petróleo will establish that it did not knowingly and intentionally waive impossibility as a defense.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Alexander*, 728 F. Supp. 192, 199 (S.D.N.Y. 1989).  Moreover, Petróleo should not be regarded as having waived impossibility as a defense as a matter of public policy.  *See Wells Fargo Bank Northwest, N.A. v. Energy Ammonia Transport. Corp.*, No. 01 Civ. 5861(JSR), 2002 WL 31368264, at *1-2 (S.D.N.Y. Oct. 21, 2002).  If, upon reconsideration, summary judgment as to Petróleo is denied, Dresser-Rand's motion for entry of partial final judgment will be moot.

Dresser-Rand's request also should be denied as futile because partial final judgment against Petróleo is not warranted under Rule 54(b). "A district court's discretion under Rule 54(b) to decide partial final judgment in advance of final adjudication of all claims should be 'exercised sparingly' and 'only if there are interests of sound judicial administration and efficiency to be served . . . .'" *Helios Internat'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 190 (S.D.N.Y. 2014) (citations omitted).  "In determining whether to grant partial judgment, a court should consider the relationship between the adjudicated and unadjudicated claims." *Siderpali, S.P.A. v. Judal Industs., Inc.*, 833 F. Supp. 1023, 1034 (S.D.N.Y. 1993) (citation omitted).  "Even where there has been a finding of liability on summary judgment, courts deny entry of partial final judgment on a single claim where there remain pending interrelated claims." *Helios*, 23 F. Supp. 3d at 190 (citations omitted).  Here, there can be no dispute that Dresser-Rand's claim against Petróleo is inextricably intertwined with its remaining claim against PDVSA, as both arise from the same underlying debt.  Furthermore, contrary to its assertion, Dresser-Rand will not be prejudiced if partial final judgment is denied because the blocking sanctions prohibit enforcement any judgment.

For the foregoing reasons, Defendants respectfully submit that the Court defer consideration of Dresser-Rand's request for permission to move for entry of partial final judgment until Petróleo's forthcoming motion for reconsideration is decided or, in the alternative, enter a briefing schedule for both motions to be briefed simultaneously.

We will be prepared to further discuss these issues at the status conference scheduled for Friday, February 21, 2020 at 2:30 p.m.

Respectfully yours,
/s/ Robin L. Muir
Robin L. Muir

Senior Associate
robin.muir@hoganlovells.com
D 212 918 3264


cc:     All Counsel of Record (*via ECF*)