UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DRESSER-RAND COMPANY,

        Plaintiff,

   -against-

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

        Defendants.

Docket No.: 1:19-cv-002689-LLS

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT PDVSA PETRÓLEO, S.A.'S MOTION FOR RECONSIDERATION

HOGAN LOVELLS US LLP
Dennis H. Tracey, III
Robin L. Muir
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

Richard C. Lorenzo (pro hac vice)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*

Defendant Petróleo[1] respectfully submits this reply memorandum in further support its motion for reconsideration of the order granting summary judgment against Petróleo (Dkt. No. 59).

## ARGUMENT IN REPLY

As explained in Petróleo's Opening Brief, this Court should reconsider its grant of summary judgment against Petróleo and specifically, its finding that Petróleo waived all defenses and thus, is precluded from asserting impossibility as a defense.  Petróleo respectfully submits that this Court overlooked factual and procedural issues that may have materially influenced the Court's earlier decision.

Upon reconsideration, Petróleo, a Venezuelan state-owned oil and gas company, submits that this Court should deny summary judgment as against Petróleo.  The blocking sanctions imposed by OFAC made Petróleo's performance under the Note Agreement legally impossible in the same way that they impaired PDVSA's performance; both PDVSA and Petróleo are Venezuelan state-owned entities operating in the Venezuelan oil sector, and thus, both are subject to OFAC's blocking sanctions.  Moreover, Petróleo did not knowingly waive impossibility as a defense, and, as a matter of public policy, Petróleo should not be regarded as having waived impossibility as a defense.

Dresser-Rand opposes Petróleo's motion, arguing that Petróleo "fails to satisfy the exacting standard for reconsideration."  Dresser-Rand contends that this Court did not overlook that Petróleo, a Venezuelan state-owned oil and gas company, was subject to the same blocking sanctions that made PDVSA's performance impossible or the unique procedural circumstances

---

[1] Petróleo adopts herein the same terms defined in its opening Memorandum of Law in Support of Defendant PDVSA Petróleo, S.A.'s Motion for Reconsideration (Dkt. No. 63) ("Opening Brief").

of the case.  Rather, according to Dresser-Rand, both were considered and rejected by this Court when deciding the underlying summary judgment motion.

Although the standard for reconsideration is strict, it is not as "exacting" or formulaic as Dresser-Rand suggests.  As explained in Petróleo's Opening Brief, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018) (internal quotation marks and citations omitted)).  When a movant makes a showing of exceptional circumstances, whereby matters that were previously presented were misconstrued, the district court may grant reconsideration "to prevent manifest injustice from ensuing."  *See In re SAIC, Inc. Sec. Litig.*, No. 12 Civ. 1353(DAB), 2014 WL 407050, at \*5 (S.D.N.Y. Jan. 30, 2014) (internal quotation marks and citations omitted).  Indeed, the Federal Rules of Civil Procedure expressly provide that any order or decision "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Fed. R. Civ. P. 54(b).

Accordingly, under the circumstances here, it is well within this Court's discretionary authority to reconsider its award of summary judgment against Petróleo.  As explained in Petróleo's Opening Brief, this Court overlooked the fact that Petróleo, as a Venezuela state-owned oil company, has been, and continues to be, subject to the same blocking sanctions that made PDVSA's performance impossible, and that both Petróleo and PDVSA asserted impossibility as a defense to Dresser-Rand's claims. (Dkt. No. 63 at p. 7.)  This Court may have also overlooked the unique procedural stance of this case, where Petróleo's first opportunity to formally respond to Dresser-Rand's allegations and plead affirmative defenses was in opposition to Dresser-Rand's motion for summary judgment in lieu of a complaint.  (Dkt. No. 63 at p. 8.)

