**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No. 19-cv-02689 (LLS)**

DRESSER-RAND COMPANY,

*Plaintiff,*

v.

PETRÓLEOS DE VENEZUELA, S.A. *et al.*,

*Defendants.*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF**
**FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*
*Dresser-Rand Company*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...................................................................................... 1

RELEVANT FACTUAL BACKGROUND........................................................................ 2

LEGAL STANDARD......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

I.      This Action Involves Independent Claims by D-R Against Multiple Parties..................... 4

II.     The Summary Judgment Order Fully and Finally Resolved  D-R's Claim
        Against Petróleo................................................................................................... 5

III.    There is no Just Reason to Delay Entry of Final Judgment ................................................ 6

        A.      Plaintiff's Claim Against Petróleo is not Inherently Inseparable From
                or Inextricably Interrelated With its Claim Against PDVSA ................................ 6

        B.      The Equities Favor Immediate Entry of Judgment Against Petróleo ................... 8

CONCLUSION.................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 650 Fifth Avenue and Related Props.*,
    No. 08-cv-10934 (KBF), 2014 WL 12778253 (S.D.N.Y. May 27, 2014).............................11

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,
    No. 09 MD 2058 (PKC), 2013 WL 5933649 (S.D.N.Y. Nov. 5, 2013) ..................................8

*Bowne of N.Y.C. v. AmBase Corp*,
    161 F.R.D. 270 (S.D.N.Y. 1995) ..........................................................................................7, 9

*Computech Int'l, Inc. v. Compaq Computer Corp.*,
    No. 02-cv-2628 (RWS), 2004 WL 2291496 (S.D.N.Y. Oct. 12, 2004) ..................................6

*Correspondent Servs. Corp. v. J.V.W. Inv., Ltd.*,
    232 F.R.D. 173 (S.D.N.Y. 2005) ...........................................................................................6

*Cullen v. Margiotta*,
    811 F.3d 698 (2d Cir. 1987)....................................................................................................4

*Curtiss-Wright Corp. v. General Elec. Co.*,
    446 U.S. 1 (1980).................................................................................................................6, 9

*Ford Motor Credit Co. LLC v. Simao*,
    No. 7:10-cv-859, 2011 U.S. Dist. LEXIS 10414 (N.D.N.Y. Feb. 3, 2011).............................7

*Gaind v. Pierot*,
    No. 04-cv-9407 (TPG), 2006 WL 2255227 (S.D.N.Y. Aug. 7, 2006) ....................................9

*Gard Entertainment, Inc. v. Country in N.Y., LLC*,
    96 A.D.3d 683 (1st Dep't 2012) ............................................................................................6

*Ginett v. Computer Task Grp., Inc.*,
    962 F.2d 1085 (2d Cir. 1992)..........................................................................................4, 5, 8

*HSW Enters., Inc. v. Woo Lae Oak, Inc.*,
    No. 08-cv-08476-LBS, 2010 WL 1630686 ..........................................................................8

*ICBC (London) PLC v. Blacksands Pac. Grp. Inc.*,
    No. 15-cv-00070-LAK, 2015 WL 5710947 (S.D.N.Y. Sept. 29, 2015), *aff'd*,
    662 F. App'x 19 (2d Cir. 2016) ..........................................................................................5, 7

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Richheimer*,
    No. 86-cv-8361 (LLS), 1991 WL 8539 (S.D.N.Y. 1991)................................................5, 7, 10

*Pereira v. Cogan*,
  275 B.R. 472 (S.D.N.Y. 2002)..................................................................................10

*Raffles Tree Apparel Pte. Ltd. v. A Base IX Co. LLC*,
  No. 18-cv-05791 (JSR), 2019 WL 2117643 (S.D.N.Y. Apr. 29, 2019) .............................8, 10

*Sears Roebuck & Co v. Mackey*,
  351 U.S. 427 (1956)..........................................................................................9

*Telecom Int'l Am., Ltd. v. AT&T Corp.*,
  187 F.R.D. 492 (S.D.N.Y. 1999) ...............................................................................5

*United States v. Kocher*,
  468 F.2d 503 (2d Cir. 1972).................................................................................8

## Rules

Fed. R. Civ. P. 54 ..............................................................................................4

