

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1  212  918  3000
F +1  212  918  3100
www.hoganlovells.com

May 29, 2020

*VIA ECF*

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *Dresser-Rand Company v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
        S.D.N.Y. Docket No. 1:19-cv-002689-LLS

Dear Judge Stanton:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") in the above-referenced action.  We write in regard to the reply (Dkt. Nos. 75-76) filed by plaintiff Dresser-Rand Company ("Dresser-Rand") in further support of its motion for entry of partial final judgment against Petróleo (Dkt. No. 70).

As explained in Petróleo's opposition (Dkt. No. 74), entry of partial final judgment is inappropriate at this stage because, among other reasons, Dresser-Rand's claim against Petróleo has not been "finally decided."  Although this Court has adjudicated Petróleo's liability, damages against Petróleo remain undetermined.  No judgment can be entered until the Court makes a determination on the material issues of fact regarding damages.  *See Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 69 (2d Cir. 1973) ("[A] district court [can] not endow with finality a judgment which determined the merits of all of the contentions asserted by parties but ha[s] not yet fixed the damages sought by the prevailing ones, even though 'the computation would now seem to be comparatively simple, if not ministerial in nature.'" (citation omitted)).

In an improper attempt to cure this fatal defect, in its reply, Dresser-Rand submits evidence of its calculations of the amounts that are allegedly due under the Note Agreement (Dkt. No. 76-3).  In addition to raising material issues of fact, Petróleo objects to this new evidence and respectfully submits that it should be disregarded by the Court.  *See U.S. v. East River Housing Corp.*, 90 F. Supp. 3d 118, 161-62 (S.D.N.Y. 2015) (declining to consider evidence submitted for first time on reply and denying summary judgment).  And because damages remain unproven and undetermined, among other reasons set forth in Petróleo's opposition (Dkt. No. 74), Dresser-Rand's motion for entry of partial final judgment should be denied.

In the alternative, should the Court consider Dresser-Rand's new evidence, Petróleo respectfully requests fourteen (14) days to file a sur-reply to respond to Dresser-Rand's calculations.

Respectfully yours,
/s/ Robin L. Muir
Robin L. Muir

Senior Associate
robin.muir@hoganlovells.com
D 212 918 3264