

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T + 1 212 918 3524
dennis.tracey@hoganlovells.com

June 22, 2020

*VIA ECF*

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Dresser-Rand Company v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
S.D.N.Y. Docket No. 1:19-cv-002689-LLS

Dear Judge Stanton:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") in the above-referenced action. We write in response to the letter from counsel for plaintiff Dresser-Rand Company ("Dresser-Rand") dated June 18, 2020 (Dkt. No. 81), requesting a pre-motion conference regarding the discovery requests that PDVSA recently served.

This action was commenced by motion for summary judgment in lieu of a complaint before it was removed to this Court.  In light of this, this Court found that PDVSA was not entitled to traditional discovery under Rule 26.  But, because of the highly unusual and unprecedented circumstances in Venezuela, where PDVSA does not even have access to its own documents and records, this Court ordered Dresser-Rand to produce "copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments."  (Dkt. No. 37.)

Dresser-Rand thereafter renewed its motion for summary judgment, arguing that no issue of material fact existed with respect to its claims against Defendants. This Court granted summary judgment against Petróleo, but denied summary judgment against PDVSA because "there are material issues of impossibility of payment to prevent the entry of judgment as a matter of law against PDVSA."  (Dkt. No. 59 at p. 7.)

In order to prepare for trial on this issue, PDVSA, which continues to lack access to its own documents and personnel, requires certain discovery that is necessary to present trial evidence on the issue of impossibility.  Accordingly, we proposed a schedule for pre-trial proceedings, including brief periods for fact and expert discovery on PDVSA's impossibility defense on an expedited basis, to Dresser-Rand's counsel:

| | |
|---|---|
| August 14: | Completion of fact discovery |
| September 11: | Expert reports due |
| October 16: | Completion of expert discovery |
| October 30: | Plaintiff's proposed findings of fact |
| November 13: | Defendant's proposed findings of fact |
| November 27: | Plaintiff's reply findings of fact |
| December 18: | Filing of pre-trial order and pre-trial briefs |

Dresser-Rand's counsel rejected our proposal, and refused to consider *any* discovery, including expert discovery (PDVSA intends to introduce expert testimony on the sanctions imposed by the U.S. government), before proceeding to trial. The parties participated in a meet and confer call on June 15, 2020, but were unable to resolve their differences. Dresser-Rand continues to argue that no fact issues remain in direct contravention of this Court's finding "there are material issues of impossibility of payment."

As explained below, we respectfully submit that the discovery requests are neither "improper," "unnecessary," or "untimely," as Dresser-Rand contends. (Dkt. No. 81 at p. 1.) Rather, they are relevant and narrowly tailored to PDVSA's impossibility defense, and required as a matter of due process.

**I.   PDVSA has the Due Process Right to Engage in Discovery on its Impossibility Defense.**

In contrast to the cases cited by Dresser-Rand (Dkt. No. 81 at p. 2), PDVSA has not previously had *any* opportunity to seek discovery on issues relevant to its impossibility defense. Because Dresser-Rand commenced this action by motion for summary judgment in lieu of a complaint, this Court previously found that Defendants were not entitled to traditional discovery under Rule 26, "only discovery under Rule 56(d)." (Dkt. No. 37.) However, in light of the Court's finding that an issue of fact exists, requiring trial, it is now essential that PDVSA be afforded the opportunity to obtain evidence necessary to prepare for trial.

The discovery that PDVSA seeks, as discussed below, is focused solely on the single issue that will be tried in this case. Under these circumstances, we respectfully submit that discovery on its impossibility defense before trial is not only warranted, but necessary as a matter of due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and *in a meaningful manner*." *Kigin v. State of N.Y. Workers' Comp. Bd.*, 24 N.Y.3d 459, 469, 999 N.Y.S.2d 800, 806 (N.Y. 2014) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (emphasis added)); *Brown v. Ashcroft*, 360 F.3d 346, 350 (2d Cir. 2004) ("At the core of due process is the right to notice of the nature of the charges and a meaningful opportunity to be heard." (internal quotation marks and citation omitted)).

**II.   The Discovery Requests are Narrowly Tailored to Obtain Facts Relevant to PDVSA's Impossibility Defense.**

At trial, PDVSA will present evidence that it attempted to make payment, but the payment was rejected by one or more correspondent banks. In order to establish its impossibility defense, PDVSA must prove that the reason for the rejection was U.S. government sanctions. Because PDVSA's personnel and documents are not available, we need to obtain evidence from Dresser-Rand and the relevant banks as to the reason for the payment rejections.

It is undisputed that Dresser-Rand, and specifically, Erik Scherzer, communicated with PDVSA regarding: (a) Citibank N.A.'s alleged non-receipt of funds transferred by PDVSA as payment to Dresser-Rand under the Note; (b) the possibility of designating a different bank for Dresser-Rand's receipt of payments under the Note; (c) the possibility of Dresser-Rand's acceptance of payments under the Note in Euros rather than U.S. Dollars; and (d) the schedule of payments to Dresser-Rand under the Note. All of these issues are relevant to the impossibility defense, and go directly to PDVSA's (unsuccessful) efforts to make the required payments.

PDVSA also requires discovery of the relevant banks in order to establish its defense and, in that regard, must serve subpoenas on Citibank, Deutsche Bank, Dinosaur Merchant Bank Ltd., and China CITIC Bank for documents relating to the subject fund transfers.

Dresser-Rand lacks standing to challenge the subpoenas issued by PDVSA. "As a general matter, in order to have 'standing to challenge a subpoena[,] . . . the objecting party [must have] a personal right or privilege in the information sought.'" *United States v. Avenatti*, (S1) 19 Cr. 373 (PGG), 2020 WL 378041, at *1 (S.D.N.Y. Jan. 23, 2020) (citations omitted). "A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590(LTS)(HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (citations omitted). Here, Dresser-Rand objects to the subpoenas on the grounds that they are "overbroad" and "will not elicit discovery bearing on PDVSA's own actions and obligations, or whether it was impossible to pay D-R." (Dkt. No. 81 at p. 3.) Dresser-Rand, however, does not have standing to challenge the subpoenas on these grounds.

Even if Dresser-Rand had standing, contrary to its assertion, the subpoenas served by PDVSA are narrowly tailored and critical to PDVSA's ability to present evidence on its impossibility defense at trial. The subpoenas served by PDVSA seek documents from China CITIC Bank, the bank that originated PDVSA's first two (successful) payments to Dresser-Rand and its (unsuccessful) November 2017 payment attempt; Deutsche Bank, a correspondent bank that rejected PDVSA's November 2017 payment attempt due to "internal policy"; and Dinosaur Merchant Bank Ltd., a correspondent bank that is believed to have rejected PDVSA's January 2018 payment attempt.[1] PDVSA also intends to serve a subpoena on Citibank N.A., the holder of the account that Dresser-Rand designated for payments under the Note, for documents regarding payments and attempted payments by or on behalf of PDVSA to Dresser-Rand's designated account. The documents sought in these subpoenas are essential to PDVSA's performance of its payment obligations was made impossible by banking institutions' refusal to transfer funds of PDVSA to Dresser-Rand's designated bank.

If the Court is inclined to schedule a pre-motion conference, we welcome the opportunity to further discuss these issues at that time.

Respectfully submitted,

Dennis H. Tracey, III

---

[1] On June 17, 2020, we received notice of rejection of service of Dinosaur Merchant Bank Ltd. in New York. We are now attempting to serve Dinosaur Merchant Bank Ltd. with the subpoena in its London office.

3