**MEMO ENDORSED**

# ReedSmith

**Driving progress through partnership**

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/20

June 18, 2020

Via ECF

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-cv-02689-LLS

*These discovery steps are reasonable, relevant and proportional to the case, and are allowed.*
*Louis L. Stanton*
*6/24/20*

Dear Judge Stanton:

This firm represents plaintiff Dresser-Rand Company ("D-R") in the above-referenced action. Pursuant to Rule 2A of Your Honor's Individual Rules and Local Civil Rule 37.2, we request a pre-motion discovery conference regarding defendant Petróleos de Venezuela, S.A.'s ("PDVSA") improper, unnecessary, and untimely discovery requests, including a Notice of Deposition to Mr. Erik Scherzer and "an officer, director or managing agent" of D-R (the "Deposition Notice"),[1] and Notices of Subpoena to Deutsche Bank Trust Corporation, Dinosaur Merchants Bank Ltd., and China CITIC Bank (the "Document Subpoenas").[2]

The parties have corresponded on these matters and held a meet and confer call on June 15, 2020, but have been unable to reach agreement.

### I. Relevant Background

D-R commenced this action on February 26, 2019 via a Motion for Summary Judgment in Lieu of Complaint pursuant to CPLR § 3213 (the "Summary Judgment Motion") in New York State Supreme Court. On September 6, 2019, the Court held a conference and denied Defendants' broad Rule 26 discovery proposal because such discovery is routinely unavailable under CPLR § 3213. ECF No. 58-1. But, the Court also instructed D-R to "make available to defendants copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments." ECF No. 37. As the Court noted: "possessed of that material, defendants should be equipped to articulate any viable defense to the claim." ECF No. 58-1.

On February 11, 2020, the Court entered an Opinion & Order granting D-R's Summary Judgment Motion against defendant PDVSA Petróleo S.A. ("Petróleo"), but denying the Motion as to PDVSA based on PDVSA's putative impossibility defenses. *See* ECF No. 59. Judgment was entered in favor of D-R

---

[1] A true and correct copy of the Deposition Notice is attached hereto as Exhibit A.
[2] True and correct copies of the Document Subpoenas are attached hereto as Exhibits B, C, and D.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Hon. Louis L. Stanton
June 18, 2020
Page 2

**ReedSmith**

against Petróleo for $149,517,709.96 – the amount due to D-R under the Note Agreement as of May 1, 2020.

Although D-R believes the parties are ready to proceed directly to trial without further discovery, PDVSA's counsel served the Deposition Notice and the Document Subpoenas. The parties conferred via telephone on June 15, 2020, and PDVSA declined to withdraw or narrow the scope of its requested discovery.

### I.   PDVSA Is Not Entitled To (And Does Not Need) Additional Discovery

Additional discovery is unwarranted. The Court has already properly ruled that PDVSA is not entitled to the broad Rule 26 discovery contemplated in the Deposition Notice and the Document Subpoenas. *See* ECF No. 34 (requesting an order from the Court determining discovery is appropriate and requiring the parties to comply with Rule 26(f)). Specifically, the Court found "defendants are not entitled to employ Rule 26 discovery" in this case because D-R brought this action pursuant to a motion for summary judgment in lieu of complaint. *See* ECF No. 58-1. The Court nonetheless afforded PDVSA certain specified discovery, causing D-R to collect and review more than 10,000 documents spanning a six-year timeframe and produce close to 9,500 documents to PDVSA, including all documents in its possession relating to the Note, Note Agreement, payments/attempted payments on the Note, and D-R's collection efforts relating to the Note. In ordering this discovery, the Court did not grant PDVSA the right to take additional discovery at a later stage.

PDVSA's discovery requests are also untimely. The parties fully briefed (and the Court already decided) the Summary Judgment Motion. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 199 (2d Cir. 2014) (concluding the district court did not abuse its discretion in refusing to reopen discovery where "[t]he scheduled time for discovery was over, and a fully briefed motion for summary judgment was pending"); *Dejesus v. Bradt*, 2016 WL 1226859, at *1 (W.D.N.Y. 2016) (denying a motion to compel because the magistrate judge was asked to "resolv[e] a discovery dispute well after the close of discovery and while Judge Wolford simultaneously evaluates the merits of defendants' motion for summary judgment").

### II.   The Deposition Notice Is Unreasonably Cumulative And Unduly Burdensome

Even if the Court grants PDVSA additional discovery (and respectfully it should not), the Deposition Notice and overbroad Document Subpoenas are improper. Rule 26(b)(2)(C) requires the Court to restrict discovery if "the discovery sought is unreasonably cumulative or duplicative," if "the party seeking discovery has had ample opportunity to obtain the information" sought, or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Arista Records LLC v. Lime Grp. LLC*, No. 06-cv-5936 (GEL), 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008).

The Court already determined that D-R made "a prima facie case for recovery on the Note." ECF No. 59 at 5. As ordered, D-R already produced documents concerning Defendants' payments and attempted payments on the Note. Thus, PDVSA already has all documents necessary to its purported defense. Deposing Mr. Scherzer or another D-R representative will shed no light whatsoever on whether

Hon. Louis L. Stanton
June 18, 2020
Page 3

**ReedSmith**

it was, in fact, impossible for PDVSA to make its required payments. *See Sanofi-Synthelabo v. Apotex Inc.*, No. 02-cv-02255-SHS, 2009 WL 5247497, at *2–3 (S.D.N.Y. Dec. 30, 2009) (granting plaintiff's protective order because the defendant's notice of Rule 30(b)(6) deposition sought "topics that are not relevant to the current [] phase of this litigation and thus pose an undue burden").

The Deposition Notice is therefore unnecessarily cumulative, disproportionate to the needs of the case, and places an undue burden and expense on D-R. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."); *Dukes v. NYCERS*, 331 F.R.D. 464, 473 (S.D.N.Y. 2019) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

### III.   The Document Subpoenas Cannot Advance PDVSA's Impossibility Defense

PDVSA's current Document Subpoenas seek broad categories of documents concerning "*any* transfer or attempted transfer of funds by on or behalf of PDVSA or Petróleo." As such, they are overbroad and not limited to the impossibility of payment on the Note at issue. PDVSA, as the subpoenaing party, bears the burden of demonstrating that the Document Subpoenas seek information relevant to its defense. *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). A subpoena should be quashed when the Court finds that "its production would not be proportional to the needs of this case." *Henry v. Morgan's Hotel Grp.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3-4 (S.D.N.Y. Jan. 25, 2016); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (rejecting subpoena to third-party financial advisor where request "effectively encompass[ed] documents relating to every transaction undertaken by [the third party for the defendant] during the last ten years," and therefore sought "material with little apparent or likely relevance").

Even if the Document Subpoenas were narrowly tailored to the Note at issue here, the Document Subpoenas, like the Deposition Notice, will not elicit discovery bearing on PDVSA's own actions and obligations, or whether it was impossible to pay D-R. The documents already produced to Defendants demonstrate that, following Deutsche Bank's rejection of PDVSA's payment in November 2017, D-R promptly provided PDVSA with account information for a bank account located abroad. D-R even drafted an amendment to the Note Agreement reflecting a change in acceptable currency and, on March 2, 2018, sent PDVSA a copy of the Note Amendment. PDVSA therefore received written authorization to make the outstanding payments in Euros following the banks' rejections and could have satisfied its debt obligations in other currencies, but chose not to do so. This is a plain failure by PDVSA, not a case about legal impossibility.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ *Jordan W. Siev*

Jordan W. Siev

cc:   All Counsel of Record (*via ECF*)