

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Robin L. Muir
Senior Associate
T + 1 212 918 3624
robin.muir@hoganlovells.com

August 13, 2020

*VIA ECF*

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Company* ("Dresser-Rand") *v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.,* S.D.N.Y. Docket No. 1:19-cv-002689-LLS
      Pre-Motion Conference Regarding Contemplated Motion for Issuance of Letters of Request

Dear Judge Stanton:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") in the above-referenced action. We write to respectfully request a pre-motion conference regarding PDVSA's contemplated motion for issuance of letters of request for international judicial assistance, pursuant to 28 U.S.C. § 1781 and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.IA.S. No. 7444, 23 U.S.T. 2555 (the "Hague Evidence Convention"), to obtain discovery from Dinosaur Merchant Bank Ltd. ("Dinosaur Merchant"), a non-party foreign entity located in the United Kingdom, and China CITIC Bank ("China CITIC"), a non-party foreign entity located in China.

The purpose of the Hague Evidence Convention is to facilitate and increase the exchange of information necessary for legal proceedings between nations. *See Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 534 (1987). The Hague Evidence Convention allows a court in one Contracting State[1] to request another Contracting State to "obtain evidence, or to perform some other judicial act" by use of a letter of request. Hague Evidence Convention, Ch. I, Art. 1; *see also* 28 U.S.C. § 1781.

The decision of whether to issue a letter of request is within the discretion of the court. *See Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *See, e.g.*, *Elliot Assoc. v. Peru*, No. 96 Civ. 7917(RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for letters rogatory to take testimony in United Kingdom).

> "In deciding whether to issue an order directing production of information located abroad, and in framing such an order, a court or agency in the United States should take into account [1] the importance to the investigation or litigation of the documents

---

[1] A "Contracting State" refers to a nation state that is a signatory to the Hague Evidence Convention, such as the United States, the United Kingdom, and China.

or other information requested; [2] the degree of specificity of the request; [3] whether the information originated in the United States; [4] the availability of alternative means of securing the information; and [5] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located."

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 792 (S.D.N.Y. 2012) (quoting RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES (1987) § 442(1)(c)).

PDVSA seeks letters of request to obtain specific documents that are vital to PDVSA's defense of impossibility and are not available through other means. At trial, PDVSA will present evidence that it attempted to make payments to Dresser-Rand, but the payments were rejected by one or more banking institutions. In order to establish its impossibility defense, PDVSA intends to prove that the reason for the rejection was related to U.S. government sanctions. PDVSA cannot access its own documents, records, and personnel regarding these issues and therefore must obtain evidence from the relevant banks as to the reason for the payment rejections.

PDVSA's requests to China CITIC[2] and Dinosaur Merchant[3] are narrowly tailored and critical to PDVSA's ability to present evidence on its impossibility defense at trial. Indeed, this evidence was initially sought by subpoena to Dinosaur Bank and China CITIC,[4] which was among the discovery steps that this Court found were "reasonable, relevant and proportional to the case" (Dkt. No. 84.)

We subsequently learned that service of the subpoenas on Dinosaur Merchant and China CITIC in New York was unsuccessful, as both are foreign entities that dispute doing business in New York.[5] As a result, PDVSA now requests that this Court issue letters of request to the appropriate authorities of the United Kingdom and China to obtain document discovery from Dinosaur Merchant and China CITIC.

---

[2] China CITIC is the bank that originated PDVSA's first two (successful) payments to Dresser-Rand and its (unsuccessful) November 2017 payment attempt.

[3] Dinosaur Merchant is a correspondent bank that is believed to have rejected PDVSA's January 2018 payment attempt.

[4] On June 15, 2020, we attempted to serve a subpoena on Dinosaur Merchant in New York at 470 Park Avenue South, 9th Floor, New York, NY 10016. On June 18, 2020, outside counsel for Dinosaur Financial Group, LLC informed us that we had served the subpoena on Dinosaur Financial Group, LLC, which is a separate entity from Dinosaur Merchant, which is located in London. On July 1, 2020, we served the subpoena on Dinosaur Merchant in London, but, to date, no response has been received.

On June 22, 2020, we attempted to serve a subpoena on China CITIC at 410 Park Avenue, 18th Floor, New York, NY 10022. On July 17, 2020, Paul Reich, Head of Compliance of China CITIC Bank International informed us that we had served the subpoena on China CITIC Bank International, which is a separate entity from China CITIC Bank, which is located in China, with a branch in London.

[5] PDVSA successfully served subpoenas under Rule 45 on Citibank, N.A. and Deutsche Bank Trust Co Americas in New York in pursuit of evidence related to its impossibility defense and is in the processing of preparing a subpoena to Commerzbank AG for service shortly.

      For the foregoing reasons and others, PDVSA respectfully requests that the Court schedule a pre-motion conference regarding its contemplated motion for issuance of letters of request or, in the alternative, grant PDVSA permission to proceed with making its motion.

                                            Respectfully submitted,

                                            Robin L. Muir