UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DRESSER-RAND COMPANY,

        Plaintiff,

  -against-

PETRÓLEOS DE VENEZUELA, S.A. and
PDVSA PETRÓLEO, S.A.,

        Defendants.

Docket No.: 1:19-cv-002689-LLS

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PETRÓLEOS DE VENEZUELA, S.A.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

HOGAN LOVELLS US LLP
Dennis H. Tracey, III
Robin L. Muir
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

Richard C. Lorenzo (pro hac vice)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A*

Defendant Petróleos de Venezuela, S.A. ("PDVSA"), by and through its undersigned counsel, respectfully moves this Court for issuance of letters of request for international judicial assistance, pursuant to 28 U.S.C. § 1781 and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.IA.S. No. 7444, 23 U.S.T. 2555 (the "Hague Evidence Convention"),[1] in the form annexed hereto as Exhibits 1-3,[2] to obtain discovery from: (a) Dinosaur Merchant Bank Ltd., a non-party foreign entity located in the United Kingdom; (b) China CITIC Bank, a non-party foreign entity located in China; and (c) Commerzbank AG, a non-party foreign entity located in Germany.

## BACKGROUND

### A.    Initial Proceedings

This action was commenced by motion for summary judgment in lieu of a complaint before it was removed to this Court.  (Dkt. No. 1.)  In light of this, this Court found that PDVSA was not entitled to traditional discovery under Rule 26; but, because of the highly unusual and unprecedented circumstances in Venezuela, where PDVSA does not even have access to its own documents and records, this Court ordered Dresser-Rand to produce "copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments."  (Dkt. No. 37.)

### B.    Dresser-Rand's Summary Judgment Motion

Dresser-Rand thereafter renewed its motion for summary judgment, arguing that no issue of material fact existed with respect to its claims against Defendants. (Dkt. Nos. 1, 53-58.)  This

---

[1] The United Kingdom, China, and Germany are signatories to the Hague Evidence Convention.  *See* HCCH Members, Hague Conference on International Law, available at https://www.hcch.net/en/states/hcch-members.

[2] Form letters of request are annexed as Exhibits 1-3 to the Declaration of Robin Muir in Support of Defendant Petróleos de Venezuela, S.A.'s Motion for Issuance of Letters of Request, dated August 26, 2020 ("Muir Decl."), submitted herewith.

Court granted summary judgment against Petróleo, but denied summary judgment against PDVSA because "there are material issues of impossibility of payment to prevent the entry of judgment as a matter of law against PDVSA."  (Dkt. No. 59 at p. 7.)

## C.    Discovery Issues Leading to this Motion

In order to prepare for trial on this issue, PDVSA, which continues to lack access to its own documents and personnel, requires certain discovery that is necessary to present trial evidence on the issue of impossibility.  Specifically, PDVSA attempted to make payment on the Note, but its payments were rejected by the banks handling the payment due to sanctions issues.  PDVSA requires documents and testimony from the banks that handled attempted transfers from PDVSA to Dresser-Rand in order to establish the facts surrounding the rejection of PDVSA's attempted payments and the reasons therefor.

Among other discovery, PDVSA served document subpoenas on the banking institutions involved in the attempted payment transactions by PDVSA:

a.  On June 15, 2020, we attempted to serve a subpoena on Dinosaur Merchant Bank Ltd. ("Dinosaur Merchant"), a correspondent bank that is believed to have rejected PDVSA's January 2018 payment attempt, in New York.

b.  On June 15, 2020, we attempted to serve a subpoena on China CITIC Bank ("China CITIC"), the bank that originated PDVSA's first two payments to Dresser-Rand and its November 2017 payment attempt, in New York.

c.  On August 20, 2020, we served a subpoena on Commerzbank AG ("Commerzbank"), the holder of the account that Dresser-Rand provided as an alternative to Citibank to which PDVSA could make payments under the Note, at its New York branch.

2

    d.  On June 25, 2020, we served a subpoena on Deutsche Bank Trust Co Americas, a correspondent bank that rejected PDVSA's November 2017 payment attempt due to "internal policy."

    e.  On June 30, 2020, we served a subpoena on Citibank N.A., the holder of the account that Dresser-Rand designated for payments under the Note, for documents regarding payments and attempted payments by or on behalf of PDVSA to Dresser-Rand's designated account.

