**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No. 19-cv-02689 (LLS)**

DRESSER-RAND COMPANY,

*Plaintiff,*

v.

PETRÓLEOS DE VENEZUELA, S.A. *et al.*,

*Defendants.*

**RESPONSE TO DEFENDANT PETRÓLEOS DE VENEZUELA, S.A.'S**
**MOTION FOR ISSUANCE OF LETTERS OF REQUEST**

Plaintiff Dresser-Rand Company ("Plaintiff" or "D-R") respectfully submits this Response to defendant Petróleos de Venezuela, S.A.'s ("PDVSA") Motion for Issuance of Letters of Request (the "Motion") for international assistance to obtain discovery from Dinosaur Merchant Bank Ltd. ("Dinosaur"), China CITIC Bank ("China CITIC"), and Commerzbank AG ("Commerzbank").

**RESPONSE**

For the past two and a half years, PDVSA has tried to delay paying amounts indisputably owed to Plaintiff pursuant to a Note Agreement dated January 20, 2017.  In the context of this litigation, PDVSA has relied on its alleged lack of information as a means to obtain and extend discovery and delay a final judgment.  Accordingly, while D-R does not object to PDVSA's application for issuance of letters of request, it respectfully requests that if the Court is inclined to grant PDVSA's Motion, it expressly conditions doing so on the relief not prolonging, or otherwise impacting, the parties' stipulated pre-trial schedule, submitted to the Court on August 27, 2020. *See* ECF No. 88.

1

Plaintiff initiated this action against PDVSA nearly one and a half years ago,[1] on February 26, 2019, by filing a motion for summary judgment in lieu of complaint pursuant to CPLR § 3213 in New York state court (the "Summary Judgment Motion").  *See* ECF Nos. 1-1 & 1-2.  One month later, on March 26, 2019, Defendants removed the action to this Court.  *See* ECF No. 1.

On July 3, 2019, the Court entered an order deferring consideration of Plaintiff's Summary Judgment Motion for 120 days based on allegations by Defendants that they were unable to respond to Plaintiff's claims due to a supposed lack of information resulting from Venezuela's transition of government from the Maduro regime to the Guadió regime.  *See* ECF Nos. 17, 32.

Thereafter, on September 6, 2019, the Court instructed D-R to "make available to defendants copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments."  ECF No. 37.  Thus, in September and October 2019, D-R produced approximately 9,500 documents to PDVSA followed by a supplemental production of 20 additional documents on December 4, 2019.  *See* Declaration of Jordan W. Siev dated December 23, 2019 (ECF No. 58) ¶¶ 3, 5.  Importantly, numerous documents produced to PDVSA, including multiple exhibits attached to the parties' summary judgment briefing, specifically identified Dinosaur, China CITIC, and Commerzbank as banking institutions involved in PDVSA's payment transactions.  *See, e.g.*, Declaration of Robin Muir dated August 27, 2020 ("Muir Decl.") (ECF No. 91) Exs. 1-2 (DRESSER_0004250 & DRESSER_0059847).

PDVSA has therefore had more than ***eleven*** months to review the relevant materials and identify each of the third-party discovery targets at issue in the Motion.  PDVSA, however, sat on

---

[1]  Plaintiff brought the Summary Judgment Motion against PDVSA, as primary obligor, and PDVSA Petróleo, S.A. ("Petróleo," and together with PDVSA, "Defendants"), as guarantor, and on June 1, 2020, obtained final judgment against Petróleo.  *See* ECF No. 79.

its hands until May of this year when, in response to D-R's outreach, PDVSA indicated that it intended to take depositions and seek limited third-party discovery relating to its impossibility defense.

Moreover, PDVSA has been admittedly aware of the international service issues necessitating the Motion since June 18, 2020, when outside counsel for Dinosaur Financial Group LLC informed PDVSA that it must serve its subpoena on Dinosaur in London.  Muir Decl. ¶ 4. Indeed, on July 17, 2020, the Head of Compliance of China CITIC Bank International also informed PDVSA that it must serve its subpoena on China CITIC in London.  *Id.* ¶ 5.  PDVSA also did not serve its subpoena on Commerzbank until August 20, 2020 – just ***two weeks*** before the expiration of the parties' original September 4, 2020 fact discovery deadline.  *Id.* ¶ 3(c). Notwithstanding PDVSA's delay in requesting discovery and bringing the Motion, D-R consented to a five-week extension of the fact discovery deadline from September 4, 2020 to October 9, 2020. *See* ECF No. 88.  The parties expressly agreed, however, "that no additional extensions [of the pre-trial schedule] are contemplated."  *Id.*  Accordingly, PDVSA has ample time to carry out the discovery contemplated in the Motion, and, thus, if the Court is inclined to grant PDVSA's requests for letters of request, PDVSA should not be awarded any additional time to complete the discovery contemplated by PDVSA's request.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that, if the Court grants PDVSA's Motion, the Court also orders PDVSA to complete all fact discovery contemplated in the Motion (or otherwise) by the parties' stipulated October 9, 2020 deadline.

Dated:   New York, New York
         September 1, 2020

                              REED SMITH LLP

                              By: ___ */s/ Jordan W. Siev* ___
                                    Jordan W. Siev
                                    Geoffrey G. Young
                                    Nicole Lech
                                    599 Lexington Avenue
                                    New York, NY  10022
                                    Tel. (212) 521-5400
                                    Fax. (212) 521-5450

                                    *Attorneys for Plaintiff*