

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 28, 2020

**Via ECF**

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-cv-02689-LLS

Dear Judge Stanton:

We represent plaintiff Dresser-Rand Company ("D-R") in the above-referenced action.  Pursuant to Rule 2A of Your Honor's Individual Rules and Local Civil Rule 37.2, we request a pre-motion discovery conference to move for a protective order regarding defendant Petróleos de Venezuela, S.A.'s ("PDVSA") Notice of Deposition and Request for Documents, dated September 15, 2020, seeking the deposition of D-R's General Counsel and the production of additional documents from D-R concerning Citibank, N.A.'s ("Citi") handling of a payment from PDVSA in the fall of 2017 (the "Notice and Requests").[1]

D-R served responses and objections to the Notice and Requests on September 21, 2020,[2] and the parties held a meet and confer call on September 23, 2020, but have been unable to reach an agreement.

### I.   Relevant Background

On February 26, 2019, D-R commenced this action via a Motion for Summary Judgment in Lieu of Complaint pursuant to CPLR § 3213 (the "Motion") in New York State Supreme Court.  On September 6, 2019, the Court determined that "defendants are not entitled to employ Rule 26 discovery" in connection with the Motion (ECF No. 58-1) and instead, instructed D-R to "make available to defendants copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments."  (ECF No. 37.)

In June 2020, PDVSA's counsel served multiple document subpoenas on third-party financial institutions,[3] as well as a notice of deposition to D-R's employee, Erik Scherzer, and a Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6)") notice on D-R (the "First Deposition Notice").[4]  Following the parties' submission of a dispute to the Court on the permissible scope of the remaining discovery to be conducted,

---

[1] A true and correct copy of the Notice and Requests is attached hereto as Exhibit A.
[2] A true and correct copy of D-R's Responses and Objections to the Notice and Requests ("Responses and Objections") is attached hereto as Exhibit B.
[3] PDVSA has served document subpoenas on Deutsche Bank Trust Corporation, Dinosaur Merchants Bank Ltd., China CITIC Bank, Commerzbank AG, and Citi.
[4] A true and correct copy of the First Deposition Notice is attached hereto as Exhibit C.

Hon. Louis L. Stanton
September 28, 2020
Page 2



on June 24, 2020, the Court entered an Order granting PDVSA limited discovery, finding the specific discovery steps requested by PDVSA in its letter dated June 22, 2020 (i.e., the First Deposition Notice and the third-party document subpoenas) to be "reasonable, relevant, and proportionate to the case." (ECF No 84.) PDVSA did not request any additional documents or testimony from D-R in its June 22 letter; nor did the Court grant any additional discovery in its June 24 Order.

On August 3, 2020, D-R informed PDVSA that Mr. Scherzer would testify in his individual capacity and as D-R's Rule 30(b)(6) witness. Mr. Scherzer's deposition is scheduled for October 9, 2020. Mr. Scherzer will be prepared to testify about Citi's "refusal to accept, rejection of, and/or alleged non-receipt of funds transferred by PDVSA as payment to Dresser-Rand under the Note" as well every other topic noticed by PDVSA in the First Deposition Notice. As noted, this is the very topic on which PDVSA now seeks to depose an additional D-R witness and seek additional documents.

On July 10 and September 3, 2020, Citi produced documents in response to PDVSA's third-party subpoena. As relevant here, Citi produced, among other documents, three chains of email correspondence concerning Citi's purported policies regarding payments to and from Venezuelan governmental entities, and the bank's discussions with D-R with respect to same.

On September 15, 2020, PDVSA served the Notice and Requests on D-R seeking testimony from D-R's General Counsel, as well as documents from D-R relating to the correspondence produced by Citi. Thereafter, D-R served its Responses and Objections, declining to produce the requested documents or the additional witness for deposition. The parties conferred via telephone on September 23, 2020, and PDVSA declined to withdraw or narrow the scope of the Notice and Requests.

