# EXHIBIT B



Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

September 21, 2020

*Via Email (robin.muir@hoganlovells.com)*

Robin Muir
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017

Re:     *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-cv-02689-LLS

Dear Robin:

      We are in receipt of PDVSA's Notice of Deposition and Request For Documents (the "Notice and Requests") dated September 15, 2020.  Enclosed please find Dresser-Rand Co.'s ("D-R") Responses and Objections to the Notice.  As noted therein, D-R will not be producing the requested documents or providing the deposition that has been noticed.

      As a threshold matter, the Notice and Requests go beyond the limited scope of party discovery permitted by the Court.  As you know, on September 6, 2019, the Court denied PDVSA's broad Rule 26 discovery request, and instead instructed D-R to "make available to defendants copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments."  ECF No. 37.  On June 24, 2020 – in response to the parties' dispute over the scope of discovery – the Court allowed PDVSA to conduct depositions of Mr. Scherzer and D-R's Rule 30(b)(6) representative, and to serve third-party subpoenas on various financial institutions.  *See* ECF 84 (finding "[t]hese discovery steps are reasonable, relevant, and proportional to the case").  These limited discovery orders did not permit PDVSA to seek any further discovery from D-R, including the additional documents and deposition now sought through the Notice and Requests.  Accordingly, D-R will not produce any additional documents or produce any other D-R employee for a deposition, except for Mr. Scherzer (who, as you know, is D-R's designated Rule 30(b)(6) witness).

      The requested deposition of any additional witness is also, at best, premature and improper because PDVSA will have an opportunity to examine Mr. Scherzer, in both his personal capacity and as Plaintiff's Fed. R. Civ. P. 30(b)(6) representative, about matters relevant to this action, including anything that PDVSA planned to ask Ms. Hansen.

      Without waiving any of D-R's objections, we are hopeful that the parties can meet and confer in an effort to resolve the issues with the Notice and Requests without seeking the Court's intervention.

ReedSmith

September 21, 2020
Page 2

Very truly yours,

*/s/ Jordan W. Siev*

Jordan W. Siev

JWS:sa

Enclosure

cc:   Dennis H. Tracey
      Geoffrey Young
      Nicole Lech

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRESSER-RAND COMPANY,

        *Plaintiff,*

v.

PETRÓLEOS DE VENEZUELA, S.A. *et al.*,

        *Defendants.*

Case No. 19-cv-02689 (LLS)

**PLAINTIFF DRESSER-RAND'S RESPONSES AND OBJECTIONS TO DEFENDANT'S NOTICE OF DEPOSITION AND REQUEST FOR DOCUMENTS**

Plaintiff Dresser-Rand Company ("D-R" or "Plaintiff"), by and through its counsel, Reed Smith LLP, hereby responds to Defendant Petróleos de Venezuela, S.A.'s ("PDVSA" or "Defendant") Notice of Deposition ("Notice") and Request For Documents (the "Requests") pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as follows:

**GENERAL OBJECTIONS**

Plaintiff responds to the Notice and to each specific Request contained in Schedule A therein without waiver of any of the following General Objections:

1. Plaintiff responds to the Notice and Requests without waiver of any objections on the basis of inadequate notice and/or failure to comply with the requirements of Fed. R. Civ. P. 30 and Fed. R. Civ. P. 34.

2. Plaintiff objects to the Notice and Requests on the ground that it seeks testimony, documents, or information beyond the limited scope of discovery ordered by the Court in this action. Specifically, the Notice is beyond the limited scope of discovery permitted by the Court's Orders dated September 6, 2019 and June 24, 2020. *See* ECF Nos. 37, 84. In light of the foregoing, Plaintiff will not produce any other D-R employee for a deposition, except for Mr. Scherzer.

3.      Plaintiff objects to the Notice and Requests and the definitions and instructions contained therein to the extent they purport to impose obligations greater than required by the Fed. R. Civ. P. and/or Local Rules of United States District Courts for the Southern District of New York.

4.      Plaintiff objects to the Notice and Requests and the definitions and instructions contained therein to the extent that they incorporate words or phrases that are vague, ambiguous, susceptible to multiple interpretations, overly broad, unnecessarily burdensome, or oppressive.

