

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Robin L. Muir
Senior Associate
T + 1 212 918 3264
robin.muir@hoganlovells.com

October 22, 2020

*VIA ECF*

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Company v. Petróleos de Venezuela, S.A., et al.*
      S.D.N.Y. Docket No. 1:19-cv-002689-LLS

Dear Judge Stanton:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") in the above-referenced action. We write to request a conference in connection with a discovery dispute with plaintiff Dresser-Rand Company ("Dresser-Rand"), which is explained below.

## Background

This action was commenced by motion for summary judgment in lieu of a complaint before it was removed to this Court.  In light of this, this Court found that PDVSA was not entitled to traditional discovery under Rule 26.  But, because of the highly unusual and unprecedented circumstances in Venezuela, where PDVSA does not even have access to its own documents and records, this Court ordered Dresser-Rand to produce "copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments."  (Dkt. No. 37.)

Dresser-Rand thereafter renewed its motion for summary judgment, arguing that no issue of material fact existed with respect to its claims against Defendants. This Court granted summary judgment against Petróleo, but denied summary judgment against PDVSA because "there are material issues of impossibility of payment to prevent the entry of judgment as a matter of law against PDVSA."  (Dkt. No. 59 at p. 7.)

Petróleo moved for reconsideration of the grant of summary judgment against it, which this Court denied on March 31, 2020.  (Dkt. No. 67.)  Dresser-Rand subsequently moved for entry of partial final judgment against Petróleo, which this Court granted on May 29, 2020.  (Dkt. No. 78.)

## Discovery Steps to Date

Since then, PDVSA – which continues to lack access to its own documents and records – has been engaging in fact discovery to obtain evidence to support its impossibility defense at trial. On June 5, 2020, PDVSA served a notice of deposition to depose Erik Scherzer, Credit and Collections Manager of Dresser-Rand, and a corporate witness under Rule 30(b)(6).  Beginning on

June 15, 2020, PDVSA also served subpoenas on the banks that were involved in the attempted payment transactions by PDVSA (Dinosaur Merchant Bank Ltd., China CITIC Bank, and Deutsche Bank Trust Co Americas) and the banks that were then known to hold the accounts that Dresser-Rand designated or offered for payment by PDVSA (Citibank N.A. and Commerzbank AG).[1]  This Court specifically found these discovery steps to be "reasonable, relevant, and proportionate to the case."  (Dkt. No. 84.)[2]

On October 9, 2020,[3] we took Mr. Scherzer's deposition (in his individual capacity and as Dresser-Rand's designated corporate witness under Fed. R. Civ. P. 30(b)(6)).  Among other issues, Mr. Scherzer gave testimony regarding "the possibility of designating a different bank for Dresser-Rand's receipt of payments under the Note," and "the possibility of Dresser-Rand's acceptance of payments under the Note in Euros rather than U.S. Dollars."  Mr. Scherzer attested that Dresser-Rand opened a bank account with Novo Bank for acceptance of payments in Euros by PDVSA.  Scherzer Dep. Tr. 71:6-10.  Although in previously produced correspondence, Siemens employee, Jose Latorre, represented that "Siemens is in the position to open an account in Novo Bank, if PDVSA consider[s] that this will expedite the payment of the Novation," DRESSER_0004338, DRESSER_0004359 (same e-mail), this is the first time that we learned that Dresser-Rand opened an account with Novo Bank for purposes of receiving payments from PDVSA in Euros.  Dresser-Rand produced no documents evidencing that it opened an account with Novo Bank or that it informed PDVSA of the opening of that account.

### Request for Discovery Regarding Dresser-Rand's Novo Bank Account

On October 15, 2020, we sent a letter to Dresser-Rand requesting that it produce specific documents regarding the Novo Bank account to the extent that Dresser-Rand intends to rely on or reference its opening of an account with Novo Bank at trial.  A copy of PDVSA's October 15, 2020 letter is annexed hereto as **Exhibit 1**.  Specifically, we requested:

1. Documents sufficient to show the bank name and address, account and SWIFT numbers, beneficiary name and address, and the date that the account was opened;
2. Correspondence, internal or with Novo Bank, regarding Dresser Rand's Novo Bank account and/or Novo Bank's policy and procedures regarding the acceptance of funds from PDVSA or Petróleo, if any; and
3. Correspondence with PDVSA regarding Dresser-Rand's Euro account with Novo Bank that has not already been produced.

---

[1]   PDVSA also served deposition subpoenas on Deutsche Bank, Citibank, and Commerzbank.  We took Citibank's deposition on October 1, 2020 and Commerzbank's deposition on October 7, 2020.  The parties and Deutsche Bank have been attempting to negotiate terms that would allow Deutsche Bank to give testimony by sworn declaration in lieu of a deposition.  To date, those negotiations remain ongoing, without prejudice to PDVSA's right to obtain testimony from Deutsche Bank after the parties' stipulated deadline for fact discovery.

[2]   On September 1, 2020, PDVSA served a notice of deposition to depose Denise A. Hansen, General Counsel for Dresser-Rand.  Dresser-Rand objected to that deposition and the accompanying request for documents.  The parties agreed to defer Ms. Hansen's deposition until after the deposition of Mr. Scherzer.  Based on the testimony that we obtained from Mr. Scherzer, PDVSA no longer needs testimony from Ms. Hansen and withdrew its notice of deposition.

[3]   Mr. Scherzer's deposition was initially noticed for July 13, 2020.  At Dresser-Rand's request, the deposition was re-scheduled for August 28, 2020.  The deposition was re-scheduled again, at PDVSA's request, to a mutually agreeable date based on Mr. Scherzer's availability.  On September 16, 2020, Dresser-Rand proposed October 8, 2020 and October 9, 2020 as alternative dates for Mr. Scherzer's deposition.

      We also requested that the time to complete fact discovery be extended for the purpose of allowing PDVSA to serve a subpoena on Novo Bank to take testimony and obtain documents regarding Dresser-Rand's Euro account and Novo Bank's policies and procedures for ensuring compliance with relevant sanctions and regulations.

      On October 19, 2020, Dresser-Rand's counsel objected to our requests and informed us that Dresser-Rand would not produce the requested documents or agree to allow PDVSA to subpoena Novo Bank.  On October 20, 2020, we conferred with Dresser-Rand's counsel regarding PDVSA's entitlement and need for the requested discovery as a matter of due process and explained that PDVSA did not seek such discovery sooner because we did not learn that Dresser-Rand had opened an account with Novo Bank until Mr. Scherzer's deposition on October 9, 2020.  Dresser-Rand confirmed that it intends to rely on Dresser-Rand's opening of a Euro account with Novo Bank at trial and reiterated Dresser-Rand's objection to PDVSA's pursuit of discovery regarding the Novo Bank account.

      PDVSA respectfully requests that the Court schedule a conference to discuss the foregoing dispute or, in the alternative, grant PDVSA permission to make a motion to compel Dresser-Rand to produce the requested documents and extend the deadline for fact discovery to allow PDVSA to subpoena Novo Bank.[4]

      Respectfully submitted,

*Robin L. Muir*

Robin L. Muir

---

[4]    PDVSA needs information regarding Dresser-Rand's account with Novo Bank before it can properly prepare and serve a subpoena on Novo Bank.