

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

October 30, 2020

**Via Email**

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al, No. 19-cv-02689-LLS*

Dear Judge Stanton:

      We represent plaintiff Dresser-Rand Company ("D-R").  We write in response to defendant Petróleos de Venezuela, S.A.'s ("PDVSA") letter dated October 22, 2020 (the "Discovery Letter"), in which PDVSA requests a conference in connection with its pursuit of additional party and non-party discovery well past the deadline for fact discovery.  (ECF No. 98.)  For the reasons set forth below, D-R objects to PDVSA's discovery demands and its request for additional time to complete fact discovery.

      *First*, as a threshold matter, D-R has agreed in the past to extend discovery deadlines in order to accommodate PDVSA's requests.  For instance, on June 30, 2020, the parties agreed to a pre-trial schedule which included the completion of fact discovery by September 4, 2020.  However, at the request of PDVSA, on August 27, 2020, D-R agreed to extend the stipulated fact discovery deadline to October 9, 2020.[1]  (ECF No. 88.)  Thus, D-R has been more than accommodating for reasonable, valid extension requests, but is not willing to agree to a further delay of the resolution of this action, especially without any good cause shown on the part of PDVSA.  In fact, extending the fact discovery deadline will significantly impact the remaining pre-trial deadlines agreed to by the parties.[2]

      *Second*, PDVSA claims that it is entitled to additional discovery from Novo Bank because "[D-R] intends to rely on or reference its opening of an account with Novo Bank at trial."  (Discovery Letter at 1.)  However, when D-R offered to produce the precise information that would address PDVSA's concerns about D-R introducing evidence on this issue at trial, PDVSA said it wanted the information from D-R,

---

[1] PDVSA's suggestion that D-R contributed to any delays by rescheduling Mr. Scherzer's deposition is disingenuous.  Mr. Scherzer was prepared to testify on August 28, 2020, but the parties agreed that it made sense to move his deposition in light of the new October 9, 2020 discovery deadline.

[2] The parties have stipulated to the following schedule:
November 3, 2020 – Parties are to exchange expert reports
November 20, 2020 – Completion of expert discovery
November 25, 2020 – Plaintiff's proposed findings of fact due
December 9, 2020 – Defendant's proposed findings of fact due
December 22, 2020 – Plaintiff's reply findings of fact due
January 18, 2020 – Pre-trial order and pre-trial briefs due



October 30, 2020
Page 2

but *also* reserved all rights to continue to pursue third-party discovery from Novo Bank. Specifically, following the submission of the Discovery Letter, we advised PDVSA's counsel that, as an offer of compromise, D-R was willing to produce documents sufficient to show the bank name and address, account and SWIFT numbers, beneficiary name and address, and the date that the Novo Bank account was opened. In response, PDVSA asked whether D-R would also be willing to produce: (1) communications between D-R and PDVSA regarding the account, including communications reflecting that the account was opened, if any; and (2) communications between D-R and Novo Bank regarding the account, including documents relating to Novo Bank's policy on acceptance of funds from PDVSA. Before committing to produce these additional documents—which D-R intended to do—D-R asked PDVSA to confirm that, with the production of this additional information from D-R, PDVSA would be willing to waive its request to extend the discovery deadline in order to pursue third-party discovery from Novo Bank. PDVSA was unwilling to do so. As such, D-R questions PDVSA's intentions with respect to its belated pursuit of the Novo Bank discovery.

*Third*, as it stands, the October 9, 2020 fact discovery deadline has expired, and PDVSA cannot, as it is must, demonstrate good cause to obtain the information it seeks after the close of fact discovery. *See Noel v. City of New York*, No. 15-cv-5236, 2019 WL 1450165, at *1 (S.D.N.Y. 2019) ("A party seeking to re-open discovery bears the burden of showing good cause, the primary consideration for which being whether there has already been adequate opportunity for discovery."). PDVSA has had information readily available to it for over a year regarding Novo Bank. D-R produced multiple documents in September and October 2019 that discuss the Novo Bank account that PDVSA now seeks more information about.[3] In fact, PDVSA's summary judgment briefing, and the exhibits attached thereto—which was fully submitted by December 23, 2019—reference the Novo Bank account. *See, e.g.*, ECF No. 53 at 15; ECF No. 54, Ex. 1. Where, as here, "a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied."[4] *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 142 (S.D.N.Y. 2011) (denying plaintiff's discovery request after the close of fact discovery because information was available to plaintiff long before the discovery deadline and plaintiff had 'ample opportunity to obtain the information' during the fact discovery period, and failed to raise the issue with the Court at the appropriate time"); *Slomiak v. Bear Sterns & Co.*, No. 83-cv-1542(CSH), 1985 WL 410, at *1 (S.D.N.Y. Mar. 12, 1985) (denying motion to compel deposition testimony where counsel knew of the witnesses and the need for testimony before the discovery deadline).

