ORIGINAL



Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Robin L. Muir
Senior Associate
T +1 212 918 3264
robin.muir@hoganlovells.com

**MEMO ENDORSED**

October 30, 2020

*VIA ECF*

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/20

Re:  *Dresser-Rand Company v. Petróleos de Venezuela, S.A., et al.*
     S.D.N.Y. Docket No. 1:19-cv-002689-LLS

Dear Judge Stanton:

This firm represents defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") in the above-referenced action. We write in reply to the letter filed by counsel for plaintiff Dresser-Rand Company ("Dresser-Rand") on October 30, 2020 (Dkt. No. 99) regarding the parties' dispute over PDVSA's request for discovery related to Dresser-Rand's Novo Bank account.

As previously explained, the Novo Bank discovery is directly relevant to PDVSA's impossibility defense. Even though Dresser-Rand intends to rely on the existence of the Novo Bank account at trial, it failed to provide in discovery any documents relating to the opening of the account and, accordingly, PDVSA was not aware of it. PDVSA learned for the first time at the deposition of Dresser-Rand's corporate representative on October 9. Thus, the fact that this discovery is being requested at this time is the result of Dresser-Rand's own failure to disclose this information earlier.

In any event, Dresser-Rand has acknowledged that it should produce these documents and should do so immediately. After PDVSA submitted its pre-motion letter regarding this dispute (Dkt. No. 98), the parties further conferred on the requested Novo Bank discovery. We agreed to withdraw our pending request to the Court, including our request to extend the parties' stipulated deadline for fact discovery, if Dresser-Rand would agree to produce: (1) communications between Dresser-Rand and PDVSA regarding the account, including that that the account was opened, if any; (2) communications between Dresser-Rand and Novo Bank regarding the account, including documents relating to Novo Bank's policy on acceptance of funds from PDVSA; and (3) documents sufficient to show the bank name and address, account and SWIFT numbers, beneficiary name and address, and the date that the account was opened. We advised Dresser Rand that we did not intend to take third-party discovery from Novo Bank, but would not be able to make a final decision on that until we reviewed Dresser-Rand's documents.

Although Dresser-Rand stated that it was willing to produce the requested documents as relevant to PDVSA's impossibility defense, Dresser-Rand conditioned that production on PDVSA's waiver of all rights to pursue third-party discovery from Novo Bank in the future under any circumstances. We explained that we could not agree to those terms without first reviewing the

documents produced by Dresser-Rand. Because we would not blindly waive our right to pursue any follow-up discovery that is indisputably relevant, Dresser-Rand declined to produce *any* documents relating to the Novo Bank account.

We respectfully submit that it is wholly inequitable for Dresser-Rand to withhold relevant documents in an attempt to force PDVSA to waive its right to pursue relevant follow-up discovery in the future. Indeed, because Dresser-Rand intends to rely on evidence of the Novo Bank account at trial, it should have produced the documents long ago, and certainly before the deposition of its corporate representative.

There is no possible prejudice to Dresser-Rand in producing these documents. PDVSA is clearly entitled to them (as Dresser-Rand has acknowledged), and producing the documents will not delay any of the other deadlines in the parties' pretrial schedule.

For the foregoing reasons, we respectfully request that the Court order Dresser-Rand to immediately produce the documents set forth above, without any conditions or restrictions on PDVSA's right to seek relevant follow-up discovery, if necessary, in a timely manner. We welcome the opportunity to further discuss these issues at a conference with the Court.

Respectfully submitted,

*Robin L. Muir*

Robin L. Muir

*So Ordered: this is just the kind of discovery allowed by Rule 56(d), which also contemplates that an extension of time may be required.*

*Louis L. Stanton*
*10/30/20*