

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8160
F: 212.607.8161
smolo@mololamken.com

January 25, 2021

<u>BY CM/ECF</u>

Hon. Louis L. Stanton
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Dresser-Rand Company v. Petróleos de Venezuela, S.A., et al.*,
              <u>No. 19 Civ. 2689 (S.D.N.Y.):  Pre-Motion Conference</u>

Dear Judge Stanton:

      We represent Red Tree Investments, LLC, the plaintiff in two similar suits against the Defendants that are pending before the Honorable Alison J. Nathan, Nos. 19 Civ. 2519 and 19 Civ. 2523 ("*Red Tree*").  Pursuant to Rule 2.A of the Court's individual practices, we respectfully write to request a pre-motion conference.

      Red Tree seeks to intervene in this action for the limited purpose of modifying the protective order so that Red Tree may access discovery that Defendants are taking in this case from non-party Deutsche Bank Trust Co. Americas ("DBTCA").  Because the discovery Defendants are taking from DBTCA in this case is the same as the discovery Defendants seek in *Red Tree*, allowing Red Tree access to that discovery would avoid wasteful duplication of effort between these cases and reduce the discovery burden on DBTCA.  Red Tree agrees to abide by the terms of the protective order governing the use of the discovery in this case.

### I.    Background

      Red Tree and the Defendants in this case are also parties to the actions *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A., et al.*, Nos. 19 Civ. 2519 & 2523, pending before Judge Nathan.  Those cases involve defaulted debt of Venezuela's state-owned oil company.  Similar to this case, the claims in *Red Tree* arise out of Defendants' failure to pay debts owed under a credit agreement and three loan agreements.  No. 19 Civ. 2519, Dkt. 1 at 1; No. 19 Civ. 2523, Dkt. 5 at 1 (notices of removal).

      In both *Red Tree* and this case, Defendants have opposed the plaintiffs' motions for summary judgment by moving for discovery under Federal Rule Civil Procedure 56(d).  No. 19 Civ. 2689, Dkt. 18; No. 19 Civ. 2519, Dkt. 64; No. 19 Civ. 2523, Dkt. 65.  Among other topics, Defendants have claimed that discovery against DBTCA is needed to explore a potential "impossibility" defense to non-payment.  No. 19 Civ. 2689, Dkt. 82 at 3; No. 19 Civ. 2519, Dkt. 86 at 3; No. 19 Civ. 2523, Dkt. 87 at 3.  In *Red Tree*, Defendants have sought leave to take discovery from DBTCA about "attempted payments by PDVSA that Deutsche Bank rejected or

Hon. Louis L. Stanton — - 2 - — January 25, 2021

refused to process, and Deutsche Bank's policies and procedures for filtering, assessing, processing and/or rejecting payment transactions involving Defendants and other Venezuelan government-related entities."  No. 19 Civ. 2519, Dkt. 86 at 3; No. 19 Civ. 2523, Dkt. 87 at 3.

That discovery is identical to a June 2020 subpoena PDVSA served in this case on DBTCA seeking documents about, among other topics, "Deutsche Bank's policies with respect to the receipt or transfer of funds of PDVSA or Petróleo" and documents about "the transfer or attempted transfer of funds by or on behalf of PDVSA or Petróleo."  No. 19 Civ. 2689, Dkt. 81-2 at 4 (subpoena).  In this action, the Court has allowed such discovery.  No. 19 Civ. 2689, Dkt. 84 at 1.  By contrast, in *Red Tree*, Defendants' request for that discovery remains pending and Defendants' Rule 56(d) motions have been fully submitted since February 2020.  *See* No. 19 Civ. 2519, Dkt. 70; No. 19 Civ. 2523, Dkt. 71.

**II.    Permissive Intervention and Modifying the Protective Order Are Warranted**

Red Tree has maintained, and continues to believe, that the discovery Defendants seek from DBTCA (and from other third parties) in *Red Tree* is not relevant.[1]  In particular, Defendants have never claimed that DBTCA or any other financial institution has prevented (or even delayed) them from making the missed payments that are the subject of the *Red Tree* actions.  However, solely in the interest of avoiding further litigation or delay caused by Defendants' Rule 56(d) motions in those actions, in narrowing the outstanding issues in *Red Tree*, and in reducing DBTCA's burden of having to respond to multiple subpoenas, Red Tree seeks leave to intervene in this action and to modify the protective order so that it can access the discovery Defendants are already taking from DBTCA.

