**MANDATE**

No. 20-1990
*Dresser-Rand Co. v. PDVSA Petróleo, S.A.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 2, 2021
```

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-one.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

DRESSER-RAND COMPANY,

> *Plaintiff-Appellee*,

v.                                                              No. 20-1990

PDVSA PETRÓLEO, S.A.,

> *Defendant-Appellant*,

PETRÓLEOS DE VENEZUELA, S.A.,

> *Defendant*.

_____

FOR DEFENDANT-APPELLANT:    MATTHEW DUCHARME (Robin L. Muir, Dennis H. Tracey, III, *on the brief*), Hogan Lovells US LLP, New York, NY.

MANDATE ISSUED ON 08/02/2021

| | |
|---|---|
| FOR PLAINTIFF-APPELLEE: | KIM M. WATTERSON (Jordan W. Siev, Geoffrey G. Young, *on the brief*), Reed Smith LLP, Los Angeles, CA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 29, 2020 is **AFFIRMED**.

The Dresser-Rand Company ("Dresser-Rand") sues for the balance owed plus interest due under a Note issued by Petróleos de Venezuela, S.A. ("PDVSA") and guaranteed by PDVSA Petróleo, S.A. ("Petróleo") pursuant to a Note Agreement. In this appeal, brought pursuant to a Federal Rule of Civil Procedure 54(b) certification, Defendant-Appellant Petróleo seeks reversal of the District Court's grant of partial final judgment against it and in favor of Plaintiff-Appellee Dresser-Rand in the amount of approximately $150 million. *Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, 439 F. Supp. 3d 270 (S.D.N.Y. 2020). We review *de novo* the District Court's partial summary judgment decision, *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009), and apply New York law, as the Note Agreement provides. On such review, we conclude that Petróleo unconditionally waived in the Note Agreement any impossibility defense to the action for payment; we also conclude that Petróleo failed to timely raise – and thus forfeited – its argument that its breach of the Note Agreement is excused for reasons of public policy and the potential illegality of making payments under the Note Agreement. The District Court therefore did not err in entering judgment against Petróleo.

In the discussion below, we assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, and refer to them only as necessary to explain our decision to affirm.

1. *The guarantee and broad waiver of defenses.* Article VI of the Note Agreement governs the Guarantee undertaken by Petróleo. In Section 6.01 of the Note Agreement, Petróleo

2

agrees "that it is jointly and severally liable" for payment and "absolutely, irrevocably and unconditionally guarantee[d]" to the noteholder and related obligees "prompt payment when due." Joint App'x 53. Section 6.02 emphasizes that Petróleo guarantees payment rather than collection of any amount owed. Section 6.03(a) underscores that "the obligations of the Guarantor hereunder are unconditional and absolute and not subject to any reduction, limitation, impairment or termination for any reason" except indefeasible cash payment in full. *Id.* Section 6.03(b) reiterates that "[t]he obligations of Guarantor [Petróleo] hereunder are not subject to any defense or setoff, counterclaim, recoupment or termination whatsoever by reason of the invalidity, illegality or unenforceability of any of the Guaranteed Obligations or otherwise . . . ." *Id.* And Section 6.03(c) states that Petróleo's obligations under the Note Agreement "are not discharged or impaired or otherwise affected by . . . any [ ] circumstance, act, omission or delay that might in any manner or to any extent vary the risk of [Petróleo] or that would otherwise operate as a discharge of [Petróleo] as a matter of law or equity." *Id.* at 54.

Section 6.04 of the Note Agreement, titled "Defenses Waived," further details Petróleo's unconditional obligation:

> To the fullest extent permitted by applicable law, the Guarantor [Petróleo] hereby waives any defense based on or arising out of any defense of the Issuer [PDVSA] or the Guarantor [Petróleo] or the unenforceability of all or any part of the Guaranteed Obligations from any cause, or the cessation from any cause of the liability of [PDVSA] or [Petróleo], other than the indefeasible payment in full in cash of the Guaranteed Obligations.

*Id.*

2. *A belatedly asserted impossibility defense.* On appeal, Petróleo insists that notwithstanding the sweeping guarantees in Article VI of the Note Agreement, it did not waive the defense of impossibility of performance.[1] Petróleo suggests that it is currently

---

[1] Dresser-Rand argues that Petróleo is now foreclosed from asserting impossibility as a defense because Petróleo waived that defense in the Note Agreement and did not challenge the enforceability of its defense waiver with respect to impossibility before the District Court until its motion for reconsideration. We proceed in our discretion to address the merits of Petróleo's impossibility argument.

3

"impossible" to make Note payments as required because sanctions imposed by the United States against the Venezuelan oil sector mandate that, absent a license from the U.S. Office of Foreign Assets Control ("OFAC"), all of Petróleo's "property and interests in property" within the United States or within the "possession or control of any United States person" will be "blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." Blocking Property of Additional Persons Contributing to the Situation in Venezuela, 83 Fed. Reg. 55243 (Nov. 1, 2018); *see generally Dresser-Rand Co. v. PDVSA*, 439 F. Supp. 3d at 274 (discussing the U.S. sanctions). Petróleo argues that these sanctions make compliance with the Note Agreement impossible.

Controlling New York law suggests otherwise. As the New York Court of Appeals has emphasized, a contractual guarantee stated by "plain terms, in broad, sweeping and unequivocal language" may "foreclose[] any challenge to the enforceability and validity of the documents which establish [a] defendant's liability for payments arising under [an] agreement, as well as to any other possible defense to [a defendant's] liability." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y. 3d 485, 494 (2015).[2] In the past, we have accordingly found a guarantor's defenses waived "even without such a specific representation" as to the particular defense whose waiver is at issue. *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F.3d 31, 35 (2d Cir. 1999) (finding that general waiver language effected a waiver as to guarantor's specific defense that release of the primary obligor applied to guarantor as well). In view of the plain, broad language of its guarantee and its waiver of defenses, and the established enforceability of those provisions under New York law, we comfortably conclude that Petróleo waived its impossibility defense.

3. *Public policy and illegality.* Petróleo argues in the alternative that the District Court was required to deny enforcement of Petróleo's obligations because of public policy concerns and the potential illegality of making payment to Dresser-Rand. Petróleo points to

---

[2] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

4

the clause in Section 6.04, quoted above, in which it waived its defenses, but limited the waiver to "the fullest extent permitted by law." This clause, Petróleo argues, shows that it could not waive illegality of performance as a defense to liability for payment. In this context, as with its more general impossibility defense, Petróleo contends that the U.S. sanctions described above forbid Petróleo from making payments to Dresser-Rand absent a license granted by OFAC. Petróleo urges that these circumstances should have precluded the District Court from entering judgment against Petróleo on its guarantee under the Note Agreement.

We do not consider Petróleo's public policy and illegality argument today, since Petróleo forfeited this argument by failing to raise it before the District Court in a timely manner. Joint App'x 400-05. The argument was not fully briefed below, nor did the District Court have an appropriate opportunity to consider it in the first instance. Because Petróleo raised this argument for the first time in its motion for reconsideration, the District Court treated that argument as forfeited and denied the motion for reconsideration in an order consisting of a single sentence. Joint App'x 396. Having waited to mention the argument until its motion for reconsideration of the summary judgment ruling against it, Petróleo is not entitled to raise it here for plenary consideration. *See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry.*, 762 F.3d 165, 188 (2d Cir. 2014).

\* \* \*

We have considered Petróleo's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5