

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

August 20, 2021

<u>Via ECF</u>

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-cv-02689-LLS

Dear Judge Stanton:

This firm represents plaintiff Dresser-Rand Company ("<u>D-R</u>") in the above-referenced action. We write, pursuant to Rule 1(A) and Rule 4 of Your Honor's Individual Practices, to request a pre-trial conference in advance of the September 21–24 and September 27 trial dates. As set forth below, we believe that a pre-trial conference dedicated to certain evidentiary and administrative matters will help to streamline issues for trial and may potentially avoid the risk of unnecessary travel during the COVID-19 pandemic. Defendant Petróleos de Venezuela, S.A. ("<u>PDVSA</u>") does not object to this request for a conference.

In accordance with Rule 4(5) of Your Honor's Individual Practices, on March 29, 2021, the parties submitted their respective trial briefs, as well as a joint Consent Pre-Trial Order. (*See* ECF Nos. 119, 121, 122). Therein, the parties raised several evidentiary disputes, a few of which D-R believes are most appropriately addressed in advance of trial. These disputes include the admissibility of certain expert testimony (ECF 119 at 21–26; ECF 122 at 15–19) and proposed exhibits (ECF 121 at 15–19), as well as the propriety of PDVSA's attempts to subpoena certain witnesses' testimony for trial (ECF 122 at 19–20).

Specifically, as to expert witnesses, D-R objects to PDVSA introducing the expert report of John Baker or calling Mr. Barker as a witness on the basis that Mr. Barker, who is counsel to PDVSA in related matters, cannot offer objective and reliable opinions to the Court. (ECF 122 at 15–19.) Concerning PDVSA's subpoena attempts, PDVSA has indicated that it intends to call, among other witnesses, D-R's General Counsel, Denise Hansen, and former D-R sales manager Jose LaTorre. D-R has raised several objections that any attempts to subpoena Ms. Hansen or Mr. LaTorre are procedurally and substantively improper and has refused to accept service for either pending a ruling by Your Honor on these matters. As to Ms. Hansen, it is D-R's position that Ms. Hansen, a Texas resident who works in Texas and does not regularly transact business in New York, is beyond the geographical reach of Fed. R. Civ. P. 45. Moreover, the subject of Ms. Hansen's testimony can be obtained through other witnesses, like D-R's Head of Credit and Collections in the Americas, Erik Scherzer, whose testimony will not raise privilege and attorney work product concerns, as would Ms. Hansen's testimony. With respect to Mr. LaTorre, he is a resident of Venezuela, and thus service of a subpoena upon him would need to comply with the Walsh Act, 28 USC § 1783, which requires a showing (i) that the testimony sought is necessary in the interests of justice and (ii) that it is not possible to obtain such testimony in admissible form without the witness's personal appearance. To date, PDVSA has not attempted – and we believe ultimately cannot – satisfy these requirements. It is D-R's position that each of these issues are best resolved in advance of trial given the logistical issues of arranging for the availability of these witnesses, including COVID-related travel limitations.



Hon. Louis L. Stanton
August 20, 2021
Page 2

      Additionally, there are other evidentiary and administrative issues that could be resolved in advance of the trial. For example, by way of its trial brief, D-R has also objected to the submission of an amended expert report by Mr. Barker *three months after* the close of expert discovery, and following Mr. Barker's deposition. The parties have also objected to the admission to certain testimony at trial on the basis of hearsay, among other bases. A resolution of these issues before trial will avoid unnecessary cost and expense in trial preparation with respect to evidence that may ultimately not be admitted.

      Accordingly, we respectfully request that the Court schedule a pre-trial conference to address these issues. We are happy to provide the Court with the parties' joint availability, to the extent the Court should choose to set a pre-trial conference. We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Jordan W. Siev*

Jordan W. Siev

cc:    All Counsel of Record (*via ECF*)