

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Matthew A. Ducharme
Senior Associate
T + 1 212 918 3734
Matthew.ducharme@hoganlovells.com

September 16, 2021

*VIA ECF*

Hon. Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Company v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*
       S.D.N.Y. Docket No. 1:19-cv-002689-LLS

Dear Judge Stanton:

This firm represents defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action.  We write to respectfully request a pre-motion conference in connection with PDVSA's anticipated motion to compel compliance with a trial subpoena for documents that are directly relevant to the issues to be determined at the upcoming trial.

On September 7, PDVSA served a trial subpoena on Dresser-Rand Company ("Dresser-Rand") for "[c]ommunications between Dresser-Rand and OFAC relating to payment under the Dresser Note, or relating to the enforcement of a judgment" under Fed. R. Civ. P. 45.  Counsel for Dresser-Rand objected to the subpoena and refused to produce the documents sought by the subpoena.  The parties held a meet-and-confer call on September 14 during which PDVSA withdrew the request for communications with OFAC relating to the enforcement of a judgment, which Dresser-Rand had objected to as irrelevant.  Despite this withdrawal, the parties were unable to reach an agreement.

**Relevant Background**

Dresser-Rand initiated this action on February 26, 2019 with a Motion for Summary Judgment in Lieu of Complaint.  Given that posture, the Court held, on September 6, 2019, that, in connection with the briefing of the motion for summary judgment, Defendants were limited to discovery under Fed. R. Civ. P. 56(d) and were not entitled to discovery under Fed. R. Civ. P. 26. (Dkt. Nos. 37; 58-1.)

On February 11, 2020, the Court denied Dresser-Rand's Motion for Summary Judgment as to its claims against PDVSA, finding that "there are material issues of impossibility of payment to prevent the entry of judgment as a matter of law against PDVSA."  (Dkt. No. 59 at 7.)

Following the denial of summary judgment, the Court expanded the scope of discovery available to PDVSA.  On June 24, 2020 the Court held that PDVSA's efforts to depose an agent of Dresser-Rand and to issue subpoenas to third-party banks with information relevant to its impossibility defense were "reasonable, relevant and proportional" discovery steps and allowed them to proceed.  (Dkt. No. 84 at 1.)  On August 18, 2020, the Court allowed PDVSA to issue letters of request to seek evidence from third-party banks located abroad.  (Dkt. No. 87 at 1.)  And

on October 30, 2020, the Court ordered Dresser-Rand to produce documents related to Dresser-Rand's Novo Bank account, noting that this kind of directly relevant discovery is "just the kind of discovery allowed by Rule 56(d), which also contemplates that an extension of time may be required." (Dkt. No. 101 at 2.)

### Dresser-Rand Must Comply with PDVSA's Valid Trial Subpoena

PDVSA's September 7 subpoena is a permissible trial subpoena that seeks one narrow category of documents that are highly relevant to this case. Rule 45 subpoenas "may be used after the close of discovery for 'trial preparation.'" *Joseph P. Carroll Ltd. v. Baker*, No. 09 CIV. 3174 SHS, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012). Accordingly, parties may serve such subpoenas to address last-minute trial needs like securing documents for the purposes of memory refreshment, cross-examination, impeachment, or getting originals of documents where copies were produced in discovery. *Pasternak v. Dow Kim*, No. 10 CIV. 5045 LTS JLC, 2013 WL 1729564, at *1, 3 (S.D.N.Y. Apr. 22, 2013).

The hallmarks of a permissible trial subpoena are that it seeks a narrow category of documents for use in trial, that it seeks documents that the requesting party was not previously aware of, and that it is returnable to the courtroom on the date of trial. *See Dodson v. CBS Broad., Inc.*, No. 02 CIV. 9270(KMW)(AJ), 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) (finding that subpoena was an untimely discovery subpoena because it sought 10 categories of documents and was not returnable to the courtroom at the time of trial). In *Carroll Ltd.*, for instance, the plaintiff, ten months after the close of fact discovery, issued a subpoena commanding the production of two transcripts of depositions taken in related cases. No. 09 CIV. 3174 SHS, 2012 WL 1232957, at *1–2. The plaintiff did not know about the depositions until shortly before he issued the subpoena. *Id.* at *2. The court found that, even though it was returnable two weeks before trial instead of at the time of trial, the subpoena was a permissible trial subpoena because the plaintiff intended to use the transcripts to impeach the defendant's credibility, not to seek additional information. *Id.* Its limited scope also meant that it would not lead to additional discovery or delay the trial. *Id.* at *3. By contrast, the subpoena in *Revander v. Denman*, which sought "any and all records regarding the incarceration of the Plaintiff," was "exactly the kind of 'shotgun' subpoena[] that should not be issued on the eve of trial." No. 00 CIV. 1810 (RJH), 2004 WL 97693, at *2 (S.D.N.Y. Jan. 21, 2004).

PDVSA's September 7 subpoena commanding production of "[c]ommunications between Dresser-Rand and OFAC relating to payment under the Dresser Note," has all of the hallmarks of a proper trial subpoena. It is extremely narrow in scope—PDVSA expects that the subpoena would require production of no more than a small handful of responsive documents, if any. Dresser-Rand has not asserted that the subpoena would cause it any undue burden. Further, because any communications with OFAC could have occurred long after the completion of discovery, PDVSA determined that a trial subpoena is the most efficient way to ensure that any such communications are available for use at trial. Finally, the subpoena is returnable to the Court on the first day of trial.

The documents requested by the subpoena are critically important for the trial. A key issue at trial will be whether OFAC would view the Note as "new debt" after the parties agreed to extend the deadline for the third interest payment. Both parties' experts agree that OFAC is in the best position to resolve that issue, but there is currently a dearth of evidence on this point. In fact, at present the only proffered evidence regarding OFAC's stated position on which changes to the terms of a preexisting debt agreement transform it into "new debt" are undocumented, hearsay statements relied upon by Dresser-Rand's expert, Stephanie Rice. In her deposition, she said that her opinion was based on certain telephone calls with OFAC's compliance department in 2014 and 2017. It would be highly prejudicial for Dresser-Rand to introduce this unreliable testimony while refusing to disclose whether it had any communications with OFAC about that very subject.

Dresser-Rand objects to producing the highly-relevant requested documents because, it argues, they are outside the scope of discovery permitted in this case. Dresser-Rand argues that the Court established the outer bounds of discovery in its September 6, 2019 order denying PDVSA's request for certain discovery in connection with its opposition to Dresser-Rand's motion for summary judgment. Dresser's argument ignores that, in the two years since the September 6, 2021 order, the Court found that there were questions of material fact on PDVSA's impossibility defense and, on multiple occasions, has permitted PDVSA to take "reasonable, relevant and proportional" steps to develop facts related to its impossibility defense. (Dkt. Nos. 59, 84, 87, 101.) Thus, the September 6, 2019 order does not preclude PDVSA from seeking this narrow category of highly relevant documents.

## Conclusion

For the foregoing reasons, PDVSA respectfully requests a pre-motion conference concerning its anticipated motion to compel production of "[c]ommunications between Dresser-Rand and OFAC relating to payment under the Dresser Note" or, in the alternative, permission to proceed with making its motion.


Respectfully submitted,

/s/ Matthew A. Ducharme
Matthew A. Ducharme
*Counsel for PDVSA*