**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

September 16, 2021

Re:  Dresser-Rand CO. v. Petroleos de Venezuela, S.A., et al.
     19-cv-2689 (LLS)

Dear Counsels:

Responding to your joint letter of September 15, 2021, the Stipulated Confidentiality and Protective Order entered by this Court on September 26, 2019 has little bearing on the publication of material submitted for trial. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006) ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable.").

Rather, the prevailing rule concerning evidence offered at trial (particularly with respect to closing the courtroom) is that the public possesses a qualified First Amendment right of access to the whole conduct and evidence at trials. See, e.g., N.Y. Civil Liberties Union v. N.Y.C. Transit Auth., 684 F.3d 286, 298 (2d Cir. 2012); Westmoreland v. Columbia Broad. Sys., Inc., 752 F.2d 16, 23 (2d Cir. 1984). Excluding the public

1

requires "'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" N.Y.C.L.U, 684 F.3d at 304 (quoting Press-Enterprise I v. Superior Court of California, 464 U.S. 501, 510 (1984).) Documents and testimony which is submitted to affect a judicial decision "should not remain under seal absent the most compelling reasons." Lugosch, 435 F.3d at 121. Under the "stringent First Amendment framework [], continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

It may be unnecessary to highlight a document by putting it on a screen, but even those merely put into evidence or used in examining a witness who has a copy will be subject to the rule as expressed in Lugosch and routinely followed in our courts.

Yours Sincerely,

*Louis L. Stanton*
LOUIS L. STANTON