

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 17, 2021

**Via ECF**

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-cv-02689-LLS

Dear Judge Stanton:

This firm represents plaintiff Dresser-Rand Company ("D-R") in the above-referenced action. We write in response to defendant Petróleos de Venezuela, S.A.'s ("PDVSA") letter, dated September 16, 2021 (the "Letter"), and to oppose PDVSA's request, on the eve of trial, for a pre-motion conference relating to a discovery dispute that should have been addressed and resolved during discovery.

As PDVSA notes in its letter, PDVSA served a trial subpoena on D-R on September 7, 2021 (the "Subpoena"), just two weeks before the commencement of trial. The subpoena seeks the production of all "[c]ommunications between Dresser-Rand and [the Office of Foreign Asset Control ("OFAC")] relating to payment under the Dresser Note, or relating to the enforcement of a judgment."[1] This request is patently improper and objectionable on several grounds.

*First*, the Subpoena is an apparent attempt to circumvent the limited scope of discovery permitted by the Court in this litigation. On September 6, 2019, Your Honor denied PDVSA's broad request for Rule 26 discovery because such discovery is routinely unavailable under CPLR § 3213, and instead instructed D-R to "make available to defendants copies of all correspondence and documents exchanged between the parties concerning the terms and performance of the loan agreement, including any payments." ECF No. 37 (the "September 6 Order"). The Court's Order was based, in part, on the unusual circumstance that PDVSA claimed not to have access to its own documents in Venezuela. *See id.* at 1. Despite this Court's limits on discovery, by way of the Subpoena, PDVSA now seeks the production of communications between D-R and OFAC, a third-party. Such a request is undeniably outside the scope of the limited discovery contemplated by the September 6 Order.[2] The law in the Second Circuit is clear: a Rule 45 subpoena, like the Subpoena, cannot be used to avoid the confines of discovery under Rules 26 and 34. *See Burns v. Bank of Am.*, No. 03-cv-1685 RMB JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."); *see also Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020) (same); *Lemoine v. Mossberg Corp.*, No. 3:18-CV-01270 (KAD), 2020 WL 3316119, at *1 (D. Conn. June 18, 2020) (same).

---

[1]   PDVSA has since withdrawn its request for communications with OFAC "relating to the enforcement of a judgment."
[2]   While the Court has, in limited instances, expanded the scope of discovery permitted by the September 6 Order, it has also recognized that such an expansion is not warranted in all circumstances, and moreover such exceptions were made before the close of fact discovery.

Hon. Louis L. Stanton  
September 17, 2021
Page 2

*Second*, the Subpoena does not meet any of the hallmarks of a permissible trial subpoena that PDVSA has conceded are applicable here.  For starters, the Subpoena does not seek to address the type of last-minute trial needs that PDVSA concedes Rule 45 trial subpoenas are used for—*e.g.*, securing documents for purposes of memory refreshment, cross-examination, or impeachment, or obtaining originals of documents where copies were produced.  *See* Letter at 2 (citing *Pasternak v. Dow Kim*, No. 10 CIV. 5045 LTS JLC, 2013 WL 1729564, at *1, 3 (S.D.N.Y. Apr. 22, 2013)).[3]  Perhaps more importantly, the Subpoena does not concern documents "that the requesting party was not previously aware of," which PDVSA concedes is relevant to the analysis of whether the subpoena is proper.  *See* Letter at 2.  The issue of whether PDVSA's payment to D-R is compliant with OFAC sanctions, and specifically whether the Note would constitute "new debt," has been front and center in this litigation since at least November 2019.  *See* ECF No. 47 at 11 (PDVSA noting the issue of "new debt" with respect to E.O. 13808).  To be certain, the issue was discussed at length during the course of expert discovery, all of which was concluded by December 2020.[4]  Thus, the issue of "new debt," and the documents PDVSA now seeks, is something PDVSA has known about for close to ***two years***.[5]  Yet, PDVSA has waited until two weeks before trial to seek these documents.

