

**Driving progress through partnership**

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 5, 2022

**Via ECF**

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Dresser-Rand Co. v. Petróleos de Venezuela, S.A., et al*, No. 19-cv-02689-LLS

Dear Judge Stanton:

This firm represents plaintiff Dresser-Rand Company ("D-R") in the above-referenced action. We write pursuant to Rule 2.A. of Your Honor's Individual Practices to request a pre-motion conference in connection with D-R's forthcoming motion for authorization to register its judgment against Defendant Petróleos de Venezuela, S.A. ("PDVSA") in the District of Delaware pursuant to 28 U.S.C. § 1963. We have conferred with counsel for PDVSA, who has stated that PDVSA will not oppose D-R's motion.

Following the bench trial before the Court in September 2021, on December 9, 2021, the Court entered judgment in favor of D-R against PDVSA in the amount of $166,082,240.21, plus post-judgment interest at a rate of 8.5% per annum (the "Judgment"). On January 7, 2022, PDVSA filed a notice of appeal (the "Appeal") from the Judgment. PDVSA filed its appellate brief on April 22, 2022, and D-R filed its appellate brief on July 21, 2022.

Pursuant to 28 U.S.C. § 1963, a judgment holder is permitted to register its judgment in another district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. In light of PDVSA's pending Appeal, permission from the Court is required before D-R can register the Judgment without waiting for the resolution of the Appeal. For the reasons set forth below, it is respectfully submitted that good cause exists to permit D-R to register the Judgment in the District of Delaware now, notwithstanding the pending Appeal. *See Coudert v. Hokin*, 2018 U.S. Dist. LEXIS 128323, at *4 (S.D.N.Y. July 30, 2018) ("A district court has jurisdiction to consider a motion to certify pursuant to Section 1963, irrespective of a pending appeal."); *see also Broker Genius Inc. v. Seat Scouts LLC*, No. 17-Cv-8627 (SHS), 2020 U.S. Dist. LEXIS 14133, at *3 (S.D.N.Y. Jan. 28, 2020) (granting motion under 28 U.S.C. § 1963 notwithstanding defendants' appeal where defendants "have neither posted a bond nor sought a stay").

"Good cause" under 28 U.S.C. § 1963 "is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment." *Latin Am. Music Co. v. Spanish Broad. Sys.*, 2021 U.S. Dist. LEXIS 88703, at *2 (S.D.N.Y. May 7, 2021); *accord Petersen-Dean, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2020 U.S. Dist. LEXIS 73506, at *3 (S.D.N.Y. Apr. 24, 2020) (collecting

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

cases). "In determining whether good cause has been shown, [a] court may rely on affidavits and other documentary evidence, and, as such, a judgment creditor need not provide exact evidence of the debtor's assets." *Petersen-Dean,* 2020 U.S. Dist. LEXIS 73506, at *3 (quotations omitted).

As set forth in my accompanying declaration (the "Siev Decl."), this firm, on behalf of D-R, has investigated PDVSA's assets and is unaware of any assets owned by PDVSA located within this District or within New York generally. *See* Siev Decl. ¶¶ 2–4. D-R served both PDVSA and defendant and judgment debtor PDVSA Petróleo, S.A. ("Petróleo") with post-judgment subpoenas (the "Subpoenas") pursuant to Fed. R. Civ. P. Rule 69 for the purpose of understanding, *inter alia*, the extent and location of PDVSA's and Petróleo's assets. *See id.* Neither PDVSA nor Petróleo identified any assets located in New York in response to the Subpoenas. *See id.* ¶ 3. In fact, PDVSA identified only one asset as under its control—its shares of PDV Holding, Inc. ("PDVH"), a Delaware Corporation, which PDVSA averred were, "under any current valuation, worth multiple billions of dollars" based on PDVH's ownership of 100% of CITGO Holding, Inc. *See id.* ¶ 4.

Moreover, based on our review of public court filings in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151 (D. Del.) ("Crystallex") and *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A.*, Nos. 22-mc-00068 and 22-mc-00069 (D. Del.) ("Red Tree"), we are aware that the creditors in Crystallex and Red Tree have each sought to attach PDVSA's assets in Delaware—but have not, to our knowledge, attempted to do so in this District. *See* Siev Decl. ¶ 6. The creditors in Crystallex and Red Tree were successful in obtaining authorization from the courts that issued their respective judgments to register their judgments in the District of Delaware notwithstanding pending appeals in those cases. *See id.*; Exs. A, B. Indeed, in the Crystallex case, the United States submitted a statement of interest in which it referred to the CITGO shares as "the crown jewel of PdVSA" and stated that PDVSA has "no comparable asset." Crystallex, at ECF No. 212, at 4, 12. Thus, the record developed in actions involving PDVSA's other creditors supports the conclusion that PDVSA lacks sufficient assets in this District to satisfy the Judgment.

There is significant risk that D-R will be prejudiced if it were to wait until resolution of the Appeal before registering the Judgment. As noted, other judgment creditors of PDVSA are actively pursuing enforcement of PDVSA's assets in the District of Delaware. Any delay in recognition and enforcement of the Judgment would thus impact the likelihood of D-R recovering on the Judgment.

For all of these reasons, D-R submits that good cause exists for the Court to permit D-R to register the Judgment in the District of Delaware. In light of PDVSA's decision not to oppose D-R's motion, and in the interest of efficiency and judicial economy, D-R respectfully requests that the Court decide D-R's motion based on this letter and accompanying declaration, and enter an order permitting D-R to register the Judgment in the District of Delaware. Should the Court require a pre-motion conference, D-R will of course participate in one at the Court's earliest convenience. We thank the Court for its attention to this matter.

ReedSmith

Hon. Louis L. Stanton
August 5, 2022
Page 3

Respectfully submitted,

*/s/ Jordan W. Siev*

Jordan W. Siev

cc:    All Counsel of Record (*via ECF*)