In opposing Petróleo's motion, Dresser-Rand next asserts that Petróleo's arguments about the scope and enforceability of the waiver provision are new and improperly advanced for the first time on a motion for reconsideration.  According to Dresser-Rand, "[i]t is black letter law that a party moving for reconsideration may not make new arguments that could have been, but were not, made in the underlying motion."

Petróleo does not dispute that a motion for reconsideration is not a vehicle for "taking a second bite at the apple."  New or expanded arguments, however, *may* be properly advanced on a motion for reconsideration when the movant has an excuse for why such arguments were not raised previously.  *See Holmes v. Lorch*, No. 03 Civ. 4616 LTS THK, 2004 WL 2102336, at *2 (S.D.N.Y. Sept. 21, 2004) ("While generally 'the moving party may not advance new facts, issues or arguments not previously presented' on a motion for reconsideration, the Court credits counsel's representations as to his reasons for failing to make them on a timely basis . . . .").  As explained in Petróleo's Opening Brief, the unique procedural circumstances of this case – where Petróleo's first opportunity to respond to Dresser-Rand's allegations and "plead" impossibility as a defense was in opposition to Dresser-Rand's motion for summary judgment in lieu of a complaint – provide the Court with the discretionary authority to consider these arguments now. And because Petróleo has consistently maintained that it has not waived all defenses, Petróleo respectfully submits that this Court should find that a triable issue of fact exists with respect to whether the waiver provision precludes Petróleo from asserting impossibility as a defense or, at the very least, allow additional briefing on the validity of the waiver.

Lastly, Dresser-Rand argues that, even if reconsideration was warranted, this Court should reach the same conclusion and hold that "Petróleo as Guarantor has waived all defenses except for complete repayment."  Dresser-Rand contends that "[c]ourts routinely dismiss

3

guarantors' defenses, including the defense of impossibility, where, such as here, a party seeks to enforce an absolute and unconditional guarantee," and that a court in this District found that the same "unconditional" guarantee language "unambiguously rules out any defense premised on the alleged illegality of the Guarantor's obligations."

Contrary to Dresser-Rand's assertion, the circumstances here – and the nature of Petróleo's argument – are distinguishable.  Although other courts in this District have found that similar waiver language precluded a guarantor from asserting illegality as a defense to liability, as Dresser-Rand contends, courts have long held that the "[i]nvalidity of a contract offensive to public policy cannot be waived by the parties . . . [as] it is a barrier which the court itself [is] bound to raise in the interests of the due administration of justice."  *Wells Fargo Bank Northwest, N.A. v. Energy Ammonia Transport. Corp.*, No. 01 Civ. 5861(JSR), 2002 WL 31368264, at *2 (S.D.N.Y. Oct. 21, 2002) (citations omitted).  Here, in addition to arguing that Petróleo did not knowingly waive impossibility as a defense, Petróleo argues that the waiver provision is invalid to the extent that its enforcement is contrary to public policy and thus, does not preclude Petróleo from asserting impossibility as a defense.  Dresser-Rand fails to appreciate the distinction between these arguments in its opposition.

Further, Dresser-Rand's reliance on *Bank of New York Mellon v. Omega Energy International, S.A.*, No. 18-cv-9198 (CM), 2019 WL 4198676 (S.D.N.Y. Aug. 7, 2019), is misplaced, as that case is distinguishable for several reasons.  In *Omega*, Nikoil, the defendant-guarantor, argued that its performance under the guarantee was "excused, impossible, or both" because Colombian law made such performance "illegal."  *See id.* at *4.  According to Nikoil, Colombian law required Nikoil to pay the Colombia tax authority before any other creditors, including the plaintiff, and because Nikoil allegedly lacked sufficient assets to pay the

Colombian tax authority and the plaintiff, "it would be illegal for it to pay what it owes on the guarantee." *Id.*

The Court rejected this defense for two primary reasons. *See id.* First, the Court found that, under the terms of the guarantee, Nikoil waived all defenses. *See id.* "This 'unconditional' guarantee unambiguously rules out 'any defense' premised on the alleged illegality of the Guarantor's obligations." *Id.* Second, the Court found that the alleged "illegality" did not excuse Nikoil's performance as a matter of law. *See id.* at *5.