## Other Authorities

Corina Pons & Mayela Armas, Venezuela's financial crisis exacerbated by oil
  price war, coronavirus. REUTERS (Apr. 3, 2020 10:13 AM),
  https://www.reuters.com/article/idUSKBN21L251..............................................................10

Plaintiff Dresser-Rand Company ("Plaintiff" or "D-R") respectfully submits this Memorandum of Law in Support of its Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") as against defendant PDVSA Petróleo S.A. ("Petróleo").[1]

## PRELIMINARY STATEMENT

For the past two and a half years, Petróleo has tried to delay paying Plaintiff amounts indisputably owed pursuant to an absolute and unconditional guarantee ("Guarantee") in a Note Agreement dated January 20, 2017 ("Note Agreement").  On February 11, 2020, the Court entered an Opinion & Order ("Summary Judgment Order") confirming that Petróleo owes the full amount due under the Note Agreement to Plaintiff.  Pursuant to Rule 54(b)'s standard for the issuance of a judgment against fewer than all parties, judgment should be issued in Plaintiff's favor.

*First*, this action involves independent claims against multiple parties.  Plaintiff sued both PDVSA, as primary obligor, and Petróleo, as guarantor, with respect to their independent payment obligations under the Note Agreement and Guarantee.

*Second*, the Court has fully and finally resolved Plaintiff's claim against Petróleo for breach of the Guarantee.  Although the Court identified issues of fact related to PDVSA's defense of "impossibility of payment," the Court found "there is no question" that Petróleo "is *fully* liable under the guarantee for the amount which remains unpaid."  ECF No. 59 (Order) at 7-8 (emphasis added).  As such, the only remaining claim left to be adjudicated is Plaintiff's separate claim against PDVSA.

---

[1] Plaintiff does not seek entry of a final judgment against Defendant Petróleos de Venezuela ("PDVSA") because the Court has ordered that additional proceedings take place with respect to Plaintiff's claim against PDVSA.

*Third*, there is no "just reason" to delay entering final judgment of Plaintiff's claim against Petróleo.  Plaintiff's entitlement to summary judgment against Petróleo arises out of its "*primary*," "*direct*" and "*independent*" obligation to pay D-R, and is therefore not inextricably interrelated with or inherently inseparable from Plaintiff's remaining claim against PDVSA.  *See id.* (emphasis added).  The sole remaining issue in this action is PDVSA's impossibility defense, which the Court has already found inapplicable to Petróleo as a matter of law.

The equities likewise favor immediate entry of judgment against Petróleo.  Plaintiff initiated this action fourteen months ago under the expedited procedures for summary judgment in lieu of complaint under New York State Court procedure.  Any further delay significantly prejudices D-R's ability to collect against Petróleo given the company's deteriorating financial position and significant indebtedness to other creditors, including creditors that are not subject to United States blocking sanctions.

Accordingly, and pursuant to Rule 54(b), Plaintiff is entitled to entry of a final judgment on its claim against Petróleo.

## RELEVANT FACTUAL BACKGROUND

The factual background relevant to this action was presented to the Court through Plaintiff's moving brief and affidavits and exhibits in support of its motion for summary judgment in lieu of complaint ("Summary Judgment Motion"), which Plaintiff respectfully incorporates herein.  *See* ECF No. 1-1 (at page 98).  Plaintiff does not reiterate that history in full, but instead sets forth background salient to the instant motion and the issues before the Court.

Plaintiff initiated this action against Defendants more than a year ago, on February 26, 2019, in New York State Court by filing the Summary Judgment Motion pursuant to CPLR § 3213.  *See* ECF Nos. 1-1 & 1-2.  A month later, on March 26, 2019, Defendants removed the action to this Court.  *See* ECF No. 1.

On June 3, 2019, Defendants moved this Court, pursuant to Fed. R. Civ. P. 56(d), to deny or defer consideration of Plaintiff's Summary Judgment Motion because Defendants allegedly could not respond to Plaintiff's claims due to a supposed lack of information resulting from Venezuela's transition of government from the Maduro regime to the Guadió regime.  *See* ECF No. 17.  On July 3, 2019, the Court entered an order deferring consideration of Plaintiff's Summary Judgment Motion for 120 days.  ECF No. 32.  After Plaintiff produced approximately 9,500 documents to Defendants, on December 18, 2019, Defendants filed their modified opposition to the Summary Judgment Motion.  *See* ECF No. 53.