(Muir Decl. ¶ 3.)

      As further explained below, PDVSA subsequently learned that Dinosaur Merchant and China CITIC are foreign entities that are not subject to this Court's subpoena powers under Rule 45 and therefore, letters of request pursuant to the Hague Evidence Convention are necessary to obtain discovery from them.  (*Id.* ¶¶ 4-5.)  Accordingly, on August 13, 2020, PDVSA filed a letter requesting permission from the Court to move for issuance of letters of request.  (Dkt. No. 85.)  On August 17, 2020, Dresser-Rand filed a letter stating that it does not object to PDVSA's motion as long as it does not impact the parties' stipulated discovery schedule.[3]  (Dkt. No. 86.) On August 17, 2020, this Court granted PDVSA permission to move for issuance of letters of request, without the need of a pre-motion conference.  (Dkt. No. 87.)

---

[3] On August 26, 2020, the parties agreed to modify their stipulated discovery schedule as follows:

| Existing Deadlines | New Deadlines |
| --- | --- |
| Sept. 4 – Completion of fact discovery | Oct. 9 – Completion of fact discovery |
| Oct. 2 – Expert Reports due | Oct. 27 – Expert Reports due |
| Nov. 6 – Completion of expert discovery | Nov. 13 – Completion of expert discovery |
| Nov. 20 – Plaintiff's proposed findings of fact | Nov. 25 – Plaintiff's proposed findings of fact |
| Dec. 4 – Defendant's proposed findings of fact | Dec. 9 – Defendant's proposed findings of fact |
| Dec. 18 – Plaintiff's reply findings of fact | Dec. 22 – Plaintiff's reply findings of fact |
| Jan. 18 – Filing of pre-trial order and pre-trial briefs | Jan. 18 – Filing of pre-trial order and pre-trial briefs |

(Muir Decl. n.1.)

On August 25, 2020, PDVSA also learned that Commerzbank's New York branch – where the subpoena was served – does not have access to or control over the records of its Munich branch, where Dresser-Rand's account is located.  (Muir Decl. ¶ 7.)  Thus, PDVSA also moves for issuance of a letter of request to the Central Authority of Germany to obtain discovery from Commerzbank's Munich branch, in addition to letters of request to the Central Authorities of the United Kingdom and China to obtain discovery from Dinosaur Merchant and China CITIC.

## ARGUMENT

### THIS COURT SHOULD ISSUE LETTERS OF REQUEST TO OBTAIN NECESSARY DOCUMENTS AND INFORMATION FROM NON-PARTY, FOREIGN ENTITIES

The purpose of the Hague Evidence Convention is to facilitate and increase the exchange of information necessary for legal proceedings between nations.  *See Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 534 (1987). Under the Hague Evidence Convention, this Court – a "judicial authority of a Contracting State" – may send a letter of request to a member state seeking foreign judicial assistance in civil or commercial matters to the designated authority in the member state "to obtain evidence, or to perform some other judicial act."  Hague Evidence Convention, Ch. I, Art. 1; *see also* 28 U.S.C. § 1781.  The letter of request is sent to a "Central Authority" designated by the Contracting State to receive requests from courts of other member countries.  *See* Hague Evidence Convention, Art. 2.  The Central Authority then sends the request to the appropriate court or officer to execute the request.  *See id.*

The decision of whether to issue a letter of request is within the discretion of the court. *See Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019).  Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be

material or may lead to the discovery of material evidence.  *See, e.g.*, *Elliot Assoc. v. Peru*, No. 96 Civ. 7917(RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for letters rogatory to take testimony in United Kingdom).

> "In deciding whether to issue an order directing production of information located abroad, and in framing such an order, a court or agency in the United States should take into account [1] the importance to the investigation or litigation of the documents or other information requested; [2] the degree of specificity of the request; [3] whether the information originated in the United States; [4] the availability of alternative means of securing the information; and [5] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located."

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 792 (S.D.N.Y. 2012) (quoting Restatement (Third) of the Foreign Relations Law of the United States (1987) § 442(1)(c)).