## II. PDVSA Is Not Entitled To This Additional Discovery

As a threshold matter, the additional discovery sought by PDVSA through the Notice and Requests is beyond the scope of discovery permitted by the Court. This is a straightforward action to collect monies PDVSA owes D-R under a note agreement. The Court's discovery order of September 6, 2019 made clear that the Court was not permitting Rule 26 discovery in connection with the then-pending Summary Judgment Motion. (ECF No. 34.)

Following the Court's resolution of the Motion, its June 24 2020 Order granted PDVSA the right to take the limited discovery outlined therein, namely the third party discovery from financial institutions and depositions of Mr. Scherzer and D-R's Rule 30(b)(6) witness. In complete disregard for this Court's rulings, and without seeking permission from the Court, PDVSA has claimed entitlement to even more discovery—including a deposition from an additional D-R witness notwithstanding that the previously-noticed depositions have yet to take place. The information PDVSA seeks will be obtained through the yet-to-be-taken Rule 30(b)(6) deposition.

Thus, the permissible scope of discovery already has been set by this Court, and does not include the newly-served Notice and Requests. Plaintiff is also concerned that the clearly improper Notice and Requests are being used as a method to create further delays in this matter, which has been PDVSA's apparent strategy from the outset of the case.

## III. The Notice And Requests Are Duplicative Of Previously-Served Discovery Requests

In addition to being beyond the scope of permissible discovery, PDVSA's Notice and Requests are also cumulative and duplicative. Even if this were a matter in which full Rule 26 discovery were



proper and had been permitted, Rule 26(b)(2)(C) would still require the Court to restrict discovery if "the discovery sought is unreasonably cumulative or duplicative," if "the party seeking discovery has had ample opportunity to obtain the information" sought, or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Arista Records LLC v. Lime Group LLC*, 06-cv- 5936 (GEL), 2008 WL 1752254 (S.D.N.Y. Apr. 16, 2008).

D-R has already agreed to provide a Rule 30(b)(6) witness to testify on the same subject matter PDVSA offers as justification for the deposition of another D-R employee—namely Citi's "refusal to accept, rejection of, and/or alleged non-receipt of funds transferred by PDVSA as payment to Dresser-Rand under the Note." *See* Ex. C at 1. PDVSA will therefore have an opportunity to examine Mr. Scherzer, in both his personal capacity and as a Rule 30(b)(6) deponent, about matters relevant to this action, including the topics that PDVSA now seeks to inquire of D-R's General Counsel. The Deposition Notice is therefore cumulative, duplicative, and creates an undue burden and expense on D-R. *See* Fed. R. Civ. P. 26(c)(1); *Dukes v. NYCERS*, 331 F.R.D. 464, 473 (S.D.N.Y. 2019). Indeed, depositions of corporate executives, like the one sought against D-R's General Counsel, are often precluded where the information sought is duplicative of a lower level employee. *See Consolidated Rail Corp. v. Primary Industries Corp.*, 1993 WL 364471, No. 92-CV-4297 at *1 (S.D.N.Y. Sept. 10, 1993).

Finally, based upon discovery obtained from a separate third party, the information that PDVSA seeks through an additional deposition and document demands is irrelevant because an intermediate bank—not Citi—rejected PDVSA's payment intended to be delivered to D-R. Thus, whether Citi would have rejected the payment or exempted the payment from rejection, has no bearing on the facts at issue here, and the parties should not waste time and resources on such a fishing expedition.

IV. **The Requested Discovery Seeks Privileged Information**

Finally, the Notice and Requests should also be rejected because they seek testimony from D-R's General Counsel, who participated in pre-litigation matters involving PDVSA and remains actively involved in D-R's prosecution of this action. Accordingly, Ms. Hansen's testimony risks disrupting the attorney-client privilege and work product doctrine. Courts routinely protect deponents on this basis. *See S.E.C. v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992); *Madanes v. Madanes*, 199 F.R.D. 135, 151 (S.D.N.Y. 2001) ("Th[e] presumption [disfavoring attorney depositions] is based on the recognition that even a deposition of counsel limited to relevant and nonprivileged information risks disrupting the attorney-client relationship and impeding the litigation.").

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Jordan W. Siev*

Jordan W. Siev

cc: All Counsel of Record (*via ECF*)