5.      Plaintiff objects to the Notice and Requests to the extent that they seek testimony, documents, or information subject to the attorney-client privilege, attorney work product doctrine, or other applicable legal protection, privilege, or rule of confidentiality.  Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege or of the attorney work product doctrine.  Plaintiff does not waive, and hereby expressly reserves, its rights under all applicable privileges and protections.

6.      Plaintiff objects to the Notice and Requests to the extent they seek documents or information already within the possession, custody, and control of Defendant, including but not limited to, documents produced to PDVSA by Citibank on July 10, 2020 and September 3, 2020.

7.      Plaintiff objects to the Notice on the ground that PDVSA will have a sufficient opportunity to examine Mr. Scherzer, in both his personal capacity and as Plaintiff's Fed. R. Civ. P. 30(b)(6) representative, about matters relevant to this action, including anything that PDVSA planned to ask Ms. Hansen.

8.      Plaintiff objects to Instruction No. 5 requiring Plaintiff to produce documents from "January 1, 2017 to the present."  The events giving rise to the subject matter at issue in the Requests is Executive Order No. 13808, which was effective as of August 25, 2017.

9. Plaintiff's Responses and Objections are made subject to and without waiving the following: (i) Plaintiff's right to object or further object on the grounds of competency, relevancy, materiality, or any other proper ground to the use of the Responses and any testimony, documents, or information provided in conjunction with the Notice and Requests, in whole or in part, for any reason, in any proceeding, including any hearing or trial in this action or any other action; and (ii) Plaintiff's right to object or further object on all grounds, at any time, to other requests, or any other discovery procedure that PDVSA may seek to use in this litigation.

10. Plaintiff's Responses and Objections are based upon the information currently known to Plaintiff. Plaintiff reserves the right to correct, supplement, amend, or clarify, at any time up until and including trial, any of the Responses or Objections set forth herein.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS

Subject to and without waiving any of the foregoing General Objections, Plaintiff responds to the Requests as follows:

**Request No. 1: All documents regarding Citibank's proposal to Siemens "to put in place a manual process to check and allow future incoming/outgoing payments" referenced on page 12 of the Siemens – Citi: Venezuela E-Mail, and Siemens' response to the same.**

**Response to Request No. 1:** Plaintiff objects to Request No. 1 because it is beyond the scope of limited discovery permitted by the Court's Orders dated September 6, 2019 and June 24, 2020.

**Request No. 2: All documents regarding Citibank's approval of Siemens or Dresser-Rand for the "exception list" referenced on page 1 of the Siemens Venezuela client call E-Mail.**

**Response to Request No. 2:** Plaintiff objects to Request No. 2 because it is beyond the scope of limited discovery permitted by the Court's Orders dated September 6, 2019 and June 24, 2020.

**Request No. 3**: All "completed certification" documents referenced by Denise Hansen on page 1 of the Siemens Venezuela client call E-Mail that were sent to Citibank by or on behalf of Dresser-Rand.

**Response to Request No. 3:** Plaintiff objects to Request No. 3 because it is beyond the scope of limited discovery permitted by the Court's Orders dated September 6, 2019 and June 24, 2020.

**Request No. 4**: All completed Anticipated Transaction Profile template forms that were sent to Citibank by or on behalf of Dresser-Rand.

**Response to Request No. 4:** Plaintiff objects to Request No. 4 because it is beyond the scope of limited discovery permitted by the Court's Orders dated September 6, 2019 and June 24, 2020.

**Request No. 5**: All documents regarding Citibank's processing of or refusal to process payments from PDVSA to Dresser-Rand's Citibank account.

**Response to Request No. 5:** Plaintiff objects to Request No. 5 because it is beyond the scope of limited discovery permitted by the Court's Orders dated September 6, 2019 and June 24, 2020.

Dated: September 21, 2020

           REED SMITH LLP

           By:   */s/ Jordan W. Siev*
                 Jordan W. Siev
                 Geoffrey G. Young
                 Nicole Lech
                 599 Lexington Avenue
                 New York, NY  10022
                 Tel. (212) 521-5400
                 Fax. (212) 521-5450

                 *Attorneys for Plaintiff*
                 *Dresser-Rand Company*