*Fourth*, as PDVSA is certainly aware, Novo Bank is located abroad and PDVSA will likely require international assistance to obtain documents and testimony from the bank. Accordingly, PDVSA should have sought this discovery – at the latest – in June at the same time it served subpoenas on other foreign banks and moved for issuance of letters rogatory to obtain discovery from those banks. (ECF Nos. 93–

---

[3] PDVSA concedes that in "previously produced correspondence, Siemens employee, Jose Latorre, represented that 'Siemens is in the position to open an account in Novo Bank, if PDVSA consider[s] that this will expedite the payment of the Novation.'" *See* ECF No. 98 at 2 (*citing* DRESSER_0004338 & DRESSER_0004359).

[4] Indeed, counsel for PDVSA had ample opportunity to ask Mr. Scherzer questions regarding D-R's opening of the Novo Bank account during his deposition, but elected not to. *Stoner v. New York City Ballet Co.*, No. 99-cv-0196, 2003 WL 749893, at *3 (S.D.N.Y. 2003) (finding reopening of discovery was not warranted where "plaintiff had the opportunity, if he wished, to depose persons with knowledge relevant to the issues in this case").



October 30, 2020
Page 3

95); *see Noel*, 2019 WL 1450165, at *1 (noting courts consider whether the party seeking to reopen discovery "was diligent in obtaining discovery within the guidelines established by the court"). PDVSA's last-minute request for additional discovery is, at best, an indefensible oversight, and at worst, a deliberate attempt to further delay the resolution of this proceeding.

*Fifth*, PDVSA's request is an improper work-around the scope of discovery permitted by this Court's prior Orders. (*See* ECF Nos. 37, 84.) Specifically, on September 6, 2019, Your Honor determined that "defendants are not entitled to employ Rule 26 discovery" in connection with D-R's Motion for Summary Judgment in Lieu of Complaint and instead instructed D-R to "make available to defendants copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments." (ECF No. 37.) Yet, by way of its instant request, PDVSA is essentially seeking the Rule 26 discovery Your Honor rejected—inclusive of internal D-R correspondence and correspondence between D-R and third-parties.

*Finally*, the fact that D-R ultimately opened an account with Novo Bank is immaterial to PDVSA's impossibility defense. The record reflects that PDVSA proposed making a payment into a Novo Bank account in Euros as an alternative option to payment.[5] However, the simple fact is that PDVSA never executed D-R's proposed amendment to the Note Agreement to permit payment in Euros and, accordingly, PDVSA could not (and, in fact, did not) make any payments into the Novo Bank account. *See* Declaration of Erik Scherzer dated December 23, 2019 at ¶ 20 (ECF No. 57.) Thus, the Novo Bank account and the policies surrounding Novo Bank's acceptance of payments from PDVSA are immaterial to PDVSA's impossibility defense. *See Bridgeforth v. City of New York*, 286 F. Supp. 3d 629, 633 (S.D.N.Y. 2017) (denying request for additional discovery because it was unlikely the discovery would lead to relevant evidence).

Accordingly, D-R opposes PDVSA's request for the additional discovery sought in its Discovery Letter. D-R stands ready to address any of the issues herein, should Your Honor think a discovery conference is necessary.

Respectfully submitted,

*/s/ Jordan W. Siev*

Jordan W. Siev

JWS:sa

cc:    All Counsel of Record (*via ECF*)

---

[5] *See* DRESSER_0004338 (ECF No. 57-11).