The Second Circuit has held that the proper method for a nonparty such as Red Tree to seek modification of a protective order is through a motion for permissive intervention.  *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005); *see* Fed. R. Civ. P. 24(b).  Red Tree easily meets the standards both for intervention and for modifying the protective order.  Whether to allow permissive intervention is wholly in this Court's discretion.  *USPS v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).  Factors relevant to that discretion include:  (1) whether the motion is timely; (2) whether the proposed intervenor has a claim or defense that shares common questions of law or fact with the main action; and (3) whether adjudication of the original parties' rights will be unduly delayed or prejudiced.  Fed. R. Civ. P. 24(b)(3); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 314 (D. Conn. 2009).  Each of those factors favors intervention here.

*First*, Red Tree's motion is timely.  When a party seeks to intervene for the "limited purpose of modifying a protective order," the "requirement of timeliness is quite broad."  *EPDM*, 255 F.R.D. at 315; *see also The Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152, 157-58 (S.D.N.Y. 2003) (permitting intervention "two years" after the case closed).  Red Tree is seeking intervention only seven months after the Court permitted Defendants to subpoena DBTCA.  No.

---

[1] Red Tree also reserves all rights to argue that the other discovery Defendants have sought or may seek in the *Red Tree* actions is unwarranted.

Hon. Louis L. Stanton - 3 - January 25, 2021

19 Civ. 2689, Dkt. 84 at 1 (granting such discovery on June 24, 2020). Red Tree's motion will not cause any delay to the Court, the parties here, or DBTCA.

*Second*, as regards the DBTCA discovery, the issues of fact and law between this case and *Red Tree* are practically identical. In both cases, Defendants seek the same facts about DBTCA's purported rejection of PDVSA payments that Defendants believe are relevant to the same impossibility defense. Allowing DBTCA's productions here to be used in *Red Tree* will entirely resolve Defendants' request for that discovery in *Red Tree*.

*Third*, neither any party nor DBTCA could suffer any possible prejudice from intervention. Red Tree does not seek to change this case's schedule, to propound any discovery of its own, or to access any other party's or non-party's materials. Instead, Red Tree requests only the same discovery from DBTCA that Defendants have already asserted should happen in *Red Tree*. In fact, intervention will **benefit** both Defendants and DBTCA by expediting the *Red Tree* actions and avoiding the need to produce the same discovery twice. Together with the timeliness of Red Tree's motion and the obvious overlap between this action and the *Red Tree* actions, the complete absence of prejudice warrants allowing Red Tree to intervene.

For similar reasons, modifying the protective order is also warranted. Red Tree seeks only narrowly tailored changes allowing it to access DBTCA's productions.[2] Allowing a non-party to avoid being forced to re-produce the same discovery materials again in parallel litigation is a compelling reason for modification. *Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2016 WL 3951181, at *2 (S.D.N.Y. July 20, 2016). And Red Tree's request does not implicate any reasonable reliance interests that would weigh against modification. *Cf. SEC v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001). Defendants already seek the same discovery from DBTCA in *Red Tree* whether or not DBTCA relied on the protective order in this case.[3] Like intervention, modification would streamline *Red Tree* without prejudicing DBTCA in any way.

\*   \*   \*

The most reasonable way to serve the interests of the parties, Red Tree, and DBTCA is to allow DBTCA's productions in this case to be used in the *Red Tree* actions as well. Red Tree thus respectfully requests either that intervention and modification of the protective order be granted or that the Court hold a pre-motion conference to discuss Red Tree's proposed motion.

---

[2] Specifically, Red Tree requests that Red Tree be deemed a "Party" permitted to access "Confidential Information" or "Highly Confidential Information" produced by DBTCA consistent with Section 4 of the protective order, and that both Red Tree and Defendants be permitted to use the DBTCA productions for the purposes of the *Red Tree* actions. *See* Dkt. 41 §§ 1(b), 4.

[3] In addition, no reasonable person could have relied on the protective order never being modified to avoid duplicative discovery. No reasonable reliance interests are implicated by blanket, case-wide orders like this one that the parties proposed subject to further modification by the Court or party agreement. *See, e.g.*, Dkt. 41 (proposed protective order) §§ 1(b), 11; *see Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, No. 05 Civ. 2745, 2010 WL 779314, *4-5 (S.D.N.Y. Mar. 2, 2010) (describing factors courts consider in deciding whether reliance on a protective order is reasonable); *Tradewinds*, 2016 WL 3951181, at *2.

Hon. Louis L. Stanton — - 4 - — January 25, 2021

                              Respectfully submitted,

                              /s/ Steven F. Molo
                              Steven F. Molo

                              *Counsel for Red Tree Investments, LLC*

cc: All counsel of record in No. 19 Civ. 2689 via CM/ECF
     All parties in Nos. 19 Civ. 2519 & 2523 (via e-mail and CM/ECF)
     Hon. Alison J. Nathan, U.S.D.J. (via e-mail and CM/ECF)