*Third*, PDVSA's request for additional discovery from D-R is untimely.  The fact discovery deadline in this matter was October 9, 2020, and the Court granted a limited extension to that deadline for purposes of the Novo Bank discovery sought by PDVSA, and not for any other purpose.  *See* ECF No. 101.  PDVSA is now—on the eve of trial—impermissibly using the Subpoena to attempt to re-open discovery in this matter.  Courts in the Second Circuit, however, routinely quash Rule 45 subpoenas on the basis that they were served outside the timeframe of permissible discovery.  *See, e.g.*, *McKay v. Triborough Bridge & Tunnel Auth.*, 2007 U.S. Dist. LEXIS 81722, at *5 (S.D.N.Y. Nov. 2, 2007) ("[S]ervice of a Rule 45 trial subpoena after the close of discovery is improper."); *Ellis v. City of N.Y.*, 243 F.R.D. 109, 112 (S.D.N.Y. 2007) (granting motion to quash subpoena where "the appropriate remedy would have been to file a motion to compel, and not issue a subpoena after the close of discovery" and "the lack of diligence in failing to either follow up on the request or move to compel makes the current request untimely"); *Revander v. Denman*, 2004 U.S. Dist. LEXIS 628, at *3 (S.D.N.Y. Jan. 20, 2004) (holding that "when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied").  The same reasoning applies here.

*Fourth*, contrary to PDVSA's suggestion, the Subpoena will impose not only an undue burden on D-R ***five days from the date of trial***, but it will also prejudice D-R.  Regardless of the scope of documents that may ultimately be responsive to the Subpoena, D-R will have to undertake a comprehensive review of its emails and records dating back to 2017 in order to comply with the Subpoena.  Indeed, D-R will have to review a significant amount of emails across dozens of email accounts, including those of other Siemens-related entities that may or may not have been involved in discussions with OFAC.  By way of

---

[3]  In fact, the *Joseph P. Carroll Ltd. v. Baker*, No. 09 CIV. 3174 SHS, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012) case that PDVSA heavily relies on in its Letter confirms the limited scope and purposes of trial subpoenas.  There, the purpose of the Rule 45 trial subpoena was to seek the production of two transcripts of depositions taken in related cases, which transcripts were to be used for impeachment purposes.  *See id.* at *2.  The subpoena in *Baker* was not used to reopen discovery and seek an entirely new subset of documents, as PDVSA is seeking to here.

[4]  PDVSA attempts to argue that it would be prejudiced if D-R is permitted to introduce evidence regarding D-R's expert's discussions with OFAC's compliance department on behalf of other clients, but D-R is not required to produce communications with OFAC about the subject.  But, whether or not the Court finds Ms. Rice's testimony regarding her discussions with OFAC to be reliable and admissible has no bearing on the documents PDVSA now seeks.

[5] This is yet another distinguishing fact from *Baker*.  In *Baker*, the party issuing the subpoena for the production of deposition transcripts did not know about the depositions until only a few weeks before he served the subpoena.  *Baker*, 2012 WL 1232957, at *2.



example, during the relevant timeframe, the Siemens treasury department that was servicing D-R was part of Siemens Capital, a separate entity. The exercise of collecting and reviewing emails from individuals at Siemens Capital will require a significant amount of time and resources at a time when D-R and its counsel are preparing for trial. Moreover, D-R will certainly be prejudiced by having to comply with this last minute request for documents, as its long-awaited trial date is now four days away and will undoubtedly be delayed by this discovery and/or any follow on issues it may raise.

Accordingly, D-R respectfully requests that the Court deny PDVSA's request for a pre-motion conference relating to the Subpoena, and, in turn, quash the Subpoena. We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Jordan W. Siev*

Jordan W. Siev

cc:   All Counsel of Record (*via ECF*)