> Under New York law, inability to pay a guarantee, whether because of a tax freeze or any other encumbrance on a guarantor's funds, does not excuse a guarantor's underlying liability or prevent a court from entering judgment thereon. It may be the case that Nikoil Energy Corp. does not have enough money to make good on its guarantee today, whether because it lacks the assets to do so or because its Colombian assets . . . must first be used to satisfy a Colombian tax lien . . . . But [the plaintiff] can still obtain a judgment on the guarantee, and it can collect on that judgment for the next twenty years.

*Id.* (internal citations omitted).

This case is distinguishable. In this case, in contrast to the defendant in *Omega*, Petróleo argues that the waiver provision is invalid and unenforceable to the extent that its enforcement is contrary to public policy. It is well-settled that the "[i]nvalidity of a contract offensive to public policy cannot be waived by the parties . . . ." *Energy Ammonia Transport. Corp.*, 2002 WL 31368264, at *2 (citations omitted). Whether the waiver provision was void as offensive to public policy was not at issue in *Omega*.

Moreover, here, in contrast to *Omega* – where the defendant argued that performance of its payment obligations under the guarantee would be "inconsistent" with Colombian law requiring it to pay the Colombia tax authority before other creditors – the blocking sanctions underlying Petróleo's impossibility defense made it illegal for both PDVSA and Petróleo to make payments to Dresser-Rand. Under the blocking sanctions, all PDVSA property and

interests in property, including those of Petróleo, that are in the U.S. or that come within the U.S. or that are under the possession or control of any U.S. persons are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in without authorization from OFAC. *See* Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018).  As this Court found, "[a]s a matter of law these sanctions make it *legally impossible* here for PDVSA to pay Dresser-Rand." (Dkt. No. 59, p. 7 (emphasis added).)  So too for Petróleo.  *See* 31 C.F.R. § 591.406 (property and interests in property of entities in which a designated entity, such as PDVSA, owns, directly or indirectly, a 50 percent or greater interest are subject to the same blocking restrictions applicable to the designated entity).

In addition, in contrast to *Omega*, the blocking sanctions at issue here were imposed by the United States for humanitarian and diplomatic reasons.  The Secretary of Treasury explained:

> The United States is holding accountable those responsible for Venezuela's tragic decline, and will continue to use the full suite of its diplomatic and economic tools to support Interim President Juan Guaidó, the National Assembly, and the Venezuelan people's efforts to restore their democracy.  Today's designation of PdVSA will help prevent further diverting of Venezuela's assets by Maduro and preserve these assets for the people of Venezuela.  The path to sanctions relief for PdVSA is through the expeditious transfer of control to the Interim President or a subsequent, democratically elected government.[2]

Under these circumstances, as a matter of public policy, the waiver provision in the Note Agreement should not preclude Petróleo from asserting impossibility as a defense.  At the very least, a triable issue of fact exists with respect to the validity of the waiver.

---

[2]     U.S. Dep't of Treasury, Press Releases, "Treasury Sanctions Venezuela's State-Owned Oil Company Petroleos de Venezuela, S.A." (Jan. 28, 2019), available at https://home.treasury.gov/news/press-releases/sm594.

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in Petróleo's Opening Brief, this Court should grant Petróleo's motion for reconsideration and, upon reconsideration, deny Dresser-Rand's motion for summary judgment as to Petróleo, and grant such other and further relief to Petróleo as it deems just and proper.

Dated: March 20, 2020

<div style="margin-left:50%">

Respectfully submitted,

HOGAN LOVELLS US LLP

/s/ Dennis H. Tracey, III
Dennis H. Tracey, III
Robin L. Muir
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

Richard C. Lorenzo (pro hac vice)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*

</div>