On February 11, 2020, the Court issued the well-reasoned Summary Judgment Order granting Plaintiff's Summary Judgment Motion against Petróleo.  In reaching its decision, the Court thoroughly considered and addressed each Defendant's respective obligations under the Note Agreement and Guarantee.  Although the Court identified issues of fact related to the defense of impossibility that prevented the entry of summary judgment against PDVSA, the Court determined that Petróleo, on the other hand, was fully liable under the Guarantee given the absolute and unconditional waiver of all defenses except for complete payment.  *See* ECF No 59 (Order) at 7-9.

On March 6, 2020, Petróleo moved this Court to reconsider its Summary Judgment Order because the Court purportedly "overlooked factual and procedural issues" that materially influenced the Court's decision.  *See* ECF No. 63.  On March 13, 2020, the Court denied Petróleo's reconsideration motion, thus confirming that Petróleo has no viable defenses to Plaintiff's claim. ECF No. 67.

## **LEGAL STANDARD**

Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly

determines that there is no just reason for delay." Rule 54(b).  In order to direct entry of judgment, Rule 54(b) requires that: "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment."  *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) (internal quotations omitted).  If the first two requirements are met, the Court determines the third factor based on "sound judicial discretion" in the interest of "sound judicial administration."  *Id.* at 1092 (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).  In particular, Rule 54(b) is meant to avoid "a serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered."  *Id.* at 1093.  The court will generally accept a certification in a close case that "will make possible a more expeditious and just result for all parties."  *Cullen v. Margiotta*, 811 F.3d 698, 711–12 (2d Cir. 1987) (quoting *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 286 (2d Cir. 1974)).

Here, Plaintiff's motion should be granted because Rule 54(b) is satisfied and the equities support immediate entry of judgment.

## ARGUMENT

## I.    This Action Involves Independent Claims by D-R Against Multiple Parties

This action plainly involves independent claims against multiple parties.  Plaintiff brought claims against PDVSA and Petróleo on the theory that each is independently liable for the amounts due under the Note Agreement.  *See* ECF No. 1-1 (ECF p. 102).  Defendants' separate obligations are clear from the underlying Note Agreement and Guarantee, and the Court has held that Petróleo is liable at this time as guarantor while PDVSA's liability will be determined at trial.  *See* ECF No 59 (Order) at 8-9.

## II.     The Summary Judgment Order Fully and Finally Resolved
##          D-R's Claim Against Petróleo

With respect to Rule 54(b)'s second requirement, the Summary Judgment Order fully and finally resolves Plaintiff's claim against Petróleo for breach of the Guarantee.  An order is "final" if it "ends the litigation of that claim on the merits and leaves nothing for the court to do but execute the judgment entered on that claim."  *Ginett*, 962 F.2d at 1092 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

Here, the Court fully and finally resolved Plaintiff's claim against Petróleo by finding "[t]here is *no question*" as to Petróleo's liability to Plaintiff under the Guarantee.  ECF No. 59 (Order) at 8 (emphasis added).  Specifically, the Court determined that Petróleo had a "direct obligation to pay [Plaintiff] the outstanding balance" on the Note Agreement and "waived *all defenses* except for complete payment."  *Id*. at 7-8 (emphasis added).  Because Petróleo is "fully liable under the guarantee for the amount which remains unpaid," no further Court action is needed as to Plaintiff's claim against Petróleo.  *See id*. at 9 (acknowledging that Plaintiff's claim against PDVSA is the only remaining claim "still to be adjudicated" in this action).