PDVSA seeks letters of request to obtain specific documents that are vital to PDVSA's defense of impossibility and are not available through other means.  At trial, PDVSA will present evidence that it attempted to make payments to Dresser-Rand, but the payments were rejected by one or more banking institutions.  In order to establish its impossibility defense, PDVSA – which lacks access to its own documents and records – must obtain evidence from the relevant banks as to the reason for the payment rejections.

China CITIC (located in China) is the bank that originated PDVSA's first two payments to Dresser-Rand and its November 2017 payment attempt.  Dinosaur Merchant (located in the United Kingdom) is a correspondent bank that is believed to have rejected PDVSA's January 2018 payment attempt.  Commerzbank is the holder of the account that Dresser-Rand provided as an alternative to Citibank to which PDVSA could make payments under the Note (the account at issue is located in Germany).

PDVSA's requests to Dinosaur Merchant, China CITIC, and Commerzbank – set forth in the proposed letters of request annexed to the Muir Declaration as Exhibits 1-3 – are narrowly tailored and critical to PDVSA's ability to present evidence on its impossibility defense at trial. Indeed, discovery from Dinosaur Merchant and China CITIC was initially sought by subpoena, which was among the discovery steps that this Court found were "reasonable, relevant and proportional to the case." (Dkt. No. 84.)

The discovery sought from Dinosaur Merchant, China CITIC, and Commerzbank is not available through other means.  On June 15, 2020, we attempted to serve a subpoena on Dinosaur Merchant in New York at 470 Park Avenue South, 9th Floor, New York, NY 10016. (Muir Decl. ¶ 3.a.)  On June 18, 2020, outside counsel for Dinosaur Financial Group, LLC informed us that we had served the subpoena on Dinosaur Financial Group, LLC, which is a separate entity from Dinosaur Merchant, which is located in London.  (*Id.* ¶ 4.)  In an effort to avoid motion practice, on July 1, 2020, we served the subpoena on Dinosaur Merchant in London and requested a response by July 24, 2020; but, to date, no response has been received. (*Id.*)

On June 22, 2020, we attempted to serve a subpoena on China CITIC at 410 Park Avenue, 18th Floor, New York, NY 10022.  (*Id.* ¶ 3.b.)  On July 17, 2020, Paul Reich, Head of Compliance of China CITIC Bank International informed us that we had served the subpoena on China CITIC Bank International, which is a separate entity from China CITIC Bank, which is located in China.  (*Id.* ¶ 5.)

On August 20, 2020, we served a subpoena on Commerzbank at its New York branch. (*Id.* ¶ 3.c.)  On August 25, 2020, we met and conferred with Commerzbank regarding its search for responsive documents.  (*Id.* ¶ 7.)  We learned that although Commerzbank has a branch in

New York, that branch does not have access to, or control over, the documents and records of its branch in Munich, Germany, where Dresser-Rand's account is located.  (*Id.*)

For the foregoing reasons, PDVSA respectfully requests that this Court approve and sign the annexed form letters of request, as the Court is authorized to do pursuant to the Hague Evidence Convention.  PDVSA further requests that after the Court has signed the letters of request, that the Clerk of the Court authenticate the Court's signature under the seal of the Court, and the letters of request be thereafter returned by the Clerk to PDVSA's undersigned counsel. PDVSA's counsel will promptly cause the letters of request to be translated into the appropriate languages, as required by Article 4 of the Hague Evidence Convention, and will transmit the letters, and their translations, to the designated Central Authorities for execution in conformity with Article 2 of the Hague Evidence Convention.

## CONCLUSION

For the foregoing reasons, this Court should grant PDVSA's motion in its entirety, issue letters of request in the annexed forms, and grant such other and further relief to PDVSA as the Court deems just and proper.

Dated: August 27, 2020

Respectfully submitted,

HOGAN LOVELLS US LLP

/s/ Dennis H. Tracey, III
Dennis H. Tracey, III
Robin L. Muir
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
robin.muir@hoganlovells.com

Richard C. Lorenzo (pro hac vice)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

*Counsel for Defendants Petróleos de
Venezuela, S.A. and PDVSA
Petróleo, S.A*