Plaintiff has therefore satisfied second requirement of Rule 54(b).  *See ICBC (London) PLC v. Blacksands Pac. Grp. Inc.*, No. 15-cv-00070-LAK, 2015 WL 5710947, at *11 (S.D.N.Y. Sept. 29, 2015), *aff'd*, 662 F. App'x 19 (2d Cir. 2016) (directing entry of final partial summary judgment pursuant to Rule 54(b) on default of guaranty notwithstanding remaining counterclaims by borrower and guarantor); *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 187 F.R.D. 492, 497–98 (S.D.N.Y. 1999) (directing entry of final partial summary judgment pursuant to Rule 54(b) for lessor against lessee-purchaser after default notwithstanding lessee-purchaser's remaining claims against seller); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Richheimer*, No. 86-cv-8361 (LLS),

1991 WL 8539, at *2 (S.D.N.Y. 1991) (Stanton, J.) (directing entry of final judgment on claims against defendants despite remaining third-party claims).

### III.     There is no Just Reason to Delay Entry of Final Judgment

Finally, there is no "just reason" to delay entering final judgment against Petróleo.  In determining whether there is a just reason to delay, the Court must "take into account judicial administrative interests as well as the equities involved."  *Correspondent Servs. Corp. v. J.V.W. Inv., Ltd.*, 232 F.R.D. 173, 175 (S.D.N.Y. 2005) (certifying judgment pursuant to Rule 54(b)).  As a general rule, "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for Rule 54(b) certification."  *Id.*  This is not such a case.

### A.     Plaintiff's Claim Against Petróleo is not Inherently Inseparable From or Inextricably Interrelated With its Claim Against PDVSA

In determining whether claims are inextricably interrelated, courts consider whether the claim under review is "separable from the others remaining to be adjudicated" and whether the nature of the claim already determined is such that "no appellate court [will] have to decide the same issues more than once even if there [are] subsequent appeals."  *Curtiss-Wright*, 446 U.S. at 8.  It is well settled, however, that "[t]he mere interrelatedness of claims does not connote their inseparability" for Rule 54(b) purposes.  *See Computech Int'l, Inc. v. Compaq Computer Corp.*, No. 02-cv-2628 (RWS), 2004 WL 2291496, at *3 (S.D.N.Y. Oct. 12, 2004) (granting entry of judgment pursuant to Rule 54(b)).

Plaintiff's claim against Petróleo presents discrete legal and factual issues entirely separate from its claim against PDVSA.  For example, under New York law, claims asserted against a guarantor are separate and distinct from claims asserted against a primary borrower.  *See Gard Entertainment, Inc. v. Country in N.Y., LLC*, 96 A.D.3d 683, 683 (1st Dep't 2012) (affirming summary judgment against a guarantor and noting "a guarantee agreement is separate and distinct

from the contract between lender and borrower. . . . Where a guarantee specifically imposes liability on the guarantor, it will be enforceable even though the principal escapes liability") (citations omitted).  As such, courts applying New York law routinely enter final judgment pursuant to Rule 54(b) on claims against guarantors arising out of their independent and separate obligations. *See ICBC* 662 F.Appx. at 23 (affirming Rule 54(b) certification of summary judgment in lieu of complaint in favor of plaintiff and against guarantor, despite the existence of surviving counterclaims against plaintiff by guarantor and borrower because "[guarantor's] payment obligation under the [agreement] is entirely independent of its counterclaims against [plaintiff] . . . [guarantor] has an 'absolute and unconditional' obligation to repay the bridge loan"); *Ford Motor Credit Co. LLC v. Simao*, No. 7:10-cv-859, 2011 U.S. Dist. LEXIS 10414, at *2-3 (N.D.N.Y. Feb. 3, 2011) (granting Rule 54(b) motion against one guarantor who was subject to a default judgment despite the existence of surviving claims against other defendants who made separate guarantees on the same loan).

Here, the Court determined that Petróleo's liability under the Guarantee is entirely separate and independent from PDVSA's obligations under the Note Agreement in the Summary Judgment Order.  Specifically, the Court found that Petróleo (i) is liable to Plaintiff as "*primary obligor* and not merely as surety," (ii) issued a "guarantee of payment and not of collection," and (iii) has a "*direct obligation*" to pay Plaintiff the outstanding balance on the Note, "*independent* of PDVSA's payment obligation." ECF No. 59 (Order) at 7-8 (emphasis added).  The mere fact that D-R's claims against Defendants arise out of the same financial transaction is not determinative.  *See Bowne of N.Y.C. v. AmBase Corp*, 161 F.R.D. 270, 273 (S.D.N.Y. 1995) (finding claims were separate for purposes of Rule 54(b) even though they were "in respect of or arising out of the same transaction, occurrence, or series of transactions and occurrences"); *Nat'l Union Fire*, 1991 WL

8539, at *2 (Stanton, J.) (finding claims were separate for purposes of Rule 54(b) despite being "based on the same facts").

Indeed, the lone remaining issue in this action – PDVSA's purported impossibility defense – has no bearing on Petróleo's liability because the Court already found such defense was unavailable to Petróleo as a matter of law. *See* ECF No. 59 (Order) at 7 (finding Petróleo "waived all defenses except for payment"). If Petróleo pursues an appeal of the Summary Judgment Order, the issues related to Petróleo's liability are limited and separable from Plaintiff's remaining claim against PDVSA. *See In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig*., No. 09 MD 2058 (PKC), 2013 WL 5933649, at *3 (S.D.N.Y. Nov. 5, 2013) (certifying judgment where "[t]he proposed appeal . . . would not implicate the merits" of the underlying claims); *HSW Enters., Inc. v. Woo Lae Oak, Inc.*, No. 08-cv-08476-LBS, 2010 WL 1630686, at *2-3 (certifying judgment because the Court did not address the underlying merits of the claim). Thus, the Second Circuit would not have to "decide issues twice" even if there were a subsequent appeal from a ruling on Plaintiff's claim against PDVSA. *See Ginett*, 962 F.2d at 1091, 1095 (affirming Rule 54(b) certification where there was "no reason to expect that an Appellate Court would have to look at the issues involved in the question of plaintiff's claim . . . on a second occasion").

### B. The Equities Favor Immediate Entry of Judgment Against Petróleo

The equities also favor immediate entry of judgment against Petróleo. In weighing the equities, the Court can take into account "whether delay would cause financial hardship to either party." *Raffles Tree Apparel Pte. Ltd. v. A Base IX Co. LLC*, No. 18-cv-05791 (JSR), 2019 WL 2117643, at *1 (S.D.N.Y. Apr. 29, 2019) (citations omitted) (granting certification of final judgment). Entry of final judgment in order to allow immediate recovery, where the outcome of the remaining proceedings will not lessen that partial recovery, is a proper function of Rule 54(b). *See United States v. Kocher*, 468 F.2d 503, 508–10 (2d Cir. 1972). This is especially true where

8

the defendant's solvency or ability to pay a judgment in the future is in question. *See Bowne*, 161 F.R.D. at 273-74 ("In particular, the solvency of the judgment debtor is a relevant consideration."); *Curtiss-Wright*, 446 U.S. at 12 ("[I]f [a defendant's] financial position were such that a delay in entry of judgment . . . would impair [a plaintiff's] ability to collect on the judgment, that would weigh in favor of certification [under Rule 54(b).]"). The Court's discretionary weighing of the equities is given "substantial deference" since the Court is "the one most likely to be familiar with the case and with any justifiable reasons for delay." *Sears Roebuck & Co v. Mackey*, 351 U.S. 427, 437 (1956) (affirming decision of Courts of Appeals that affirmed certification under Rule 54(b)).

Here, it has taken Plaintiff well over year to reach the cusp of entry of judgment despite originally invoking the expedited state procedure for summary judgment in lieu of complaint. Petróleo has stalled Plaintiff's clear entitlement to collect based on a purported lack of access to its own documents and witnesses, and then a baseless motion for reconsideration (ECF No. 62). The Summary Judgment Order is straightforward and based on well-established New York law.

Thus, there is no just reason to further delay the resolution of Plaintiff's claim against Petróleo while PDVSA's impossibility defense is separately litigated. Rather, doing so would defeat the express purpose of the Note Agreement. *See* Note Agreement § 6.04 at ECF No. 1-2 at 45 (empowering Plaintiff to pursue any right or remedy against any Obligated Party in the manner it deems fit); *see also Gaind v. Pierot*, No. 04-cv-9407 (TPG), 2006 WL 2255227, at *2 (S.D.N.Y. Aug. 7, 2006) (granting entry of partial final judgment under Rule 54(b) because "[a]ny further delay would prejudice the [] Defendants by leaving the matter unresolved for the additional, possibly lengthy period that will be required to adjudicate the claims against [remaining defendants]").

Finally, Plaintiff has a substantial interest in seeking to enforce its judgment before Petróleo's assets further dissipate.[2]  Indeed, news reports indicate that PDVSA, Petróleo's parent company, is facing substantial financial difficulties as a result of U.S. sanctions, plunging oil prices, and the COVID-19 pandemic.[3]  A final judgment is particularly urgent here given the growing number of multinational companies – many of which are not limited by the United States blocking sanctions on Venezuela – seeking to enforce their own judgments and/or arbitral awards against Defendants.[4]

The Court should therefore find that the equities favor the entry of a final judgment against Petróleo pursuant to Rule 54(b).  *See Raffles*, 2019 WL 2117643, at *2 (granting partial final judgment where there was "a material risk that a delay in the entry of final judgment may impair plaintiffs' ability to collect a judgment from defendant"); *Pereira v. Cogan*, 275 B.R. 472, 474 (S.D.N.Y. 2002) ("Courts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before the conclusion of judicial proceedings.") (collecting cases); *Nat'l Union Fire*, 1991 WL 8539, at *2 (Stanton, J.)

---

[2] The Court is presently empowered to issue a judgment against Petróleo despite the existing sanctions imposed on Venezuela – a fact Defendants already conceded in this litigation.  *See* ECF No. 20 (Declaration of Aleksandar Dukic, dated June 3, 2019), ¶ 13 (agreeing that applicable regulations and executive orders do not prevent this Court from issuing a judgment against Defendants).  In anticipation of receiving a judgment against Petróleo (and eventually PDVSA), on February 21, 2020, Plaintiff applied for a specific license from the Office of Foreign Assets Control ("OFAC") to permit broad enforcement of the eventual judgment.  Thus, once a judgment is issued by this Court, and Plaintiff receives its license from OFAC, Plaintiff will be able to promptly take enforcement action.  The additional step of obtaining approval from OFAC is no reason to delay this Court's issuance of a judgment.  Indeed, it may assist Plaintiff in obtaining a license from OFAC if it actually has such judgment "in hand."

[3] *See* Corina Pons & Mayela Armas, Venezuela's financial crisis exacerbated by oil price war, coronavirus. REUTERS (Apr. 3, 2020 10:13 AM), https://www.reuters.com/article/idUSKBN21L251.

[4] For example, the Third Circuit has permitted Crystallex International Corp., a Canadian mining company, to seize shares in a PDVSA subsidiary company in satisfaction of an unpaid $1.2 billion arbitration award against Venezuela. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, F.3d 126 (3d Cir. 2019).  Moreover, a multitude of additional creditors are either waiting to enforce their significant judgments (such as Conoco Phillips, who holds a $2 billion arbitration award) or currently pursuing claims against PDVSA and Petróleo. *See, e.g.*, *White Beech SNC v. PDVSA*, No. 18-cv-4148-PGG (S.D.N.Y. filed May 9, 2018); *Red Tree Investments v. PDVSA*, No. 19-cv-2519-AJN (S.D.N.Y. filed Mar. 21, 2019); *Lovati v. PDVSA*, No. 19-cv-4799 (S.D.N.Y. filed May 23, 2019).

(granting entry of final judgment because delay "may prejudice [plaintiff's] ability to enforce its judgments against [defendants], who are apparently experiencing some financial difficulties"); *In re 650 Fifth Avenue and Related Props.*, No. 08-cv-10934 (KBF), 2014 WL 12778253, at *1 (S.D.N.Y. May 27, 2014) (entering a Rule 54(b) judgment where the remaining issues had "no bearing on the matters that have already been decided" and there was no reason to delay defendant's appeal and "prolong [the] already-lengthy litigation").

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court direct entry of a final judgment as to its claim against Petróleo pursuant to Rule 54(b).

Dated:   New York, New York
         April 29, 2020

REED SMITH LLP

By:   */s/ Jordan W. Siev*
      Jordan W. Siev
      Geoffrey G. Young
      Nicole Lech
      599 Lexington Avenue
      New York, NY  10022
      Tel. (212) 521-5400
      Fax. (212) 521-5450

      *Attorneys for Plaintiff*